\\

**ANDREW C. BAILEY**
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

FILED
2009 DEC 23 PM 1:34
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW C. BAILEY**<br>Plaintiff<br><br>vs<br><br>THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK<br><br>CWALT, INC. ALTERNATIVE LOAN TRUST 2007- HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 (CWALT)<br><br>BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS (BAC)<br><br>COUNTRYWIDE HOME LOANS<br><br>THE MORTGAGE ELECTRONIC REGISTRATION SERVICE (MERS)<br><br>JOHN DOES "1001-2000"<br>Defendants | Chapter 11<br><br>**Case #: 2:09-bk-06979-PHX-RTBP**<br><br>2:09-ap-1728<br><br>**COMPLAINT FOR DISCOVERY, EVIDENTIARY HEARING, ENFORCEMENT OF QUALIFIED WRITTEN REQUEST AND TEMPORARY RESTRAINING ORDER** |

Plaintiff sues Defendants to compel discovery, to answer the Qualified Written Request and Debt Validation Letter pursuant to the Real Estate Settlement Procedures Act (RESPA), and to stay any foreclosure or other action until the resolution of this complaint, and states:

## I. Jurisdiction, Venue and Statutory Predicate

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The primary statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), and Federal Rule of Bankruptcy Procedure 7001(9) to obtain a declaratory judgment relating to the foregoing. Other Rules may apply.

## II. Parties Known and Unknown

3. There appear to be multiple known and unknown stakeholders with potential claims relating to the subject Property and mortgage "loan". Plaintiff seeks discovery as to exactly who these stakeholders and other parties are, what their respective rights are under the law, and how much, if anything, he owes them.

4. Plaintiff is a resident of the State of Arizona living in and otherwise using and occupying his home located at 2560 North Page Springs Rd, Cornville, AZ 86325 (hereafter the "Property")

5. Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK is and was, at all times material hereto, a corporation doing business in the

State of Arizona and functioning as alleged trustee for another corporation or entity identified as CERTIFICATEHOLDERS, CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4.

6. Defendant CERTIFICATEHOLDERS, CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 (CWALT) is a corporate or other entity unknown to the Plaintiff. The current status and standing of Defendant CWALT in the instant case is unknown to Plaintiff.

7. Defendant BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS (BAC) is and was, at all times material hereto, the alleged "originator" and "servicer" of the subject "loan". The current status and standing of Defendant BAC in the instant case is unknown to Plaintiff.

8. Defendant COUNTRYWIDE HOME LOANS (COUNTRYWIDE) is and was, at all times material hereto, the alleged "originator" and "servicer" of the subject "loan". The current status and standing of Defendant COUNTRYWIDE in the instant case is unknown to Plaintiff.

9. Defendant THE MORTGAGE ELECTRONIC REGISTRATION SERVICE (MERS) is a corporation organized in the State of Delaware doing business in the State of Arizona. MERS, a mortgage recording service, is the current beneficiary under the deed of trust,

according to the records of Yavapai County, Arizona. The current status and standing of Defendant MERS in the instant case is unknown to Plaintiff.

10. Defendants JOHN DOES "1001-2000" are undisclosed, unnamed and unknown investors, participants, corporate or other entities, conduits, trustees, servicers, custodians and others in a commonly-applied mortgage securitization scheme that may or may not have included the subject "loan" and who may or may not be investors or certificateholders in Defendant CWALT, an entity selling a mortgage-backed investment vehicle or vehicles which may or may not be secured in whole or in part by the subject "loan".

### III. Background Material Facts and Grounds for Complaint

11. On April 8th, 2009 three of Plaintiff's unsecured creditors filed an involuntary petition against the Plaintiff for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

12. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting Plaintiff's motion to convert to Chapter 11 thereby commencing the above-captioned case.

13. Plaintiff is operating his businesses and managing his properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14. Plaintiff has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

15. The United States Trustee's office conducted the initial creditors' meeting pursuant to 11 U.S.C. § 341 on September 4, 2009.

16. Plaintiff has initiated forensic reviews of his alleged mortgage-related obligations with the goal of determining who his creditors are, and how much is owed to them.

17. Additionally Plaintiff has served, pursuant to the Real Estate Settlement Procedures Act, a Qualified Written Request and Debt Validation Letter on the Defendants through their attorneys of record, where known, in a diligent attempt to clarify the above issues. No timely response to the subject request has been received as of the date of the Complaint. A Certificate of Non-Response and a Certificate of Dishonor is being filed with the appropriate authorities.

18. Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK has instituted a foreclosure proceeding to foreclose on a mortgage as to the Property which mortgage was originally issued in the name of Defendant COUNTRYWIDE. COUNTRYWIDE was also the originating "lender" on the Note. The subject action seeks to foreclose on the same Property which is the subject of the mortgage and foreclosure action originally issued by Defendant COUNTRYWIDE herein and is simultaneously the same Property which is the subject of a Proof of Claim filed by Defendant BAC HOME LOANS SERVICING LP herein.

19. Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK has apparently taken the position that either Defendant COUNTRYWIDE or Defendant

BAC or Defendant MERS or all three previously assigned the mortgage originally issued by Defendant COUNTRYWIDE and re-conveyed to MERS as to the Property to Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK.

20. No such Assignment or re-assignment has been produced to the Plaintiff or to the Court, and Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK has failed to prove that it is the holder of all rights under the Note, which would permit the legal holder thereof to declare a default which would trigger a foreclosure.

21. Further, Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, as alleged Trustee for unnamed 'Certificateholders' of a series of mortgage-backed securities, has failed to demonstrate that it, and not the Certificateholders, is the party with the true ownership interest in the Mortgage the subject of this action, or that the Certificateholders have acceded or legally assigned their rights to and under the subject Mortgage to Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, specifically the right to seek a foreclosure.

22. As such, Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK has not demonstrated that it has suffered an actual or threatened injury as a consequence of any default, which distinct and palpable injury is legally required under applicable Federal and State law in order for Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK to satisfy the legal prerequisite to prove that it has a sufficient personal stake in and legal standing to institute the foreclosure on the Property.

23. As a severance of the ownership and possession of the original Note and Mortgage has apparently occurred and as the true owner and holder of both the original Note and Mortgage are unknown as a result of one or more alleged assignments and the parsed sale of certain rights under the Note in part to at least one third party (Defendant MERS), Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK is legally precluded from foreclosing on the Property unless and until it can demonstrate full legal standing to do so.

24. As set forth above, Defendants BAC and COUNTRYWIDE are only the alleged "servicers" of the Note, and as such cannot institute or maintain a foreclosure proceeding.

25. As set forth above, Defendant MERS is only the "recorder" of the Note, and as such cannot institute or maintain a foreclosure proceeding.

26. This Complaint is being timely filed in accordance with applicable law to challenge the foreclosure prior to any Trustee Sale or the issuance of any Certificate of Title following sale.

**IV. RELIEF SOUGHT**

Plaintiff reaffirms and realleges paragraphs 1 through 26 hereinabove as if set forth more fully hereinbelow.

27. Plaintiff requests a hearing based on the rules of evidence and founded on common discovery and enforcement in obtaining relevant information about his loan.

12/24/2009

28. Plaintiff requests discovery pursuant to Bankruptcy Rules 7026 thru7037 and FRCP 26 thru 37 including but not limited to enforcement of the RESPA QWR and DVL to test the merits of Defendant THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK's allegation that they have the right to enforce the note.

29. Plaintiff seeks a complete accounting from those individuals, entities or parties involved in the origination, servicing, and securitization of his loan, so that he can discover what undisclosed fees were paid under TILA and RESPA, and the true identities of the people involved in Plaintiff's table-funded loan.

30. Plaintiff seeks the disclosure of the identity(ies) of the true lender(s) who actually funded the subject loan, and the production of documents and names, addresses and phone numbers of people who can testify under oath at the evidentiary hearing.

31. Plaintiff requests the opportunity to admit evidence, including but not limited to the results of a forensic analysis of the subject loan and documents on record at the County Recorder's office.

32. Plaintiff requests the opportunity to present expert witness Neil F. Garfield, MBA, JD or other expert witness at the evidentiary hearing.

33. Plaintiff requests that the Court give serious consideration to Dr. Garfield's expert opinions and testimony as they may apply to Plaintiff's situation and to the situation of millions of other homeowners facing foreclosure.

34. Plaintiff requests a declaratory judgment relating to the foregoing.

35. Finally, Plaintiff requests that the court impose a temporary restraining order enjoining Defendants from taking any further foreclosure or other action before the resolution of the foregoing, thereby maintaining the status quo until discovery has been conducted

WHEREFORE, Plaintiff respectfully requests that the Court order and grant (a) an evidentiary hearing on the merits, and (b) discovery and enforcement in obtaining all relevant information, and (c) enforcement of the disclosure requirements of the Real Estate Settlement Procedures Act, and (d) the production of documents, and (f) the opportunity to bring an expert witness or witnesses before the court, and (g) a declaratory judgment relating to the foregoing, and (f) a temporary restraining order as set forth above, and (e) such other and further relief as may be just and proper.

Dated December 22, 2009

_____
Andrew C. Bailey, Plaintiff

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 09-1729 |
|---|---|
| **PLAINTIFFS** <br> ANDREW C. BAILEY | **DEFENDANTS** <br> BANK OF NEW YORK MELLON, CWALT INC <br> BAC HOME LOANS SERVICING LP <br> COUNTRYWIDE, MERS <br> JOHN DOES "1001-2000" ET AL |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> None - Pro Se | **ATTORNEYS** (If Known) <br> GUST ROSENFELD, 1 SOUTH CHURCH AVE #1900 <br> TUCSON AZ 85701-1620 |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Discovery, evidentiary hearing, enforcement of RESPA, Temporary restraining order. FRBP 7001(2), 7001(9), 7026-7037, FRCP 26-37. 12 USC 2605(e) 15 USC 1601 |

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) - Recovery of Money/Property
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

FRBP 7001(2) - Validity, Priority or Extent of Lien
[1] 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) - Approval of Sale of Property
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) - Objection/Revocation of Discharge
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) - Revocation of Confirmation
☐ 51-Revocation of confirmation

FRBP 7001(6) - Dischargeability
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

FRBP 7001(6) - Dischargeability (continued)
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

FRBP 7001(7) - Injunctive Relief
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

FRBP 7001(8) Subordination of Claim or Interest
☐ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment
[2] 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action
☐ 01-Determination of removed claim or cause

Other
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint Demand $

Other Relief Sought 1. Enforcement of RESPA and TILA. 2. Temporary Restraining Order.

RECEIVED 2009 DEC 23 PM 1:35 CLERK U.S. BANKRUPTCY DISTRICT OF ARIZONA

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR ANDREW C. BAILEY ||| BANKRUPTCY CASE NO. 2:09-bk-06979-PHX-RJB ||
| DISTRICT IN WHICH CASE IS PENDING ARIZONA || DIVISIONAL OFFICE PHX | NAME OF JUDGE BAUM ||
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. ||
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE ||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature: Andrew]* |||||
| DATE 12/22/2009 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) ANDREW C. BAILEY |

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by an attorney, the attorney must sign. If the plaintiff is not represented by an attorney, the plaintiff must sign.