15

AMEnded 1/22/10

**FILED**
JAN 2 2 2010
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Debtor in Pro Per*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

ANDREW C. BAILEY
Debtor/Plaintiff

Vs

BANK OF NEW YORK MELLON, f/k/a
BANK OF NEW YORK
Movant/Defendant

Chapter 11
**Case #: 2:09-bk-06979-PHX-RTBP**
(Associated Case # 2:09-ap-01728-RTBP)

**DEBTOR'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

(Related to Docket #82)
Subject Property:
2560 N Page Springs Rd
Cornville, AZ 86325

## DEBTOR'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure, Debtor requests Movant/Defendant BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK to answer the following Interrogatories and produce documents in accordance with the following Request for Production of Documents.

## DEFINITIONS

1. BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK includes any and all persons and entities presently or formerly acting for or in concert with BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK.

2. BAC HOME LOANS SERVICING LP includes any and all persons and entities presently or formerly acting for or in concert with BAC HOME LOANS SERVICING LP, COUNTRYWIDE HOME LOANS, COUNTRYWIDE BANK, or BANK OF AMERICA.

3. "Document" includes each record held in BANK OF NEW YORK MELLON, f/k/aBANK OF NEW YORK's possession or generated by BANK OF NEW YORK MELLON, f/k/aBANK OF NEW YORK.

4. The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-

mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

5. The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

6. As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

7. The words "you," "your", "defendants" or "movants" refer to defendants, defendant-intervenors, movants, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Movants.

8. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

9. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

10. The word "each" shall be construed to include "every" and vice versa.

11. The word "any" shall be construed to include "all" and vice versa.

12. The present tense shall be construed to include the past tense and vice versa.

13. The masculine shall be construed to include the feminine and vice versa.

14. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

15. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

16. The phrase "reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

17. The words "to present" mean to the date on which you respond to these interrogatories and requests.

**INSTRUCTIONS**

1. Unless otherwise specified, if your response in regard to a portion of the time period addressed in any interrogatory differs from your response in regard to another portion of such period, provide a response for each such portion and indicate the period of time to which each response relates.

2. Deem any reference to a non-natural person to include the legal predecessors of such non-natural person.

3. When an interrogatory asks you to "describe" or "identify" a document, provide the following information with respect to each such document:

a. The date appearing on such document; or if it has no date, so state and give the date or approximate date such document was prepared, produced, created, or came into being;

b. Any identifying or descriptive code number, file number, title or label of such document;

c. The general nature or description of such document;

d. The name of the person(s) who signed, authored, produced or created such document;

e. The name of the person(s) who prepared such document if different from the name provided pursuant to subpart (d) of this instruction;

f. The name of the person(s) to whom such document was addressed and the name of each such person other than the addressee to whom such document, or copy or reproduction

thereof, was given or sent;

g. The name of the person or entity having present possession, custody and/or control of such document;

h. The present location of such document;

i. If such document was, but is no longer in your possession or control, state what disposition was made of such document, the reason for such disposition, and the date thereof.

j. Whether or not any draft, copy, or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subparts (a) through (i).

4. The above information shall be given in sufficient detail to enable any person or party to whom a subpoena or request for production is directed to identify the documents sought to be produced and to enable counsel to determine whether such document, when produced, is in fact the document so described and identified.

5. Notwithstanding any other instruction in this First Set of Interrogatories that is or may be to the contrary, if a document has already been produced by you to the Debtor/Plaintiff, such document may be identified by specifying the Bates numbers for all pages of such document.

6. A request that you identify a document is not limited to documents within your possession, and such requests shall extend to all documents under your control.

7. When an interrogatory asks you to "identify" a person, the answer shall contain the following information with respect to each such person:

a. The full name, current or last known business and residence addresses, and business and residence phone numbers of such person;

b. The name and address of the agency, employer or entity at which such person worked and/or to which such person reported;

c. The title(s) and related periods of service for such person with each such agency, employer or entity.

8. When an interrogatory calls for the "description" or "identity" of any "document" you contend to be subject to a privilege against disclosure in response to these interrogatories, provide with respect to each such document or communication the following:

a. The nature of the document you contend is privileged (*e.g.*, letter, memorandum, chart, picture, report, etc.);

b. The number of pages comprising the document and a description of any identifying marks or designations (*e.g.* Bates numbers) if any, on the document;

c. The date of the document which you contend is privileged;

d. The name(s) of the author(s) and of any recipient(s) of the document;

e. The name and address of any person who is not included in your response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document that you contend to be privileged; and

f. The nature of the privilege asserted.

9. In answering each of these interrogatories, furnish all information available to you that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including but not limited to your employees, agents, officers, or representatives. If you are unable to answer these interrogatories in full after exercising due diligence to supply a complete answer, so state and answer to the extent possible. Specify the reasons for your inability to answer and state whatever information or knowledge you have concerning the unanswered portions.

10. For each interrogatory or part of an interrogatory that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your refusal.

11. These interrogatories are deemed to be continuing; as such, you are requested to file and serve by way of supplemental answers thereto such additional information as may be required to complete your answers to these interrogatories.

## INTERROGATORIES

Where applicable, with respect to your answer to each of these interrogatories, please:

A. identify each person on whose testimony you will or may rely in support of your answer;

B. identify each document on which you will or may rely in support of your answer.

1. State the name, job title and business address of each person providing information in response to these discovery requests:

2. State the type of business organization BANK OF NEW YORK MELLON, f/k/aBANK OF NEW YORK is, and name each State of the Union in which BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK is chartered or registered:

3. State the name, job title, and business address of each person who has first-hand personal knowledge of the time and circumstances under which the promissory note obligating Andrew C. Bailey and/or alienable in this instant case was created, sold, transferred and/or assigned for value:

4. State the name and contact information of the creditor in the instant case.
   (NOTE: The creditor is the person who actually provided the money for the Debtor's loan in expectation of payment, and who stands to lose money in the event of default.)

5. State the names and contact information of all persons or entities, in order of assignment, who at any time were constructive holders or holders in due course of the promissory note obligating Andrew C. Bailey and/or alienable in this instant case:

6. State the name and contact information of the current beneficiary under the promissory note obligating Andrew C. Bailey and/or alienable in this instant case:

7. If the name of the current beneficiary under the promissory note obligating Andrew C. Bailey and/or alienable in this instant case in Item (6) above is different from your name BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK explain why:

8. BAC HOME LOANS SERVICING LP has filed with the Bankruptcy Court a Proof of Claim with respect to the subject promissory note. Explain the nature of BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK's relationship with BAC HOME LOANS SERVICING LP in this instant case. If none, state "none".

9. Explain why the alleged copy of the promissory note submitted as Exhibit "A" attached to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK's Motion for Lift from Stay includes no allonge or endorsement showing any assignment of the note to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK:

10. If BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK did not keep or cannot produce a copy of an allonge or other paper showing assignment to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK of the promissory note obligating Andrew C. Bailey and/or alienable in this instant case, explain why:

11. Identify the name, address and telephone number of each person or entity likely to have discoverable information relevant to the foregoing or that you may use to support your action.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Debtor/Plaintiff hereby requests that Movant/Defendant BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK produce the following documents for inspection and copying within 30 days of service of this request, or any earlier date on which the parties agree, subject to the foregoing Definitions and Instructions set forth above, at the offices of the Yavapai County Recorder, 6th Street, Cottonwood, AZ or at another location agreeable to the parties hereto.

1. Produce the <u>original</u> promissory note signed by Andrew C. Bailey and/or alienable in this instant case. If none, state "none."

2. Produce all documents identified by you in response to each interrogatory set forth above. If none, state "none".

3. Produce all documents associated with BAC HOME LOANS SERVICING LP's authorization of BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK's right to enforce the promissory note obligating Andrew C. Bailey and/or alienable in this instant case. If none, state "none".

4. Produce a copy of the allonge or endorsement attached to the promissory note obligating Andrew C. Bailey and/or alienable in this instant case showing an assignment of the promissory note from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK. If none, state "none."

5. Produce any and all Pooling and Servicing Agreement or other contractual agreement or

6. Produce the account and general ledger statement of each transaction BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK alleges Andrew C. Bailey has made with BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK with respect to the promissory note alienable in this instant case, showing all receipts and disbursements. If none, state "none".

7. Produce all bills of sale and allonges and agreements illustrating where the promissory note alienable in this instant case was sold or assigned for value, from inception to the present. If none, state "none".

8. Produce all insurance claim information and credit default claim or settlement or payment records relative to any alleged default under the promissory note alienable in this instant case. If none, state "none".

9. Produce all information pertaining to Federal TARP or other bailout settlements or payments relative to any alleged default under the promissory note alienable in this instant case. If none, state "none".

10. Produce all contracts, agreements, and/or memos illustrating that law firm Gust Rosenfeld, PLC has authority to represent BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK in this instant case. If none, state "none".

11. Produce all assignments, contracts, agreements, and/or memos identifying both the creditor and the current beneficiary in this instant case. If none, state "none".

12. Produce all contracts, agreements, and/or memos illustrating that BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK or its attorney law firm Gust Rosenfeld, PLC has authority to represent the creditor and/or the current beneficiary in this instant case. If none, state "none".

13. Produce all contracts, agreements, and/or memos illustrating that BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK has authority to represent CWALT, Inc., Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest in this instant case. If none, state "none".

14. Produce all contracts, agreements, and/or memos illustrating that BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK has authority to represent the bondholders or certificateholders of CWALT, Inc., Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest in this instant case. If none, state "none".

15. Produce all documents or data compilations that are in your possession, custody or control that you may use in support of your action.

Respectfully submitted this 19th day of January, 2010

(Previously submitted in the administrative case on the 11th day of January, 2010)

Signed _____

Andrew C. Bailey, *Plaintiff and Debtor in Pro Per*

## CERTIFICATE OF SERVICE

I, Andrew C. Bailey, certify that on the 11th day of January, 2010, a true and correct copy of Debtor's First Set of Interrogatories and First Request for Production of Documents was served upon the attorney for Movant by both certified mail and facsimile transmission to:

Gerard R. O'Meara, Esq.,

Bar # 002434

Gust Rosenfeld, PLC

1 South Church Avenue, Suite 1900

Tucson, AZ 85701-1620

(Attorney for BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK)

Signed this 11th day of January, 2010.

_____
Andrew C. Bailey, *Debtor in Pro Per*