Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
         kyle.hirsch@bryancave.com

Counsel for Defendants

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>        Debtor | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| ANDREW C. BAILEY,<br><br>        Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK; CWALT INC. ALTERNATIVE LOAN TRUST; BAC HOME LOANS SERVICING LP, f/k/a COUNTRYWIDE HOMES LOANS; COUNTRYWIDE HOME LOANS; THE MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br><br>        Defendants. | Adv. Proceeding No. 2:09-ap- 01728-RTBP<br><br>**DEFENDANTS' MOTION TO DISMISS OR, WITH RESPECT TO CERTAIN CAUSES OF ACTION AND RELIEF SOUGHT, FOR A MORE DEFINITE STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and (e), as incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, defendants

662858.1 [0307032]
Case 2:09-ap-01728-SSC   Doc 18   Filed 02/22/10   Entered 02/22/10 16:38:27   Desc
Main Document     Page 1 of 7

BAC Home Loans Servicing, LP ("BAC"); The Bank of New York Mellon ("BONY"), in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4; Countrywide Home Loans Servicing, LP (erroneously named as Countrywide Home Loans) ("CHL"), and Mortgage Electronic Registration Service (erroneously named as The Mortgage Electronic Registration Service) ("MERS") (collectively, "Defendants") hereby move to dismiss this action commenced by the plaintiff, Chapter 11 debtor Andrew C. Bailey ("Plaintiff") or, in the alternative, to order Plaintiff to provide a more definite statement. This Motion is supported by the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

The plaintiff, chapter 11 debtor Andrew C. Bailey ("Plaintiff"), has defaulted on his obligations under an adjustable rate loan made around March 2007 in the original principal amount of $425,000. After Defendants sought permission from the Court to proceed with foreclosing on the property securing Plaintiff's obligations under the loan, Plaintiff (who is appearing in *pro se*) commenced this adversary proceeding. However, the Plaintiff's amended complaint fails to allege sufficient facts or valid causes of action upon which relief can be granted. To the extent Plaintiff has plead sufficient facts to warrant relief of some kind, Defendant seeks an order requiring Plaintiff to provide a more definite statement of the precise cause(s) of action asserted and relief requested to enable Defendants to appropriately defend.

**I.     FACTUAL AND PROCEDURAL BACKGROUND.**

Because a motion to dismiss is directed solely to the facts asserted in the Complaint, Defendants recite only facts alleged by the Plaintiff in the Complaint.[1]

---

[1] The Defendants dispute facts asserted in the Plaintiff's Amended Complaint ("Complaint"), but for purposes of this Motion only, Defendants assume the truth of any properly pleaded factual allegations (but not conclusory allegations or conclusions of law disguised as allegations).

The Plaintiff is the debtor in bankruptcy under proceedings that commenced on or about April 8, 2009 as involuntary Chapter 7 proceedings and were converted by order dated May 28, 2009 to Chapter 11 proceedings. [Complaint, ¶¶ 12-13]

Plaintiff entered into that certain transaction described by Plaintiff as a "mortgage loan transaction," consisting of, among other things, an Interest Only ADJUSTABLE RATE NOTE in the original principal amount of $425,000 dated March 27, 2009 executed by the Plaintiff ("Note") and a DEED OF TRUST securing the performance and payment obligations of Plaintiff under the Note ("Deed of Trust"). [Complaint, ¶ 17 & Exhibit A[2]]

On or about September 21, 2009, Plaintiff alleges that he served on certain of the Defendants or their counsel a Qualified Written Request under federal law, to which Defendants have not responded. [Complaint, ¶ 19]

Plaintiff apparently challenges the validity of, and the Defendants' right to enforce rights under, the Note and the Deed of Trust. [Complaint, ¶¶ 22-30]

By and through this adversary proceeding, Plaintiff seeks the following:
1. "an evidentiary hearing on the merits;"
2. "discovery and enforcement in obtaining all relevant information;"
3. "enforcement of the disclosure requirements and default clauses of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act;"
4. "the production of documents;"
5. "the opportunity to bring an expert witness or witnesses before the court;"
6. "declaratory judgment relating to the foregoing;"
7. "a temporary restraining order ['enjoining Defendants from taking any further foreclosure or other action before the resolution of the foregoing'];" and
8. "such other and further relief as may be just and proper."

[Complaint, at 10]

---

[2] In considering a motion to dismiss, the Court may consider documents presented as part of the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

## II. THE APPLICABLE LEGAL STANDARD.

### A. Standard For Dismissal.

A complaint should be dismissed under Rule 12(b)(6) if it fails to state a "plausible claim for relief." *See Aschcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quotations and citation omitted). This plausibility standard tests the sufficiency of the "short and plain statement of the claim showing that the pleader is entitled to relief" required under Federal Rule of Civil Procedure 8 ("Rule 8"). *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.[3]

Two principles underlie the minimal pleading requirements. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and need not be accepted as true. *Id.* at 1949-50.

After the Court eliminates the conclusory allegations, the remaining allegations of the complaint must state a facially plausible claim for relief. *Id.* at 1950.

### B. Standard For A More Definite Statement.

When a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," a more definite statement of a pleading is warranted. See Fed. R. Civ. P. 12(e) (incorporated herein by and through Fed. R. Bankr. P. 7012(b)).

---

[3] Under outdated standards, a complaint previously could withstand a motion to dismiss under Rule 12(b)(6) unless it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *E.g.*, *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Recently, however, the Supreme Court announced that the "no set of facts" test had "earned its retirement," and adopted a revised standard for claims to survive a motion to dismiss under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

**III. ARGUMENT.**

**A. Certain Relief Sought By Plaintiff Is Unsupported By A Viable Cause Of Action.**

Several forms of relief that Plaintiff seeks by and through this adversary proceeding are unsupported by a claim authorizing such relief. Accordingly, such requests for relief must be dismissed.

Plaintiff seeks "an evidentiary hearing" and "the opportunity to bring an expert witness or witnesses before the court." Such relief is redundant in the context of an adversary proceeding, which contemplates that, to the extent a justiciable controversy exists, the Court will conduct a trial. Defendants are entitled to request that the Court dispose of this adversary proceeding in summary fashion, whether by a motion to dismiss or for judgment on the pleadings as provided under Federal Rule of Bankruptcy Procedure 7012 or a motion for summary judgment under Federal Rule of Bankruptcy Procedure 7056. Authorizing the Plaintiff to proceed to an evidentiary hearing and to present witnesses (expert or otherwise) simply because a request for such relief is set forth in the Complaint is inconsistent with the applicable rules of civil procedure.

Plaintiff seeks "discovery and enforcement in obtaining information" and "the production of documents." Such request for relief is premature, given that the discovery process in this adversary proceeding is in its infancy stages. Moreover, Federal Rule of Bankruptcy Procedure 7037 specifically provides that a party may compel compliance with discovery by motion. Accordingly, Plaintiff's requests for relief in his Amended Complaint seeking compliance with discovery obligations is unwarranted and ripe for dismissal.

**B. Plaintiff Cannot Meet His Obligations For Issuance Of A Temporary Injunction.**

A temporary restraining order is typically the precursor to a preliminary injunction, which requires that the Plaintiff establish:

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardship tips sharply in his favor.

*In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007) (quoting *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)) (emphasis in original). Plaintiff's failure to sufficiently plead facts or causes of action justifying relief in this adversary prevents the Court from appropriately considering any request for injunctive relief. The allegations contained in the Complaint do not allow the Court to assess whether Plaintiff is likely to succeed on the merits; whether he will suffer any injury, let alone immediate, irreparable injury; what hardships are to be balanced; or whether any matters of public interest are to be considered. Moreover, the Plaintiff's Complaint is technically deficient, in that Plaintiff has failed to present specific facts in an affidavit of a verified complaint to clearly show that immediate and irreparable injury, loss or damage will result as required under Federal Rule of Bankruptcy Procedure 7065. Therefore, dismissal of Plaintiff's request for injunctive relief is appropriate.

**C.** **Plaintiff Has Failed To Specify The Precise Declaratory Judgment Sought.**

Plaintiff's Complaint seeks "declaratory relief relating to the foregoing." Plaintiff is altogether unclear in his pleading what "the foregoing" refers to. The existing allegations do not form a plausible claim for relief, thereby justifying dismissal.

To the extent the Court believes the Complaint does, in fact, contain allegations sufficient to form a plausible claim for declaratory relief, Defendants hereby move for the Court to order Plaintiff to provide a more definite statement to specify precisely what declaratory judgment he is seeking. Otherwise, Defendants are unable to proffer a defense based on Plaintiff's vague request for "declaratory relief relating to the foregoing."

6

662858.1 [0307032]
Case 2:09-ap-01728-SSC    Doc 18    Filed 02/22/10    Entered 02/22/10 16:38:27    Desc
Main Document    Page 6 of 7

## IV. RELIEF REQUESTED.

WHEREFORE, Defendants request that the Court enter an order:

    a. dismissing this adversary proceeding in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6); or in the alternative,

    b. dismissing all requests for relief other than Plaintiff's request for declaratory judgment, and ordering the Plaintiff to provide a more definite statement therefor; and

    c. granting such further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of February, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH #024155
    Robert J. Miller
    Kyle S. Hirsch
    Two North Central Avenue, Suite 2200
    Phoenix, Arizona 85004
    Attorneys for Defendants

COPY of the foregoing served via **email**
this 22nd day of February, 2009, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
Email: andrew@cameronbaxter.net
Debtor in Pro Per


/s/ Corkey C. Beckstead