17

ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

FILED
APR 27 2010
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY<br>**Plaintiff**<br><br>vs<br><br>THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK (BONY)<br><br>CWALT, INC. ALTERNATIVE LOAN TRUST 2007- HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 (CWALT)<br><br>BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS (BAC)<br><br>COUNTRYWIDE HOME LOANS a/k/a COUNTRYWIDE BANK FSB a/k/a COUNTRYWIDE HOME LOANS SERVICING LP (CHL)<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (MERS)<br><br>JOHN DOES "1001-2000" | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP<br>AP Case #: 2:09-ap-01728-RTBP<br><br>**OBJECTION TO DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST TO PRODUCE DOCUMENTS**<br><br>Related to<br>Subject property:<br>2560 N. Page Springs Rd,<br>Cornville, AZ 86325<br><br>Countrywide Account #: 164999184 |

Plaintiff OBJECTS to Defendant's Response to Plaintiff's First Set of Interrogatories and First Request to Produce Documents and OBJECTS to each and every item in Defendant's Response to Plaintiff's First Set of Interrogatories and First Request to Produce Documents for reasons including but not limited to the following:

1. Defendant's "response" is a cursory, partial, insufficient, incomplete and non-compliant document which was prepared (by his own admission) by Defendant's attorney Kyle Hirsch Esq and not by an officer or employee of any Defendant or other person or persons with first hand personal knowledge of the facts or circumstances. Mr. Hirsch cannot claim to be a competent witness in these matters. The statements in his document are mere hearsay and are not based on any personal knowledge as required by the Federal Rules of Evidence. His representations must not be admitted or considered as evidence and should be stricken from the record.

2. Defendant's "response" (attached as EXHIBIT "A") is in no sense a proper, sufficient, complete or compliant response, in violation of statutory and other duties owed by Defendants. It is effectively a blanket avoidance and refusal to answer the Interrogatories and Request to Produce Documents. It merely and repetitively objects to [plaintiff's] request item by item and avoids answering or complying in any meaningful or material way, asserting attorney-client privilege and confidentiality among its many reasons for non-response or partial response.

3. Defendant's "response" purports to provide answers and documentation from BONY and BONY only. BONY is not the only Defendant in this action. Mr. Hirsch and his law firm Bryan Cave LLP allegedly represent and are authorized to accept service for ALL of the Defendants [including presumably the unknown and undisclosed "John Does", several of whom are now identified but not noticed or joined in the instant action. Plaintiff does not know whether the "new" parties are necessary and indispensable pursuant to FRCP Rule 19.] According to Mr. Hirsch, all of the Defendants are "aligned" and there is no possibility of any conflict of interest among them. Plaintiff takes issue with this statement, pointing to the lawsuit just filed in Los Angeles, California in which investors (bondholders) in

Case 2:09-ap-01728-SSC    Doc 32    Filed 04/27/10    Entered 04/29/10 09:09:16    Desc
Main Document    Page 2 of 17

04/27/2010

Defendant CWALT are suing CWALT and co-Defendants CHL, BAC, BONY et al in the instant complaint.*

4. Defendant's "response" provides none of the requested documents or accounting other than a purported "pooling and servicing agreement", [which interestingly, identifies a number of previously undisclosed parties. See EXHIBIT "B"]. The alleged pooling and servicing agreement is but one of the many documents sought. On information and belief, there were numerous agreements and contracts in place between and among the Defendants prior to and subsequent to the "closing". Documents concerning those agreements and contracts, when disclosed, will go a long way toward resolving the questions of fact raised by Plaintiff.

5. Defendant's "response" affirmatively alleges that BONY is the holder in due course of the note but fails to explain how BONY became the alleged holder in due course of the note, which is in any event impossible, given the mechanism of the securitization process. BONY may conceivably have an agency relationship with the holder in due course, if such could be found and the agency relationship proven, but BONY is not and cannot be the holder in due course.

---

**Legal Proceeding. March 9, 2010.** A complaint filed in state superior court in Los Angeles, California alleges violations of the federal securities laws by various parties who participated in certain securitization transactions effected by CWALT, Inc. between January 2005 and June 2007, (specifically Defendant CWALT, INC. ALTERNATIVE LOAN TRUST 2007- HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4). The complaint names as defendants Countrywide Home Loans, Inc., Countrywide Home Loans Servicing LP, Countrywide Securities Corporation, CWALT, Inc. and certain individuals who served as directors of CWALT, Inc. during the applicable period, along with other unaffiliated entities. [t]he plaintiff alleges violations of the Securities Act of 1933 by issuing the above named certificates that contained materially false and misleading statements and omitted material information in violation of Sections 11, 12(a)(2) and 15 of the Securities Act. The Complaint alleges various misrepresentations and omissions as to the underwriting practices employed in originating the mortgages, the sufficiency of the collateral and the appraisal practices used to support the mortgages. The plaintiff alleges, among other things, that as a result of the material misrepresentations and omissions in the Registration Statements and Prospectus Supplements, investors purchased securities that were far riskier than represented.

6. Defendant has filed a number of documents with the court claiming that it has complied with Plaintiff's discovery requests (Doc # 23 filed 3.22.2010 in 2:09-ap-01728-RTBP and Doc #162 in 2:09-bk-06979-PHX-RTBP) but has not filed any such "response" with the court in either the administrative or the adversary case.

7. Defendant's "response" was e-mailed to Plaintiff but was not filed with the Court. It does not appear in the ECF records. Mr. Hirsch says there is no requirement or responsibility on Defendants' part to file such response with the Court. Plaintiff wonders, if that is the case, how and when the Court is to know and assess what has been said or asserted in the alleged "response".

8. Defendant asserts that the requests are burdensome. There are only eleven carefully chosen interrogatories. The Truth in Lending Act requires that information, accounting and documentation such as that sought in the requests be kept on hand and provided within five days when demanded. The requirements of TILA are not time-barred in this matter. The retention period is five years.

There are other objections to and problems with Defendant's "response". Plaintiff reserves the right to bring additional objections in the future as and when that becomes necessary.

**Relief Sought**

For the foregoing reasons and for cause shown, Plaintiff respectfully asks the Court to

1. Compel Defendants to fully and completely answer the Interrogatories.

2. Compel Defendants to fully and completely produce the requested Documents.

3. Rule on whether Defendants, each and any of them, and/or their attorney law firm Bryan Cave LLP violated a statutory, fiduciary or other duty by failing to properly and timely answer the [plaintiff's] requests.

4. Strike Defendants "notices of compliance" from the record.

5. Grant any other relief which may be just and proper.

Respectfully submitted this 26th day of April, 2010

_____
Andrew C. Bailey, Plaintiff

COPY of the foregoing was mailed
This 26th day of April, 2010 to:

Kyle S. Hirsch, Esq.
Bryan Cave, LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004

Attorney for Defendants

Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Counsel for Defendants

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceedings |
|---|---|
| ANDREW C. BAILEY, | Case No. 2:09-bk-06979-PHX-RTBP |
| Debtor | |
| ANDREW C. BAILEY, | Adv. Proceeding No. 2:09-ap-01728-RTBP |
| Plaintiff | |
| vs. | **DEFENDANT BANK OF NEW YORK MELLON'S RESPONSE TO DEBTOR'S/PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK; CWALT INC. ALTERNATIVE LOAN TRUST; BAC HOME LOANS SERVICING LP, f/k/a COUNTRYWIDE HOMES LOANS; COUNTRYWIDE HOME LOANS; THE MORTGAGE ELECTRONIC REGISTRATION SERVICE, | |
| Defendants. | |

Defendant The Bank of New York Mellon, in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates,

Series 2007-HY4 (erroneously named as "CWALT Inc. Alternative Loan Trust") ("Defendant"), pursuant to Federal Rules of Civil Procedure 33 and 34, hereby answers, objects and otherwise responds to Plaintiff's/Debtor's[1] First Set of Interrogatories and First Request for Production of Documents as follows:

## I. GENERAL OBJECTIONS.

1. Defendant objects to the "Definitions" and "Instructions" to the extent that they purport to require Defendant to produce documents that, in whole or in part, consist of (i) trial preparation material not discoverable under Federal Rule of Civil Procedure 26(b); (ii) material protected by the attorney-client privilege or other privilege(s); or (iii) material that Defendant, by law or agreement, is required to maintain in confidence.

2. Defendant objects to the "Definitions" and "Instructions" to the extent that they seek to impose obligations and duties on Defendant beyond those imposed by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

3. Defendant objects to the Interrogatories and Requests as vague and ambiguous to the extent that they contain terms that Defendant cannot interpret or understand. Where possible, Defendant has made reasonable assumptions as to the intended meaning of such vagueness and ambiguity and has responded accordingly while preserving the objections thereto.

4. Defendant objects to the Interrogatories and Requests to the extent that they seek information and documents that are already in the possession, custody or control of Plaintiff/Debtor or are readily ascertainable from sources other than Defendant.

5. Defendant objects to the Interrogatories and Requests to the extent that they seek information and documents that are not in Defendant's possession, custody or

---

[1] Plaintiff/Debtor Andrew C. Bailey filed notice of two separate sets of production requests addressed to Defendant. The only difference between the two sets of requests is that one refers to Mr. Bailey as "Plaintiff" and the other refers to Mr. Bailey as "Debtor." To the extent a response is required to each set of production requests, Defendant considers these Responses its consolidated responses thereto.

.2

control. Defendant's statements herein do not constitute an admission that any responsive documents exist or are in its possession, custody or control.

6. Defendant objects to the Interrogatories and Requests to the extent that they seek information and documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant objects to the Interrogatories and Requests to the extent that they are cumulative and/or duplicative of one another.

8. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, materiality and admissibility of the subject matter of the Interrogatories and Requests.

9. In making production of documents, Defendant reserves the right to recall any document inadvertently produced which is protected by the attorney-client, work product or other privilege or immunity from discovery. Moreover, production of any privileged document or relevance of any document otherwise properly subject to objection on any ground, including, without limitation, relevance, does not, and shall not be deemed to, constitute a waiver of any privilege or other objection which may apply to the production of such document or any class or category of document from which it has been drawn.

10. Defendant's failure to object to an individual Interrogatory or Request or its agreement to provide information or produce documents does not constitute a representation that the information provided or documents produced are all of the information or documents responsive to the Interrogatory or Request in Defendant's possession, custody and control, but only that Defendant has made, and will continue to make, a good-faith effort to search for and retrieve such information and documents, and, subject to any and all general and specific objections, to provide such information and produce such documents when and if they are located.

3

11. Defendant reserves the right to revise, correct, add to or clarify any of the responses contained herein.

**RESPONSES TO INTERROGATORIES**

1. State the name, job title and business address of each person providing information in response to these discovery requests:

**RESPONSE:** Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it will present its authorized representative pursuant to Federal Rule of Civil Procedure 30(b)(6) as required under the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.

2. State the type of business organization BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK is, and name each State of the Union in which BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK is chartered or registered:

**RESPONSE:** Objection: Vague and ambiguous, not relevant, and not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it is a corporation, and that either Defendant or a subsidiary or affiliate of Defendant is registered to do business in all states of the United States of America relevant to this action.

3. State the name, job title, and business address of each person who has first-hand personal knowledge of the time and circumstances under which the promissory note obligating Andrew C. Bailey and/or alienable in this instant case was created, sold, transferred and/or assigned for value:

**RESPONSE:** Objection: Vague and ambiguous, not relevant, overly broad and unduly burdensome, and not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it will present its authorized representative pursuant to Federal Rule of Civil Procedure 30(b)(6) as required under the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.

4. State the name and contact information of the creditor in the instant case. (NOTE: The creditor is the person who actually provided the money for the Debtor loan in expectation of payment, and who stands to lose money in the event of default.)

**RESPONSE:** Objection: Vague and ambiguous. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it is the legitimate holder in due course of that certain <u>InterestOnly ADJUSTABLE RATE NOTE</u> in the original principal amount of $425,000 dated March 29, 2007 made by Andrew C. Bailey, as borrower, to the order of Countrywide Bank, FSB, as Lender (referred to hereinafter as the "Note").

4

5. State the names and contact information of all persons or entities, in order of assignment, who at any time were constructive holders or holders in due course of the promissory note obligating Andrew C. Bailey and/or alienable in this instant case:

RESPONSE: Objection: Vague and ambiguous, overly broad and unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it is presently the legitimate holder in due course of the Note.

6. State the name and contact information of the current beneficiary under the promissory note obligating Andrew C. Bailey and/or alienable in this instant case:

RESPONSE: Objection: Vague and ambiguous. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it is the legitimate holder in due course of the Note.

7. If the name of the current beneficiary under the promissory note obligating Andrew C. Bailey and/or alienable in this instant case in Item (6) above is different from you name BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK explain why:

RESPONSE: Objection: Vague and ambiguous. Subject to and without waiving any of the foregoing objections, Defendant responds that no response to this Interrogatory No. 7 is required.

8. BAC HOME LOANS SERVICING LP has filed with the Bankruptcy Court a Proof of Claim with respect to the subject promissory note. Explain the nature of BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK's relationship with BAC HOME LOANS SERVICING LP in this instant case. If none, state "none".

RESPONSE: Objection: Vague and ambiguous, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing, Defendant hereby responds that BAC Home Loans Servicing LP is authorized by Defendant as the Master Servicer to engage in certain servicing activities relating to the Note on behalf of Defendant.

9. Explain why the alleged copy of the promissory note submitted as Exhibit "A" attached to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK's Motion for Lift from Stay includes no allonge or endorsement showing any assignment of the note to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK:

RESPONSE: Objection: Vague and ambiguous. Subject to and without waiving any of the foregoing, Defendant hereby responds that the copy of the InterestOnly ADJUSTABLE RATE NOTE attached as Exhibit A to the Motion For Relief From Automatic Stay filed on November 12, 2009 was attached to evidence the indebtedness due and owing by the debtor, Andrew C. Bailey.

5

10. If BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK did not keep or cannot produce a copy of an allonge or other paper showing assignment to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK of the promissory note obligating Andrew C. Bailey and/or alienable in this instant case, explain why:

RESPONSE: Objection: Vague and ambiguous. Subject to and without waiving any of the foregoing, and to the extent that a response to this Interrogatory No. 10 is required, Defendant hereby responds that it is the legitimate holder in due course of the Note as set forth in the Pooling and Servicing Agreement dated as of May 1, 2007.

11. Identify the name, address and telephone number of each person or entity likely to have discoverable information relevant to the foregoing or that you may use to support your action.

RESPONSE: Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it will present its authorized representative pursuant to Federal Rule of Civil Procedure 30(b)(6) as required under the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce the original promissory note signed by Andrew C. Bailey and/or alienable in this instant case. If none, state "none."

RESPONSE: Objection: Beyond the scope of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that it is the legitimate holder in due course of the InterestOnly ADJUSTABLE RATE NOTE dated March 29, 2007, and a true and correct copy of the same is attached hereto as Exhibit "A."

2. Produce all documents identified by you in response to each interrogatory set forth above. If none, state "none".

RESPONSE: Objection: Vague and ambiguous. Beyond the scope of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that the only non-privileged documents responsive to this Request No. 2 consist of the Pooling and Servicing Agreement dated as of May 1, 2007, a copy of which is attached hereto as Exhibit "B."

3. Produce all documents associated with BAC HOME LOANS SERVICING LP's authorization of BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK's right to enforce the promissory note obligating Andrew C. Bailey and/or alienable in this instant case. If none, state "none".

6

RESPONSE: Objection: Vague and ambiguous, overly broad and unduly burdensome, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that the Note attached hereto as Exhibit "A" and the Pooling and Servicing Agreement dated as of May 1, 2007 attached hereto as Exhibit "B" are responsive to this request.

4. Produce a copy of the allonge or endorsement attached to the promissory note obligating Andrew C. Bailey and/or alienable in this instant case showing an assignment of the promissory note from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC to BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK. If none, state "none."

RESPONSE: Objection: Vague and ambiguous, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that the Note attached hereto as Exhibit "A" and the Pooling and Servicing Agreement dated as of May 1, 2007 attached hereto as Exhibit "B" are responsive to this request.

5. Produce any and all Pooling and Servicing Agreement or other contractual agreement or memo involved in the "securitization" of the subject promissory note. If none, state "none."

RESPONSE: Objection: Vague and ambiguous, calls for documents that are protected from disclosure as confidential proprietary and/or trade secrets. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that a copy of the relevant Pooling and Servicing Agreement dated as of May 1, 2007 is attached hereto as Exhibit "B."

6. Produce the account and general ledger statement of each transaction BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK alleges Andrew C. Bailey has made with BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK with respect to the promissory note alienable in this instant case, showing all receipts and disbursements. If none, state "none".

RESPONSE: Objection: Vague and ambiguous. Subject to and without waiving any of the foregoing, Defendant hereby responds that it has assigned the rights to service the Note, and accordingly no documents responsive to this request No. 6 exist.

7. Produce all bills of sale and allonges and agreements illustrating where the promissory note alienable in this instant case was sold or assigned for value, from inception to the present. If none, state "none".

7

Case 2:09-ap-01728-SSC    Doc 32    Filed 04/27/10    Entered 04/29/10 09:09:16    Desc
Main Document    Page 12 of 17

04/27/2010

RESPONSE: Objection: Vague and ambiguous, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that to the extent any non-privileged documents responsive to this Request No. 7 exist, such documents are produced herewith or were previously produced to the Plaintiff.

8. Produce all insurance claim information and credit default claim or settlement or payment records relative to any alleged default under the promissory note alienable in this instant case. If none, state "none".

RESPONSE: Objection: Vague and ambiguous, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that no non-privileged documents responsive to this Request No. 8 exist.

9. Produce all information pertaining to Federal TARP or other bailout settlements or payments relative to any alleged default under the promissory note alienable in this instant case. If none, state "none".

RESPONSE: Objection: Vague and ambiguous, overbroad and unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for documents that are protected from disclosure as confidential proprietary and/or trade secrets, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that no non-privileged documents responsive to this Request No. 9 exist.

10. Produce all contracts, agreements, and/or memos illustrating that law firm Gust Rosenfeld, PLC has authority to represent BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK in this instant case. If none, state "none".

RESPONSE: Objection: Not likely to lead to the discovery of admissible evidence, and calls for documents protected by the attorney-client and other applicable privilege. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that no non-privileged documents responsive to this Request No. 10 exist.

11. Produce all assignments, contracts, agreements, and/or memos identifying both the creditor and the current beneficiary in this instant case. If none, state "none".

RESPONSE: Objection: Vague and ambiguous, overbroad and unduly burdensome, not likely to lead to the discovery of admissible evidence, and calls for documents that are protected from disclosure as privileged confidential proprietary and/or trade secrets. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that to the extent any non-privileged

8

documents responsive to this Request No. 11 exist, such documents are produced herewith or were previously produced to the Plaintiff.

12. Produce all contracts, agreements, and/or memos illustrating that BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK or its attorney law firm Gust Rosenfeld, PLC has authority to represent the creditor and/or the current beneficiary in this instant case. If none, state "none".

RESPONSE: Objection: Not likely to lead to the discovery of admissible evidence, calls for documents protected by the attorney-client and other applicable privilege, and assumes facts that are unproven and not established conclusively as true and accurate. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that to the extent any non-privileged documents responsive to this Request No. 12 exist, such documents are produced herewith or were previously produced to the Plaintiff.

13. Produce all contracts, agreements, and/or memos illustrating that BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK has authority to represent CWALT, Inc., Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest in this instant case. If none, state "none".

RESPONSE: Objection: Vague and ambiguous, calls for documents that are protected from disclosure as confidential proprietary and/or trade secrets. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that to the extent any non-privileged documents responsive to this Request No. 13 exist, such documents are produced herewith or were previously produced to the Plaintiff.

14. Produce all contracts, agreements, and/or memos illustrating that BANK OF NEW YORK MELLON, f/k/a BANK OF NEW YORK has authority to represent the bondholders or certificateholders of CWALT, Inc., Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest in this instant case. If none, state "none".

RESPONSE: Objection: Vague and ambiguous, calls for documents that are protected from disclosure as confidential proprietary and/or trade secrets. Subject to and without waiving any of the foregoing objections, Defendant hereby responds that to the extent any non-privileged documents responsive to this Request No. 14 exist, such documents are produced herewith or were previously produced to the Plaintiff.

9

15. Produce all documents or data compilations that are in your possession, custody or control that you may use in support of your action.

**RESPONSE: Defendant hereby responds that it has not yet identified the documents that it intends to use in this adversary beyond those documents that are produced or have already been produced.**

RESPECTFULLY SUBMITTED this 22nd day of March, 2010.

BRYAN CAVE LLP

By: _____
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Attorneys for Defendants

COPY of the foregoing served via **email** this 22nd day of March, 2010, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
Email: andrew@cameronbaxter.net
Debtor in Pro Per

_____

10

EX-99.1 2 efc7-1722_6225455ex991.htm

# EXHIBIT 99.1

The Pooling and Servicing Agreement

---

Exhibit B

EXECUTION COPY

CWALT, INC.,
Depositor

COUNTRYWIDE HOME LOANS, INC.,
Seller

PARK GRANADA LLC,
Seller

PARK MONACO INC.,
Seller

PARK SIENNA LLC,
Seller

EMC MORTGAGE CORPORATION,
Seller

COUNTRYWIDE HOME LOANS SERVICING LP,
Master Servicer

and

THE BANK OF NEW YORK,
Trustee

POOLING AND SERVICING AGREEMENT

Dated as of May 1, 2007

ALTERNATIVE LOAN TRUST 2007-HY4

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4