UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

_____ )

In re:                                  )

)
ANDREW C BAILEY                CH: 11   )   2:09-bk-06979-RTBP

)
ANDREW C. BAILEY vs THE BANK OF NEW     )   ADV: 2:09-01728

YORK MELLON, FKA THE BAN                )
                                        )

HEARING ON SECOND AMENDED COMPLAINT     )
_____ )

                                    U.S. Bankruptcy Court

                                    230 N. First Avenue, Suite 101
                                    Phoenix, AZ 85003-1706

                                    April 27, 2010

                                    10:36 a.m.

        BEFORE THE HONORABLE SARAH SHARER CURLEY, Judge

APPEARANCES:

Pro Se Debtor:                  Andrew C. Bailey
                                2500 North Page Springs Road

                                Cornville, AZ 86325

For The Bank of New York        Kyle S. Hirsch
Mellon, FKA The Bank of New     BRYAN CAVE LLP

York, CWALT, Inc.,              2 North Central Avenue
Alternative Loan Trust, BAC     Suite 2200

Home Loans Servicing LP, fka    Phoenix, AZ 85004-4406
Countrywide Home Loans, and

the Mortgage Electronic
Registration Service:

Proceedings recorded by electronic sound technician, Andamo
Purvis; transcript produced by AVTranz.

1          THE COURT:  Okay.  We'll go back and have a second

2     call on Bailey.

3          MR. BAILEY:  Your Honor, Andrew Bailey,

4     self-represented.

5          THE COURT:  Okay.

6          MR. HIRSCH:  Good morning, Your Honor; Kyle Hirsch,

7     the law firm of Bryan Cave on behalf of the named Defendants in

8     this adversary proceeding.

9          THE COURT:  Okay.  So what's going on?

10         MR. HIRSCH:  Mr. Bailey filed and served a second

11    amended complaint.  It was filed by hand on Friday.  We

12    received it in our office late yesterday afternoon and it hit

13    the docket this morning.

14         THE COURT:  Okay.

15         MR. HIRSCH:  I've had an opportunity to review it

16    this morning and I think we're in a very similar position.  I

17    commend Mr. Bailey he has named some counts that seem to be

18    cognizable causes of action.  There are still some that are

19    not.  But I think overall this complaint does slack the

20    necessary factual basis to survive a motion to dismiss.  I'm

21    happy to go through the causes of action that have been

22    asserted in the second amended complaint on a count-by-count

23    basis for Your Honor.  I don't know if you had the chance to

24    review the second amended complaint.

25         THE COURT:  I haven't seen it yet.

1    MR. HIRSCH:  Okay.  There are a total of ten counts

2  that have been asserted in the second amended complaint.

3    THE COURT:  Right.

4    MR. HIRSCH:  The first count asserts a Truth In

5  Lending Act violation.  As we discussed in the last hearing,

6  There are certain statutory requirements to bring a Truth In

7  Lending Act count in front of a federal court.  Mr. Bailey has

8  not met those requirements.  For example, no qualified written

9  request has been properly served on any lender.  So there is no

10  basis for a cause of action that can be asserted on a TILA

11  violation.

12    Similarly, there's a Fair Debt Credit Procedures Act

13  violation that's asserted as Count II.  There's no allegations

14  supporting their case and any indication that the Fair Debt

15  Credit Procedures Act applies.  And even if applicable, again,

16  there's a specific procedure set forth in federal statute

17  that's not been accomplished here, so there is no cause of

18  action that is -- there is no claim for which relief can be

19  granted.

20    The third count is a fraud and constructive fraud

21  count.  As the Court knows fraud requires, among other things,

22  that the Defendant made a false material representation that it

23  knew was false, those assertions are not properly plead.  There

24  must be a statement of intent that the Plaintiff would

25  reasonably rely on such false representations.  There's no

1    assertions to that extent.  And accordingly we don't believe

2    that the fraud and constructive fraud count has been properly

3    plead.

4           The fourth cause of action is a complaint entitled

5    fraud upon the Court.  There's simply no facts to support that

6    any of the Defendants have engaged in any sort of fraud upon

7    the Court.  This seems to be a bit of a serial count that this

8    Debtor is asserting on many, if not all of the lenders that are

9    appearing in this bankruptcy case that have not taken any

10    flight in the administrative case.  And, again, in this

11    instance there's no cause of action for fraud upon the Court.

12    There's no relief requested specifically with request to that

13    count.  And there's in addition to denying the facts, there's

14    really insufficient factual basis for such a count.

15           On page 12, Count V is a breach of contract claim.

16    And at paragraph 42 the first thing that the Plaintiff asserts

17    is that there is no contract.  If Plaintiff is going to assert

18    there is no contract, I don't know how there's a breach of

19    contract claim, so that cause of action fails.

20           To the extent they're seeking to rescind the

21    transaction, again, there's insufficient facts to support such

22    an action.  The Court isn't asserted as such.  That is not

23    specific relief requested.

24           And, in addition, the deed of trust, which is now

25    part of this adversary proceeding record, talks about the sale

1    of the note, how that's contemplated within the transaction.

2    Apparently, that's the basis for the breach of contract action,

3    is that there was no meeting of the minds that Mr. Bailey

4    didn't know that there was going to be a note sale and that the

5    Defendants allegedly had this grand scheme of profiting off an

6    opportunity that Mr. Bailey simply could not realize.  The

7    prospect of a note sale was clearly within the deed of trust,

8    which is of record, so the breach of contract claim must fail

9    as failure to state a claim.

10            There's Count VI on page 13, simply states

11    jurisdiction.  And the first paragraph says that this Court and

12    the constitution do not infer jurisdiction.  I think that

13    defeats the Plaintiff's claim in saying there is no

14    jurisdiction.  I'm not quite sure what that claim is supposed

15    to be accomplishing.

16            Count VII is a discovery count.  Again, discovery is

17    handled by motion.  It's not handled by cause of action.  And,

18    in addition, there are facts that I know this isn't a basis for

19    dismissal, but the bank certainly denies several of the facts

20    that are addressed in there.

21            Count VIII is an interesting count.  It's a quiet

22    title action.  And I think of all the counts that have been

23    asserted here, this is probably the only count that identifies

24    a cognizable cause of action.  It is certainly within Rule 7001

25    as a matter that can be brought by adversary proceeding.

1    I'll be honest, I think he's done his job in
2    sufficiently pleading facts as to a quiet title action.
3    Certainly, the Defendants do not agree with those facts.  We
4    think those could be resolved by summary judgment motion.  But
5    given the fact that it appears to be a properly plead
6    complaint, I'm not quite sure if there is a basis Defendants
7    can assert for dismissal of that count itself.  And if that
8    action survives, there will be other motions to strike the
9    contemporaneous language and eventually a motion to dismiss.
10    Count IX, which is on page seven, asserts injury.
11    Again, I don't think there's a cause of action that is injury.
12    It seems to be seeking toward damages.  And at this point there
13    is no tort count that is supported that appears to be able to
14    survive dismissal.  There's also no causal link between any of
15    the asserted action by the Defendants and the asserted injury
16    suffered by the Plaintiff.
17    The last count, Count X, which is on page 19 is a bit
18    of a reiteration of what was in the original amended complaint,
19    which is several forms of injunctive relief, TRO, preliminary
20    injunction, permanent injunction.  In this case there's a --
21    the automatic stay is still in place.  There is no basis for
22    injunctive relief here.
23    On page 20 and 21 the second amended complaint goes
24    through various requests for specific relief.  Seeks a judgment
25    of $1,000,000.  It's not supported by any evidence or any

1  viable cause of action that's been asserted.

2          Same thing with number two, which was seeking special

3  damages.

4          Number three is seeking punitive damages.  There's

5  been no allegations that can lead the Court to the clear and

6  convincing result that there is evidence of an evil mind and

7  aggravated outrageous conduct, which is the standard under

8  Linthicum v. Nationwide Life Insurance Company.  That's 723

9  P.2d 675.  That's an Arizona Supreme Court case from 1986.

10         Number four is the request for clear title to

11  invalidate the deed of trust that's on the property.  Again, to

12  the extent the Court determines the quiet title actions

13  appropriate to remain, I think, that request for relief is

14  proper.

15         Five and six seek various forms of injunctive relief,

16  which I've addressed.

17         And seven, also, asks for punitive damages, which,

18  again, I've already addressed.

19         So, in short, I think this second amended complaint

20  should be almost entirely dismissed.  The one count that I

21  think likely survives dismissal is the quiet title action.

22  And, so we would ask the Court to strike all causes of action

23  except for the quiet title action, which I believe is Count

24  VIII and entertain the Defendants right to file either, and/or

25  a motion to strike, motion for more definite statement, and at

1    some point motion for summary judgment.

2              I'm happy to answer any questions Your Honor may

3    have.

4              THE COURT:  I'll get back to you in a moment.

5              Mr. Bailey?

6              MR. BAILEY:  Yes, Your Honor.

7              THE COURT:  First of all, I know from when we last

8    talked that there was a request that you retained counsel.

9    Where are you on that?

10             MR. BAILEY:  I have consulted with counsel.  I have

11   not succeeded in retaining counsel.

12             THE COURT:  Okay.  And when you say you've consulted

13   with counsel, but you have not succeeded, is it a situation

14   where you may succeed, say, within 30 days; where are you?

15             MR. BAILEY:  To be honest, I don't think so.  In the

16   State of Arizona I have found it to be thus far impossible to

17   find counsel.  I have not found anybody to take the case and I

18   just have to continue pro se.  It's the only option that I seem

19   to have.

20             THE COURT:  Okay.  Well, the problem I have then if

21   you're going down that road, is first, claim number six, Court

22   does not have jurisdiction, paragraph 45 of your second amended

23   complaint, if you pursue that and you have a basis for it, I

24   have to dismiss this.

25             MR. BAILEY:  Yes, you have to dismiss the entire

1  proceeding; is that correct?

2  THE COURT:  That's correct.  You want me to do that

3  today?

4  MR. BAILEY:  May I have a moment to think about that?

5  THE COURT:  All right.

6  MR. BAILEY:  I do understand that that's the

7  consequence and --

8  THE COURT:  You're not consulting with someone, are

9  you?

10  MR. BAILEY:  At the moment, no; no, I'm not.

11  THE COURT:  Okay.

12  MR. BAILEY:  Other than my notes.

13  THE COURT:  Okay.

14  MR. BAILEY:  So if indeed that, Count VI, has basis

15  you simply have to dismiss the entire action?

16  THE COURT:  Correct.

17  MR. BAILEY:  Yeah.  I'm just -- I'm sorry, Your

18  Honor, I'm just trying to determine what that means in the big

19  picture.

20  THE COURT:  I mean, this is why I asked you to retain

21  counsel, because you've got a number --

22  MR. BAILEY:  I know and I --

23  THE COURT:  -- of problems with your second amended

24  complaint.

25  MR. BAILEY:  Yeah, I've honestly done everything that

1  I know to do in that regard and I simply have not succeeded.

2  There has been nobody available to take the case.  I don't know

3  what to do about that.

4          THE COURT:  Well, and I understand that.  And I'm

5  letting you know that because of that there are a number of

6  issues.

7          MR. BAILEY:  Yes.  What is the consequence or are you

8  even able to tell me that?  If you dismiss it, what does that

9  mean?

10         THE COURT:  Well, it means it goes away and whether

11 or not you still have a viable claim, I have no idea.  I mean,

12 there may be statute --

13         MR. BAILEY:  Right.

14         THE COURT:  -- of limitations problems, I honestly

15 don't know.  I don't have enough information from what you're

16 pleading --

17         MR. BAILEY:  And this is very new.

18         THE COURT:  -- which is another issue.

19         MR. BAILEY:  It just went in on Friday.

20         THE COURT:  Pardon?

21         MR. BAILEY:  This just -- this was just served on

22 Friday.  You gave me until Friday, the 23rd, and this went in

23 at the last minute.  Nobody --

24         THE COURT:  Right.  But I was hoping that you would

25 retain counsel that would walk through everything with you and

1  basically get to a cognizable claim that this Court could here.

2  Now, for whatever reason, and I understand that you went

3  forward in good faith and you tried to get counsel, it hasn't

4  happened.  And I'm letting you know that your second amended

5  complaint does not work for a variety of reasons.  But I'll

6  just start with a basic one, and that you've told me that you

7  don't want to be here.

8         You're saying constitutionally I can't hear it; for

9  other reasons, I can't hear it, which, you know, from my

10  standpoint means if I lack constitutional and subject matter

11  jurisdiction, complaint's dismissed today.  Whatever you're

12  asserting.

13         MR. BAILEY:  Right.  What that means is that my

14  complaint is dismissed?

15         THE COURT:  Correct, you're telling me I can't hear

16  it.

17         MR. BAILEY:  And I, in fact, need to have my

18  complaint heard, don't I?

19         THE COURT:  Well, you know, I mean, that's up to you.

20         MR. BAILEY:  I'm sorry, Your Honor, this --

21         THE COURT:  And that's just the beginning of the

22  issues.

23         MR. BAILEY:  All right.

24         THE COURT:  You've got some other problems.  I

25  thought I had discussed it with you previously, but they're

1  coming back again as claims in your current complaint, you

2  know, these discovery issues, et cetera.  Doesn't mean anything

3  to me, not before me, so you've got a number of claims in there

4  that, quite honestly, don't make sense as a matter of fact or

5  law.

6  MR. BAILEY:  All right.  One of the complaints --

7  sorry, one of the causes is that Defendant has not properly

8  responded to the first set of interrogatories and the first

9  request to produce documents that I --

10  THE COURT:  Okay, that's wrong.

11  MR. BAILEY:  -- and you haven't seen.

12  THE COURT:  Okay, that's wrong.  And I would

13  strike --

14  MR. BAILEY:  That's what?

15  THE COURT:  -- that from your complaint.

16  MR. BAILEY:  Because that is not correct, that is not

17  true, or that's not a cause?

18  THE COURT:  I am striking it from your complaint,

19  because it's not how you proceed with an adversary proceeding.

20  MR. BAILEY:  Okay.

21  THE COURT:  Normally, you file a complaint, there's

22  an answer, or some other responsive pleading, such as a motion

23  to dismiss, there are specific rules in place as to when

24  discovery occurs, how it occurs, whether it's expedited or not,

25  so you're bringing matters before me that are inappropriate.

1          MR. BAILEY:  All right.

2          THE COURT:  Shouldn't be in a complaint.

3          MR. BAILEY:  So I filed an objection to that

4    response, which is that appropriate or is that not appropriate?

5          THE COURT:  No, I'm letting you know honestly you're

6    not proceeding appropriately, so if you go forward and you can

7    see that this Court has jurisdiction I most likely will strike

8    a number of claims for relief that you're presenting to this

9    Court.

10          MR. BAILEY:  Right.  Now, are there some that will

11    survive?  This, I believe, is a hearing on the Defendant's

12    motion to dismiss the complaint.

13          THE COURT:  It is.

14          MR. BAILEY:  Is there --

15          THE COURT:  And it's about to be dismissed, because

16    you've conceded I have no jurisdiction.

17          MR. BAILEY:  Right.  Right, which might be a very

18    silly thing on my part.

19          THE COURT:  I would say, yes.

20          MR. BAILEY:  All right.  Then, may I withdraw that?

21          THE COURT:  Withdraw what?

22          MR. BAILEY:  The Count VI, jurisdiction?

23          THE COURT:  Well, that starts getting you go down the

24    right road, but you've got other issues.  I mean, as a part of

25    any complaint you have to in the federal courts plead

1    jurisdiction.  You have to tell me why I can hear it.  Please

2    do that.  It's an appropriate predicate for any complaint.  So

3    that's --

4            MR. BAILEY:  All right.  I --

5            THE COURT: -- step number one.  You've got to tell me

6    why I can hear it.

7            Step number --

8            MR. BAILEY:  And, in fact, I did that on page -- so I

9    guess I'm contradicting myself on page three --

10           THE COURT:  Yes, you are.

11           MR. BAILEY:  -- of that --

12           THE COURT:  Yes, you are.

13           MR. BAILEY:  I have -- that the Court has

14   jurisdiction pursuant to 28 U.S.C. 13, 34, and 57.

15           THE COURT:  Well, guess what?  You've undercut

16   yourself because you've told me I don't have jurisdiction.

17           MR. BAILEY:  I know it.  I know it.

18           THE COURT:  So you need to make up your mind.

19           Now, separate and apart from that, you've got a

20   number of claims that, quite honestly, I don't see any basis

21   for them, so we can go down the road with a third amended

22   complaint and I'll carry over this motion to dismiss, but

23   you've got to get this in a proper format as a third amended

24   complaint that I can hear or I will dismiss the complaint.

25   And, again, if the Defendants come back and say next time it

1  should be dismissed with prejudice, then you're not going to be

2  able to file another complaint, so you need to take this

3  seriously.

4          MR. BAILEY:  I am taking it very seriously, Your

5  Honor, I'm sorry.

6          THE COURT:  Well, and I understand that you think you

7  are, but the problem is without a lawyer to sit down and walk

8  you through a cognizable claim what you're presenting to me

9  contradicts itself, which you've already stated you understand,

10  or you're setting up claims that I see no basis as a matter of

11  fact or law for me to here, such as your discovery claim.  But

12  you've got others.

13          So I don't know what you're going to do about this,

14  but I can tell you at this point there are a number of issues.

15  We're up to the third amended complaint.  We're up to yet

16  another hearing on a motion to dismiss.  And, again, the next

17  go around I may be forced to dismiss this.  And, in particular,

18  it may be a dismissal with prejudice.

19          MR. BAILEY:  I understand.  So Counsel said that

20  Count VIII, the quiet title action seemed appropriate.

21          THE COURT:  That's probably the --

22          MR. BAILEY:  Does it make sense to --

23          THE COURT:  That's probably the only --

24          MR. BAILEY:  I'm sorry?

25          THE COURT:  -- one at least from what you've told me

1   that may survive a motion to dismiss.  The others you claim

2   violations of federal statute, et cetera, but I don't see it.

3   So if there's a violation of federal law, your facts are not

4   showing it.

5           MR. BAILEY:  All right.  Okay.  Where do we go from

6   here, Your Honor?

7           THE COURT:  You're the Plaintiff.  You need to tell

8   me.

9           MR. BAILEY:  Oh.

10          THE COURT:  I mean --

11          MR. BAILEY:  Oh.

12          THE COURT:  -- right now I would dismiss the

13  complaint, because you've told me I'd have no jurisdiction.

14          MR. BAILEY:  Right.  Well, that sounds like a foolish

15  move on my part, so I am not going to do that.

16          THE COURT:  Then what do you intend to do?

17          MR. BAILEY:  What I do intend to do is to pursue this

18  and get it right, and in the absence of an attorney, obviously,

19  that's exceedingly difficult and I'm doing everything I -- I

20  mean, literally and --

21          THE COURT:  Mr. Bailey, I'll try it one more time.

22          MR. BAILEY:  Yeah.

23          THE COURT:  Why not go to an attorney and just say to

24  the attorney, I think I have a quiet title claim, and see if

25  the attorney will set it up on that basis?

1        MR. BAILEY:  All right.  I will do that.

2        THE COURT:  But in the meantime -- and maybe it's,

3   and I think you need to listen to this too, Mr. Bailey, if the

4   attorney sits down with you, walks through all of the facts and

5   says to you, you don't have a basis in law or fact to proceed,

6   maybe you should take that counsel seriously.

7        MR. BAILEY:  Your Honor, there is no question about

8   that.  If any attorney had said that to me, I would have walked

9   away.  I simply would've had to.  There'd be no alternative.

10       THE COURT:  Then, I recommend that you try again and

11  that you walk through the facts with an attorney and try to get

12  an answer.  And it may cost you a couple of hundred dollars or

13  whatever for a consultation, because this is a complex matter,

14  but it's probably money that's well spent.

15       MR. BAILEY:  Right.  Right.  We have actually spent

16  quite a lot of money on these consultations and I will do that.

17  I think I should do that specifically --

18       THE COURT:  But you have an expert here, which was

19  attached to your complaint, you have all of this other stuff,

20  so it seems to me you ought to pay the money for an attorney to

21  take a hard look at this.

22       MR. BAILEY:  Right.

23       THE COURT:  And if the attorney tells you, no, don't

24  do this, then I think you need to listen to that counsel as

25  well.

1          MR. BAILEY:  Your Honor, I hear you.

2          THE COURT:  So with that in mind, what shall I do?

3    What do you intend to do with this?

4          MR. BAILEY:  Well, I intend in that case to file a

5    second -- I'm sorry, a third amended complaint --

6          THE COURT:  By when?

7          MR. BAILEY:  By -- would 30 days be appropriate?

8          THE COURT:  Well, you tell me.  You're consulting

9    with counsel.

10          MR. BAILEY:  Okay, I'm sorry.  I'm sorry.  If I

11    have -- can I have 30 days to file a third amended complaint in

12    this matter?

13          THE COURT:  All right.  So we're out to May 27th.

14          Okay, so I'm going to basically go ahead and allow

15    you to file the third amended complaint.  Your second amended

16    complaint right now is not in a form that I could move forward

17    on.  And as I've told you, you've got a contradictory

18    provision.  You're requesting that I dismiss your second

19    amended complaint.  So obviously if I granted that, we'd be out

20    of here.

21          MR. BAILEY:  Right.

22          THE COURT:  So you've got an opportunity to go back

23    with a third amended complaint to get it right.  And I'll say

24    one more time, it needs to be a cognizable claim, so you need

25    to set up the facts and the law to support it.

1    Now, what I would ask Mr. Hirsch to do once that May

2    27th complaint is in, is tell me when you're going to respond

3    to it.  Now, it may be another motion to dismiss or he may get

4    counsel onboard, so what you'll do is you'll file an answer.

5    But with a May 27th date, tell me when you'll file

6    your response, Mr. Hirsch?

7    MR. HIRSCH:  If I could get a little bit of

8    indulgence from the Court, the method of service in this case

9    so far has been by mail and it's been a couple of days since

10   I'm receiving things, but I do want to get things moving along

11   as quickly as possible.

12   THE COURT:  Sure.  Sure.

13   MR. HIRSCH:  With the holiday on May 31st, assuming

14   that it is served on May 26th --

15   THE COURT:  May 27th.

16   MR. HIRSCH:  Or May 27th.

17   THE COURT:  Right.

18   MR. HIRSCH:  Certainly, no later than June 14th.

19   THE COURT:  Okay.  So you're going to go ahead and

20   file your response by June 14th.

21   MR. HIRSCH:  And --

22   THE COURT:  What I --

23   MR. HIRSCH:  And just for --

24   THE COURT:  Yes.

25   MR. HIRSCH:  -- some clarity, you said maybe an

1  answer, I may want to preserve dismissal rights if -- would the

2  Court --

3          THE COURT:  Either is fine.  You can file -- when I

4  said response of --

5          MR. HIRSCH:  A renewed motion to dismiss and a --

6          THE COURT:  You can file another motion to dismiss.

7          MR. HIRSCH:  I appreciate that.

8          THE COURT:  I'll leave it up to you as to what you

9  want to do.

10          MR. HIRSCH:  Thank you.

11          THE COURT:  Okay.  But June 14th is your date.  And

12  it seems as if I should set then a further 7016 conference,

13  which may be a motion to dismiss depending on what you file

14  later on.  And why don't we set that at least 30 days after the

15  June 24th date, so that if you do file a motion to dismiss what

16  will happen is we'll go ahead and give Mr. Bailey notice, so

17  that if he wants to respond or whatever, he may do so, okay?

18      (Court and Clerk Confer)

19          THE CLERK:  July 15th at 10:00 a.m.

20          THE COURT:  Okay.  July 15th at 10:00 a.m.

21          Now, here's where we are, Mr. Bailey.  If he files a

22  motion to dismiss on June 14th, I want you to respond by June

23  30th.  Did you get that, Mr. Bailey?

24          MR. BAILEY:  Yes, by June 30th.

25          THE COURT:  Okay.  And then, Mr. Hirsch, do you want

1  a reply date if you file a motion to dismiss?

2       MR. HIRSCH:  I would appreciate that, Your Honor.

3       THE COURT:  Okay.  I'm just going to go ahead and set

4  July 8th.

5       MR. HIRSCH:  Thank you.

6       THE COURT:  Now, Mr. Bailey, if he files an answer,

7  what we'll do on July 15th is just figure out where the two of

8  you are concerning scheduling of the matter, so you'll have a

9  separate meet-and-confer on this.  You'll decide how to set up

10  discovery, how to get it done.  You'll set up whether

11  dispositive motions will be filed.  You'll go through all of

12  that and you'll give me your report on July 15th.  That's if he

13  files an answer.

14       With me on that?

15       MR. BAILEY:  Yes, that would be the answer to my

16  third amended complaint?

17       THE COURT:  Correct.  So I've set it up --

18       MR. BAILEY:  Correct.

19       THE COURT:  -- no matter what he does, you'll know

20  how to proceed.

21       MR. BAILEY:  Yes.

22       THE COURT:  Okay.  And, Mr. Hirsch, anything else?

23       MR. HIRSCH:  I'm just trying to get the timeframes

24  together as far as 7026 and 7016 --

25       THE COURT:  Right.

1          MR. HIRSCH:  -- as far as meet and confer, initial
2     discussion, when the report --
3          THE COURT:  Right.
4          MR. HIRSCH:  -- would be due, and all those things
5     and --
6          THE COURT:  You should be okay with the 30 days
7     between the two.
8          MR. HIRSCH:  All right.  When then I'll make sure and
9     look at the rules when I get back and send an email to
10    Mr. Bailey, so --
11         THE COURT:  Right.
12         MR. HIRSCH:  -- to the extent there is an answer
13    we're clear on what we're supposed to be doing.
14         THE COURT:  Right.  I'm thinking of the deadlines and
15    you can obviously adjust those between the two of you, but the
16    normal required deadlines you should have enough time with 30
17    days.
18         MR. HIRSCH:  Yeah, 21 days.
19         THE COURT:  Yeah.
20         MR. HIRSCH:  I alerted the Court to this at the last
21    hearing, I'm alerting the Court and Mr. Bailey again --
22         THE COURT:  Right.
23         MR. HIRSCH:  -- my clients are still intending to
24    proceed with a lift-stay motion that should be within the next
25    couple days.

1          THE COURT:  Okay.

2          MR. HIRSCH:  But, again, don't want that to come as a

3  surprise or that I'm trying to pull the wool over anybody's

4  eyes.

5          THE COURT:  Okay.  All right.  And you heard that as

6  well, Mr. Bailey?

7          MR. BAILEY:  Yes, I did, Your Honor.  Thank you.

8          THE COURT:  Okay.  All right.  So we're all set on

9  that.  You've got some dates and times.  I'll see you later.

10          MR. HIRSCH:  Thank you, Your Honor.

11          THE COURT:  Okay.

12          MR. BAILEY:  Thank you, Your Honor.

13          THE COURT:  We'll take a brief break.

14      (Proceedings Concluded)

15

16

17      I certify that the foregoing is a correct transcript from

18  the record of proceedings in the above-entitled matter.

19

20

21

22  Dated: May 4, 2010

23                              _____
                                AVTranz, Inc.
24                              845 North Third Avenue
                                Phoenix, AZ  85003

25