Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Counsel for Defendants/Respondents

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>Debtor.<br><br>ANDREW C. BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK; CWALT INC. ALTERNATIVE LOAN TRUST; BAC HOME LOANS SERVICING LP, f/k/a COUNTRYWIDE HOMES LOANS; COUNTRYWIDE HOME LOANS; THE MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br><br>Defendants. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP<br><br>Adv. Proceeding No. 2:09-ap-01728-RTBP<br><br>**RESPONSE TO ANDREW C. BAILEY'S OBJECTION TO DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST TO PRODUCE DOCUMENTS**<br><br>**Hearing Date: Not yet set.**<br>**Hearing Time: Not yet set.** |

The Bank of New York Mellon, in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4 ("BNY Mellon"); BAC Home Loans Servicing, LP ("BAC"); and Mortgage Electronic Registration Service

668126.3 [0307032]

("MERS") (collectively, "Defendants/Respondents") hereby collectively file this response to the <u>Objection to Defendants' Response to Plaintiff's First Set of Interrogatories and First Request to Produce Documents</u> [Adversary Proceeding DE #32, Administrative Case DE #173] ("Objection")[1] filed by Andrew C. Bailey, the debtor and debtor-in-possession in the above-captioned bankruptcy case and the plaintiff in the above-captioned adversary proceeding ("Bailey").

The Objection, which relates to <u>Defendant Bank of New York Mellon's Response to Debtor's/Plaintiff's First Set of Interrogatories and First Request for Production of Documents</u> ("Discovery Response"), is procedurally improper and substantially fails to warrant any relief whatsoever in favor of Bailey. Accordingly, the Objection must be overruled. Additionally, because the Objection so profoundly fails to follow the procedural requirements set forth in applicable rules and lacks the substantive integrity to justify relief in favor of Bailey, the Defendants/Respondents are entitled to an award of reasonable attorneys' fees incurred in connection herewith.

In support of this response, Defendants/Respondents state as follows:

1. Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, Bailey must certify that he has, in good faith, conferred or attempted to confer with the Defendants/Respondents in an effort to resolve any discovery disputes without court action, and such certification must accompany Bailey's motion to compel discovery. Fed. R. Civ. P. 37(a)(1). Bailey has made no such attempt to confer with the Defendants/Respondents regarding the issues raised in the Objection, and no

---

[1] As set forth at footnote 1 of the Discovery Response, Bailey served virtually identical discovery requests on BNY Mellon in both the adversary proceeding and the administrative bankruptcy case, with the sole difference being Bailey's self reference as "Plaintiff" and "Debtor," respectively. Bailey has now filed his Objection in both the adversary proceeding and in the administrative bankruptcy case; the only differences between the two versions consist of (i) the elimination of the adversary proceeding number and (ii) the addition of several service parties in the version of the Objection filed in the administrative bankruptcy case. To avoid any doubt, and despite the redundancy, Defendants/Respondents file their collective response in the adversary proceeding and in the administrative bankruptcy case, modifying only the caption and the service list as appropriate in each.

668126.3 [0307032]

certification that Bailey has in good faith conferred or attempted to confer with the Defendants/Respondents accompanies the Objection. Therefore, Bailey's Objection is premature and the relief requested therein must be denied.

2. The Objection is an improper avenue for Bailey to raise his dissatisfaction with the responses he received to his discovery requests inasmuch as Bailey seeks to <u>object</u> to the Discovery Response. The Federal Rules of Bankruptcy Procedure provide no mechanism for Bailey to file with the Court an objection to the Discovery Response. Rather, Rule 37 of the Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, allow Bailey to file a motion with the Court seeking an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Objection merely complains about the Discovery Response, but does not constitute a motion to compel discovery and is procedurally improper. Therefore, the relief requested in the Objection must be denied.

3. To the extent that the Objection raises substantive issues to which a response is required, the Defendants/Respondents assert the following:

   a. Bailey's objection that the Discovery Response is somehow flawed because it was prepared by Defendants/Respondents' attorney is without merit. It is common practice for an attorney to prepare discovery responses, and to work with the client(s) to ensure the responses are factually accurate. That is precisely what occurred with respect to BNY Mellon's Discovery Response – counsel prepared an initial draft, and BNY Mellon's representative reviewed, modified as necessary to accurately reflect the facts stated therein, and authorized the Discovery Responses. Furthermore, the Defendants/Respondents have submitted various declarations in support of seeking stay relief in the administrative bankruptcy case that contain facts entirely consistent with the Discovery Response. Therefore, all responses contained in the Discovery Response are valid and admissible, and any objection on the basis that they were prepared by an attorney is meritless.

   b. Bailey's objection that the Discovery Response is incomplete or otherwise improper because only BNY Mellon responded to Bailey's discovery request is absurd. Bailey

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3

propounded its discovery requests upon BNY Mellon only. To date, Bailey has not propounded discovery upon the remaining Defendants/Respondents, and such Defendants/Respondents are under no obligation to respond to discovery propounded solely upon BNY Mellon.[2] Therefore, only BNY Mellon was obligated to respond to Bailey's discovery requests.

    c. Bailey's objection that the Discovery Response is insufficient, incomplete, or non-compliant also fails. As set forth in the Discovery Response, each of the interrogatories and production requests are objectionable on several grounds, including, without limitation, vagueness. To the extent BNY Mellon could, in good faith, provide a response or produce responsive documents, BNY Mellon did so. Accordingly, and subject to the stated objections, the Discovery Response and the documents produced therewith are appropriate and fully responsive to the interrogatories and requests for production of documents propounded upon BNY Mellon by Bailey. Furthermore, Bailey's Objection fails to reveal with any particularity any defects in the Discovery Response. To the extent BNY Mellon obtains further information or documentation responsive to Bailey's discovery request, and to the extent obligated to do so, BNY Mellon will adhere to its duty to supplement its Discovery Response.

    d. Bailey's objection that the Discovery Response was not filed with the Court and is improperly absent from the record is without merit. Bailey has not identified any rule or requirement that discovery responses be filed with the Court. Such silence is revealing—no such rule or requirement exists. In fact, Local Rule of Bankruptcy Procedure 5005-1(a) expressly provides that answers to interrogatories and responses to requests for production "shall not be filed with the court except that a 'Notice of Service' of the foregoing papers shall be filed." BNY Mellon properly filed a "Notice of Service" [Adversary Proceeding DE # 23, Administrative Case DE #162], which Bailey acknowledges in the Objection.

---

[2] Defendants/Respondents note that the discovery requests served by Bailey on BNY Mellon were almost exclusively overbroad, vague, or otherwise objectionable. Thus, to the extent Bailey does serve discovery requests on the other Defendants/Respondents that are identical to those served on BNY Mellon, there is a high likelihood that the responses will be substantially similar as those contained in the Discovery Response, and for similar reasons.

4

668126.3 [0307032]

4. Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, provides for the payment of reasonable fees incurred, including attorney's fees, in favor of a party that successfully opposes a discovery motion. Fed. R. Civ. P. 37(a)(5)(B). Bailey has failed to properly present his dispute to the Court, has failed to confer with the Defendants/Respondents as required, and has raised meritless arguments (including raising issues that are easily defeated by referring to the applicable rules of procedure). Bailey clearly does not like the discovery responses he received, but wasting the Court's and the Defendants/Respondents' time and resources with the meritless and procedurally improper Objection is inexcusable under the circumstances. The Defendants/Respondents should be awarded their reasonable attorneys' fees to compensate for such abuses and as a sanction to deter similar conduct by Bailey in the future.

WHEREFORE, the Defendants/Respondents respectfully request the Court enter an Order:

A. Overruling the Objection in its entirety;

B. Denying the relief requested in the Objection;

C. Requiring Bailey to comply with the procedural rules regarding discovery;

D. Awarding the Defendants/Respondents reasonable fees incurred in connection with this response, including attorneys' fees, pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, as an administrative expense priority claim; and

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

668126.3 [0307032]

E. Granting to the Defendants/Respondents such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 14th day of May, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH, 024155
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Counsel for Defendants/Respondents

COPY of the foregoing served via **email** this 14th day of May, 2010, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
Email: andrew@cameronbaxter.net
Appearing in Pro Per

/s/ Donna McGinnis

668126.3 [0307032]