

Reg Summons Iss'd Per Sue

RECEIVED
Filed

2010 MAY 27 P 1: 12

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

**ANDREW C. BAILEY**
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW C. BAILEY**<br>**Plaintiff.**<br><br>V.<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP; AND MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS INC; JOHN DOES 1-10 inclusive; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto,<br>**Defendant/s.** | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP<br>AP Case #: 2:09-ap-01728-RTBP<br><br><br>**THIRD AMENDED COMPLAINT FOR LACK OF STANDING, VOID CONTRACT, DAMAGES FOR FRAUD, FALSE REPRESENTATION, PREDATORY LENDING, QUIET TITLE, INJUNCTIVE RELIEF** |

Plaintiff Andrew C. Bailey, in pro per, alleges:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

2  3. There are multiple parties (Defendants known and unknown) who claim an interest in

3  Plaintiff's Property (the Property).

4

5  4. The parties claim an interest in the Property as a result of the securitization of a "loan

6  transaction" between Plaintiff and Countrywide Bank, FSB (a/ka/ Countrywide Home

7  Loans, Inc.)

8

9  5. Plaintiff has the right to know who these securitization parties are.

10

11 6. Plaintiff has the right to a full accounting of all debits and credits to his alleged account

12 with the parties.

13

14 7. Plaintiff makes no admissions unless expressly admitted herein.

15

16 8. Plaintiff admits to engaging in a purported "mortgage loan transaction" with

17 Countrywide Bank, FSB (a/k/a Countrywide Home Loans, Inc.) on or about March 29,

18 2007.

19

20 9. Defendant Countrywide subsequently became notorious for predatory lending practices.

21

22 10. Defendant Countrywide subsequently became notorious for improper foreclosure

23 practices.

24

25 11. Plaintiff is a resident of the State of Arizona living in and otherwise using and

occupying his home located at 2560 N. Page Springs Rd, Cornville, AZ 86325 (the "Property").

12. Defendant BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, is and was, at all times material hereto, a corporation organized in the State of Texas and doing business in the State of Arizona.

13. Defendant BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (BAC), is and was, at all times material hereto, the "loan originator" and "servicer" of the "subject loan".

14. Defendant THE BANK OF NEW YORK MELLON is and was, at all times material hereto, a corporation organized in the State of New York and doing business in the State of Arizona.

15. Defendant MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS INC (MERS) is and was, at all times material hereto, a corporation organized in the State of Delaware and doing business in the State of Arizona. On information and belief, MERS is not licensed to do business in the State of Arizona.

16. Defendant CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 is and was, at all times material hereto, a corporation organized in the State of California and doing business in the State of Arizona.

17. Defendants JOHN DOE 1-10 are undisclosed, unnamed and unknown investors,

participants, corporate or other entities, conduits, trustees, servicers, custodians and others in a controversial securitization scheme that involved the Defendants and other known and unknown parties.

18. The term "Defendant" shall hearinafter refer to each and all of the above-named defendants collectively and individually.

19. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 is allegedly the securities trust that includes Plaintiff's "loan".

20. Defendant CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 and others of the Defendants in the instant case are defendants in a recent securities fraud lawsuit filed in Los Angeles County, CA alleging fraudulent misrepresentation and other claims.

21. On April 8th, 2009 three of Plaintiff's unsecured creditors filed an involuntary petition against the Plaintiff for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

22. On May 28th, 2009 (the "Petition Date") this Court entered an order granting Plaintiff's motion to convert to Chapter11 thereby commencing the above-captioned lead case.

23. On December 23, 2009, Plaintiff filed the instant adversary proceeding.

24. Plaintiff has secured the services of an expert in securitized residential mortgage products and mortgage-backed securities who has executed a Declaration of his findings, opinions and recommendations. The Declaration will be updated and expanded during discovery.

25. Defendant represents that Plaintiff has an obligation owing and due.

26. Defendant claims to have documents with Plaintiff's bona fide signature.

27. Plaintiff never received an executed copy of the alleged promissory note or agreement that possesses Plaintiff's bona fide signature.

28. Plaintiff never received an executed copy of the alleged promissory note or agreement that possesses Plaintiff's bona fide signature.

29. Plaintiff's bona fide signature does not appear on the alleged obligation Defendant seeks to enforce.

30. Plaintiff did not enter into any agreement whereby Plaintiff allowed Defendant to take his note to pay off a third-party loan which Defendant obtained to fund Plaintiff's "loan".

31. Defendant used Plaintiff's note as "value" and returned the proceeds as a "loan", as evidenced by the "pay to the order of. . .without recourse" endorsement.

32. Defendant is not a holder in due course.

33. Defendant is not a holder.

34. Plaintiff has not defaulted on any valid loan obligation.

35. The original promissory note with Plaintiff's name on it could not be produced by Defendant.

36. Plaintiff's "loan transaction" was and is subject to undisclosed agreements to which Plaintiff was not a party, in violation of state and federal disclosure statutes (TILA et al).

37. Plaintiff has no obligation under those agreements.

38. On or about September 19, 2008 Plaintiff received a notice alleging default on the "loan".

39. Plaintiff denies that the alleged default exists or has been proven.

40. Third party payments have been made on the obligation and money has changed hands.

41. A full accounting was never provided in support of the alleged default.

42. On September 21, 2009, Plaintiff served a Qualified Written Request (QWR) pursuant to the Real Estate Settlement Procedures Act 12 U.S.C. § 2605 and a Debt Validation Letter pursuant to the Fair Debt Collection Practices Act 15 U.S.C §1692 on Defendant.

43. Defendant ignored the statutory requests and provided no 20-day acknowledgement and no 60-day response to the QWR and DVL.

44. Plaintiff served his First Set of Interrogatories and First Request to Produce Documents on Defendant on January 11, 2010. (Filed January 12, 2010 at doc #122 in the lead case).

45. On March 22, 2010 Defendant by and through attorneys Bryan Cave LLP filed a Response that avoids, refuses and fails to comply with the discovery requests.

46. The March 22, 2010 Response was by his own admission compiled by Defendant's attorney Kyle Hirsch, who has no personal knowledge.

47. To the date of this amended complaint Defendant has failed to identify which of the Defendant parties if any has enforceable rights.

48. Defendant has produced no enforceable original note with any assignment or allonge proving up the chain of title.

49. Defendant has failed to prove that it is the holder of rights under the alleged note, which would permit the legal holder thereof to declare a default which would trigger a foreclosure.

50. Defendant's November 12, 2009 Motion for Relief from the Automatic Stay was filed under Arizona's non-judicial foreclosure statute.

51. Plaintiff objected to and opposed the November 12, 2009 Motion, thus making the proceeding judicial.

52. From the moment of Plaintiff's objection he had the right to discovery and an evidentiary hearing.

53. Plaintiff opposed Defendant's Motion on the grounds that Defendant lacks standing and is not "the holder in due course" or "the current beneficiary" as asserted.

54. Defendant has never proved foundation, standing or authority to bring an action of foreclosure.

55. Based on the findings of the expert witness, there is conflict between the representations of Defendant and the expert witness, requiring inquiry and an evidentiary hearing.

56. Defendant as "trustee" for unnamed "Certificateholders" of a "trust" has failed to demonstrate that it and not the Certificateholders is the party with the true ownership interest in the "loan"

57. Defendant as "trustee" for unnamed "Certificateholders" has failed to demonstrate that it has any authority from the Certificateholders.

58. Defendant has steadfastly refused to explain the business relationships among the securitization parties, remaining silent on the subject, thereby denying and concealing the

very existence of the parties, the agreements among them, and the money that changed hands.

59. Defendant failed to join necessary and indispensable parties in the foreclosure action.

60. Defendant has not demonstrated actual or threatened injury as a consequence of any default.

61. Defendant has benefitted financially from the "loan transaction" with Plaintiff.

62. Severance of the ownership and possession of the original note and mortgage has occurred.

63. Defendant claims to be the true holder of the alleged note but has not proved and cannot prove that such is the case.

64. On or about May 14, 2010 Defendant submitted three Declarations in the lead case.

(a) The three Declarations purportedly support Defendant's allegations.

(b) Each of the three Declarations is incompetent hearsay by a person with no first-hand personal knowledge.

(c) Each of the three Declarations has been objected to in a separate pleading in the lead case.

65. Plaintiff's Third Amended Complaint is timely served in accordance with the Court's instructions.

66. Defendants, and all of them, are included in each and all of Plaintiff's allegations as and where applicable.

67. Exhibits and declarations previously filed by Plaintiff in this adversary proceeding and as Debtor in the lead case shall not constitute admissions.

68. Plaintiff will file and serve memoranda as needed in support of the following causes of action:

## FIRST CAUSE OF ACTION

### (LACK OF STANDING)

(All Defendants)

69. Plaintiff incorporates and re-alleges paragraphs 1-68.

70. Plaintiff requests that the Court enter an Order declaring that Defendant lacks standing to foreclose on Plaintiff's residence.

71. Defendant failed to provide foundation, admissible evidence or certified documentation that supports its assertion of standing or authority to foreclose.

72. Defendant has not demonstrated that it is the holder in due course or that is it the agent of the holder in due course.

73. There is no evidence that Defendant has been damaged.

74. There is no evidence as to the identity of the real holder in due course.

75. The alleged note evidencing Plaintiff's obligation is invalid.

76. The wrong party is named as lender on the alleged note and the alleged deed of trust.

**Statement of Facts**

77. The subject "loan transaction" (the "loan") was arranged by Countrywide Bank, FSB a/k/a Countrywide Home Loans, Inc.

78. The "loan" at the time of origination was subject to pre-existing undisclosed securitization contracts and agreements.

79. The "loan" was and is subject to securitization contracts and agreements pursuant to a Pooling and Servicing Agreement.

80. Plaintiff could not possibly have suspected, known or understood anything about the complex agreements, plans and intentions among and between the Defendants until very recently.

- 11 -

81. No evidence has been offered that the "loan" is actually in the "Trust" or that the "Trust" actually exists or that Defendant ever had or still retains any residual interest in such "Trust".

82. Defendant has steadfastly avoided Plaintiff's discovery requests.

83. Defendant has invoked Arizona's non-judicial foreclosure statute.

84. Arizona's non-judicial foreclosure statute is not applicable as Plaintiff has objected.

85. The alleged note and deed of trust ("loan") have been securitized, sold, transferred and assigned.

86. The copy of the alleged note offered as Exhibit "A" in Defendant's November 12, 2009 Motion for Lift of Stay carries no endorsements or allonge evidencing any sales, transfers or assignments of the alleged note.

87. Payments including third-party payments have been made and money has changed hands on Plaintiff's obligation.

88. Full disclosure of the securitization parties has been requested but not been provided.

89. A full accounting including third-party payments and debits has not been provided.

90. No evidence has been provided that the "loan" is in CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-

HY4 (the "Trust")

91. No evidence has been provided that the Certificateholders in the Trust have authorized Defendant to act in its behalf.

92. No Bond or Bond Indenture has been produced or offered.

93. Defendant lacks standing to seek relief, and yet has requested relief from the court in the form of a stay relief action which would be essentially a summary judgment based on untested and opposed allegations and documentation.

94. Defendant is seeking stay relief under Arizona's non-judicial foreclosure statute.

95. The contested matter is judicial, not non-judicial, because Plaintiff objected.

96. Due process requires discovery, admitted evidence, sworn witnesses and a hearing.

97. No discovery has been conducted, no evidence has been admitted, no witnesses have testified. Plaintiff's challenges to Defendant's standing have not been tested.

**98. Additional Arguments**

(i) Defendant lacks standing because there is no showing that a case or controversy exists between Defendant and Plaintiff. Under the terms of the alleged note, prescribed payments are due to the note holder. The note holder is either the original mortgagee or a successor in interest. Defendant is neither. Defendant has not proved that it is the holder of the note or the representative of the holder of the note. "To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the

defendant." <u>United Auto. Ins. Co. v. Diagnostics of S. Fla., Inc.</u>, 921 So.2d 23, 25 (Fla. 3d DCA 2006). <u>Friedman v. New York Life Ins. Co.</u>, 985 So.2d 56, 2008 (Fla.App. 4 Dist., April 16, 2008).

(ii) In addition, Defendant lacks standing because the note was securitized. There must be an allegation that the mortgagee, allegedly Defendant, is the present holder and owner of the mortgage and note. <u>Edason v. Central Farmers Trust Co.</u>, 129 So. 698 (Fla.1930); but see <u>Graham v. Fitts</u>, 43 So. 512 (Fla.1907). See also Hotel Management Co. v. Krickl, 158 So. 118 (Fla.1934); <u>O'Malley v. Harris</u>, 173 So. 355 (Fla.1937); <u>Lakeland Prod. Credit Assn. v. Coachman</u>, 5 So.2d 49 (Fla.1941); Willark House v. Espinosa, 328 So.2d 514 (Fla. 3 DCA 1976); Shapiro v. Family Bank, 538 So.2d 944 (Fla. 3 DCA 1989). Owner and Holder of Mortgage Note: <u>Philogene v. ABN Amro Mortg. Group Inc.</u>, 948 So. 2d 45 (Fla. 4th DCA 2006); <u>Mortgage Electronic Registration Systems, Inc. v. Revoredo</u>, 955 So. 2d 33 (Fla. 3d DCA 2007); <u>Mortgage Electronic Registration Systems, Inc. v. Azize</u>, 965 So. 2d 151 (Fla. 2d DCA 2007).

(iii) By transferring ownership and holding of the mortgage promissory note to certificate holders of a publicly traded security, the transfer negated the ability of the trustee or servicing agent to sue as the owner or holder of the promissory note. A mortgage cannot be foreclosed on behalf of the owner and holder of a note who does not actually own or hold the note. There is a difference between what is required to enforce a note and what is required to enforce a mortgage in foreclosure. The promissory note as a note remains enforceable if it has not been paid, but not the mortgage. The note is not secured by the Property.

## SECOND CAUSE OF ACTION

## (VOID CONTRACT)

### (All Defendants)

99. Plaintiff incorporates and re-alleges paragraphs 1-99.

100. Plaintiff requests that the Court enter an Order declaring that the alleged contract between Plaintiff and Defendant is void.

101. There is and was no contract because the "borrower" (Plaintiff) and the "lender" (Defendant) did not share any expectation that the "borrower" could perform. The Plaintiff intended to borrow money, pay it back, and own the property. Defendant intended to sell the loan to investors before Plaintiff defaulted and then profit by collecting settlements, after the inevitable default, from insurance companies as a result of purchasing multiple credit default swaps. Defendant further expected to take the collateral and gain title to the Plaintiff's home after the default.

102. There was no meeting of the minds or shared expectations between the parties, a threshold requirement for a valid contract.

103. The "loan" was not the straightforward home re-finance it was represented to be.

104. Defendant did not use its own money to fund the "loan" and acquire Plaintiff's promissory note.

105. Defendant sold Plaintiff's promissory note and used the proceeds of the sale to fund the "loan".

1   106. Plaintiff reasonably believed he was achieving his goal of home ownership, growing
2   real estate equity, and future security.

3
4   107. Defendant intended to make money from the securitization and servicing of the "loan",
5   from insurance payouts, and from other third-party sources.

6
7   108. Defendant knew that Plaintiff could not repay, but ignored and bypassed reasonable
  underwriting standards in approving the "loan".
8
9   109. Defendant intended and intends to take title to Plaintiff's home when he inevitably
10   went into default.

11
12   110. Additionally, the "loan" was and is subject to undisclosed pre-existing and subsequent
  contracts and agreements with and among undisclosed parties.
13
14   111. Plaintiff is not and was never a party to any of these additional contracts and
15   agreements, and is not obligated to any of the terms and conditions thereof.
16
17   112. For the reasons set forth above there is not and never was a contract between Plaintiff
18   and Defendant.

19
20 **THIRD CAUSE OF ACTION**
21 **(FRAUD, FALSE REPRESENTATION, PREDATORY LENDING)**
22 **(All Defendants)**
23
24   113. Plaintiff incorporates and re-alleges paragraphs 1-112.
25

114. Plaintiff requests that the Court enter an Order declaring Defendant guilty of fraud under Ariz. Rev. Stat. Ann. § 13-2310(A) inter alia, false representation, concealment, and predatory lending.

115. Plaintiff alleges nine elements of fraud as set forth below:

(1) Defendant represented itself as the lender in the "loan transaction", a straightforward re-finance of Plaintiff's existing home mortgage.

(2) The representation was false: Defendant was not the lender. Defendant was the "straw man" or nominee for an undisclosed party in a securitization scheme.

(3) The representation was material to Plaintiff's decision to re-finance, to enter into the contract, and to sign the agreement.

(4) At the time Defendant made the representation Defendant knew the representation was false or misleading.

(5) The representation was made with intent to deceive. Defendant meant for Plaintiff to rely on the representation that it was the lender. Defendant intended to deprive Plaintiff of the legal right and title to his home.

(6) Plaintiff did not know the representation was misleading or false.

(7) Plaintiff reasonably relied on the representation.

(8) Plaintiff's reliance was justified. Plaintiff believed he was making a solid investment based on Defendant's appraisal, the fact that Plaintiff was an expert in

home improvement, and the representation that he could re-finance in the future.

(9) Plaintiff has suffered economic and other damage as a result of his reliance. Plaintiff is in a much worse position than he was in before the re-finance.

## 116. Legal Discussion

All states maintain a general criminal statute designed to punish fraud. In Arizona, the statute is called the fraudulent scheme and artifice statute. It reads, in pertinent part, that "[a]ny person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions" is guilty of a felony (Ariz. Rev. Stat. Ann. § 13-2310(A)).

The relationship between parties can make a difference in determining whether a statement is fraudulent. A misleading statement is more likely to be fraudulent when one party has superior knowledge in a transaction, and knows that the other is relying on that knowledge, than when the two parties possess equal knowledge.

Misleading statements are most likely to be fraudulent where one party exploits a position of trust and confidence, or a fiduciary relationship. A statement need not be affirmative to be fraudulent. When a person has a duty to speak, silence may be treated as a false statement. This can arise if a party who has knowledge of a fact fails to disclose it to another party who is justified in assuming its nonexistence. Such an omission may be considered fraudulent. This is constructive fraud, and it is usually inferred when a party is a fiduciary and has a duty to know of, and disclose, particular facts.

There may be circumstances rendering failure to disclose facts fraud, invalidating a contract. The rule that failure to disclose facts is not fraud does not apply where the

circumstances are such as to impose a duty to disclose them. Thus, where, with intent to deceive, a party to a contract conceals material facts which good faith requires him or her to disclose, this is equivalent to a false representation.

In determining whether a party owed a duty to speak of a material fact, as to which he or she was silent, and hence was guilty of fraud invalidating the contract, the parties' situation, matters dealt with, and subject matter in hand must be considered. The duty to speak, rendering silence fraudulent, may arise from the confidential relation of the parties to the contract, or where one party knows that the other relies on him or her to tell him or her as to the facts of the case, in which case a duty arises not to conceal anything material to the bargain, although the parties do not stand in what is generally described as a fiduciary relation.

117. Plaintiff sues Defendant for damages: statutory and actual damages, return of all interest and principal paid, legal fees, treble damages and other damages known and unknown.

118. Defendant borrowed money from undisclosed parties to fund a "loan" which is allegedly secured by the Property.

119. Defendant did not use Defendant's own money to fund the "loan".

120. Defendant used money from an undisclosed source to fund the "loan".

121. Defendant has unclean hands. See e.g. Queiroz v. Harvey, 204 P. 3d 390 - Ariz: Court of Appeals, Div. 1, Dept. B 2009 ¶ 26.

122. The "loan" was a "no-documentation, interest-only" transaction.

123. No income verification was asked for or required.

124. Defendant knew that Plaintiff would be unable to pay off the "loan".

125. Defendant knew that Defendant would get the collateral, namely title to Plaintiff's home.

126. Pursuant to the foregoing, Defendant clearly engaged in predatory lending.

127. No Arizona licensed attorney was present at the "loan closing".

128. The "closing documents" were couched in complex, confusing terminology.

129. The "closing documents" named the wrong party as lender.

130. Plaintiff was fraudulently induced to take the deal.

130. Plaintiff would not have taken the deal had he known the true facts.

131. Defendant made false and misleading representations and remained silent when it should have spoken as set forth below:

    (a) Defendant falsely identified itself as the lender in the closing documents.

(a) The note falsely identifies Defendant as the lender.

(b) The deed of trust falsely identifies Defendant as the lender.

(c) Defendant was not the lender (the source of the money) but merely the nominee for an undisclosed principal.

(d) Defendant has subsequently misrepresented itself as "the current beneficiary" or "holder in due course" in Defendant BAC's proof of claim and Defendant BNY's motion for relief from the automatic stay.

(e) Defendant concealed, refused and failed to disclose or explain or account for its relationship with and among the various securitization parties, remaining silent on the subject, thereby effectively denying and concealing the very existence of the parties, the agreements among them, and the money that changed hands.

### FOURTH CAUSE OF ACTION
### (TO QUIET TITLE)
(All Defendants)

132.  Plaintiff incorporates and re-alleges paragraphs 1-131.

133. Plaintiff requests that the Court enter an Order quieting title to the Property and declaring that Plaintiff and his partner are the owners of the Property, and that Defendant has no interest in the Property adverse to the Plaintiff.

134. The basis of Plaintiff's title is a Warranty Deed granting the Property in fee simple to Plaintiff dated September 2, 2006 and recorded in the official records of Yavapai County, Arizona at Book 4306 Page 964 as Instrument #3908870 APN # 407-27-016C.

135. Plaintiff and Plaintiff's partner Constance Baxter Marlow are the only parties with any interest in the property.

136. Plaintiff and Plaintiff's partner are the sole owners of the Property.

137. There is slander of Plaintiff's title and a cloud on Plaintiff's title.

138. Defendant MERS is the alleged beneficiary under the note and deed of trust.

139. Defendant MERS transferred and assigned the note and deed of trust to third parties.

140. Defendant MERS had no right or authority to execute any such assignment or transfer.

141. Defendant claims or appears to claim an interest adverse to Plaintiff in the Property as purported holder of a note or Deed of Trust against the Property.

142. Some of the known and unknown defendants described as "Does" as set forth above may also claim interests in the Property adverse to Plaintiff as assignees and successors of Defendant.

143. There is no balance left owing on the obligation.

144. There is no holder in due course as a consequence of the securitization of the alleged promissory note.

145. The alleged promissory note, if such can be found, is void.

146. The alleged deed of trust is void.

147. There is no contract or binding agreement between Plaintiff and Defendant.

148. Plaintiff seeks to quiet title against the claims of Defendant, the claims of successor defendants, the claims of all unknown defendants whether or not the claim or cloud is known to plaintiff and the unknown, uncertain or contingent claim, if any, of any Defendant.

149. The claims of Defendant are without any right whatsoever and as such Defendant has no right, title, estate, lien or interest whatever in the Property or any part thereof.

150. Plaintiff seeks to quiet title as of a date to be determined.

## FIFTH CAUSE OF ACTION

### (INJUNCTIVE RELIEF)

#### TRO, PRELIMINARY AND PERMANENT INJUNCTIONS

151. Plaintiff incorporates and re-alleges paragraphs 1-150.

152. Plaintiff asks the Court for a temporary retraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from foreclosing on Plaintiff's home, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

153. Should the Court grant Defendant a lift of the automatic stay, the requested relief will become urgently necessary.

154. Beginning on about March 29, 2007 and continuing to the present time, Defendant, and each of them, wrongfully and unlawfully sought and continue to seek payment from Plaintiff for the "loan".

156. Beginning on about September 23, 2008 and continuing to the present time, Defendant, and each of them, wrongfully and unlawfully seek to foreclose on Plaintiff's home.

157. Defendant's actual and threatened wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and his partner. They will lose their home to foreclosure. Their business will be destroyed. Five years' worth of work and investment will be irrevocably lost.

158. Plaintiff has no adequate remedy at law for the injuries that have been suffered, are currently being suffered, and that are threatened.

159. It is impossible for Plaintiff to determine the precise amount of damages that he will suffer if Defendants' conduct is not restrained.

160. Plaintiff will be forced to institute a multiplicity of suits to obtain adequate compensation for his injuries.

161. As a proximate result of Defendant's wrongful conduct, Plaintiff's property has been substantially damaged.

162. Plaintiff will be further damaged in like manner so long as Defendant's conduct continues.

163. The full amount of this damage is not now known to Plaintiff.

164. Plaintiff will amend this complaint to state this amount when it becomes known to him or on proof of the damages.

WHEREFORE, the Plaintiff prays for judgment as follows:

1. For a judgment that Defendant does not have standing to pursue the foreclosure;
2. For an order requiring Defendant to provide a full accounting;
3. For general and special damages in amounts to be determined;

4. For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

5. For a judgment that Plaintiff and his partner are the owners of the Property, and that Defendant has no interest in the Property adverse to the Plaintiff;

6. For an order requiring Defendant to show cause why they should not be enjoined as set forth in this complaint, during the pendency of this action;

7. For a temporary retraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from foreclosing on Plaintiff's home;

7. For costs of suit incurred in this action; and

8. For such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated May 27th, 2010

**Andrew C. Bailey, Plaintiff**

**Verification of Complaint**

Plaintiff Andrew C. Bailey states under penalty of perjury that the facts and allegations set forth in the amended complaint are true and correct to the best of his knowledge and understanding.

Dated May 27th, 2010

Andrew C. Bailey, Plaintiff