ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-represented Litigant*

**FILED**
JUN 28 2010
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>ANDREW C. BAILEY<br>        Debtor | **Chapter 11**<br>Case # 2:09-bk-06979-PHX-RTBP<br><br>Adversary case # 2:09-ap-01728-SSC |
| ANDREW C. BAILEY<br>        Plaintiff<br><br>vs<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP; AND MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS INC; JOHN DOES 1-10 inclusive; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto,<br><br>        Defendants | **MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br><u>Subject property</u>:<br>2560 N. Page Springs Road,<br>Cornville, AZ 86325<br><br><u>Hearing Date</u>: July 15, 2010 at 10 a.m. |

Plaintiff Andrew C. Bailey, in Pro Per, hereby Responds to and Opposes Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint. Defendants are clouding the facts and presenting confused, incoherent and uninformed arguments, which have no merit. This Court should reject the arguments and deny the Motion – with prejudice.

This Response and Opposition is supported by the following Memorandum of Points and Authorities and by the entire record in lead case # 2:09-bk-06979-PHX-RTBP and adversary case # 2:09-ap-01728-SSC which are incorporated herein by this reference.

**Memorandum of Points and Authorities**

1. Defendants accuse Plaintiff of making "wild assertions". Plaintiff acknowledges that his position is challenging, especially to the "too big to fail" entities responsible for the foreclosure crisis. A crime has in fact been committed that is "too big to see". Millions of Americans are suffering as a result.

2. Aspects of Plaintiff's position are shared by numerous professionals in the field, including dozens of federal and state judges. A sampling of such judges includes: Schack (NY), Boyko (Ohio), Bufford (CA), Young (Massachusetts), Clinger (Arkansas), Federman (Missouri), Shiller (Suffolk County, NY), Shumate (Utah), Bailey (Florida), and judges in Idaho, Nebraska, Nevada, Kansas, and numerous other states. Judges are reversing themselves (In Re Visicaro). Arizona judges are granting injunctions, rather than rubber-stamping foreclosures.

3. Debtor refers this Court to three very recent decisions with bearing on this case, one in United States Bankruptcy Court for the District of Arizona, one in Arizona State Court, and one in United States Bankruptcy Court for the Western District of Missouri.

> (i) In Re: Weisband: On March 29, 2010 Arizona Bankruptcy Court Judge Hollowell essentially stripped MERS of its purported authority in Arizona. The case cites to the In Re Sheridan decision from the Idaho Bankruptcy Court and others. The Weisband decision has been hailed as a rejection of the Blau and Cervantes pro-MERS decisions from 2009 and is in line and consistent with the findings of the Supreme

Courts of Kansas, Nebraska, and Arkansas; the State Courts of Vermont, Missouri, and South Carolina; and the Bankruptcy Courts of Idaho and Nevada, which have dissected the purported expansion of MERS' alleged "authority" in mortgages and Deeds of Trust where MERS on the one hand attempts to confine itself to "only a nominee" but later attempts to anoint itself with the power to assign mortgages and notes and institute or further foreclosures. The great majority of the courts are finally starting to see though MERS' facade and relegate MERS to what it really is: nothing more than an entity which tracks the transfer of mortgages.

(ii) On May 28, 2010 Arizona State Court in Phoenix entered a restraining order cancelling a June 1, 2010 Trustee's Sale of a borrower's home which had been scheduled by MERS, Aurora Loan Servicing, and Quality Loan Service. The borrower presented evidence that the Notice of Trustee's Sale prepared by Defendant QLS was fraudulent, as it claimed that the "current beneficiary" was Defendant Aurora when in fact the purported MERS assignment to Aurora did not occur until one month after the Notice of Trustee's Sale was generated. In any event, MERS had no authority to assign anything.

(iii) June 3, 2010: *In Re: Box vs BAC Home Loans Servicing LP*. In this matter, the US Trustee opposed the relief, not the debtor. Marty Eugene Box and Tammy Jean Box, Debtors. Case # 10-20086. United States Bankruptcy Court, (W. D.) Missouri. Order Denying Motion For Relief From Stay. Arthur B. Federman, Bankruptcy Judge. Judge Federman concluded: "... BAC has not proven that it holds the Note. Thus, it has not established that it is a party in interest or that it has standing to seek

relief from the stay. ACCORDINGLY, the Motion for Relief from Stay filed by BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP is DENIED." (See also: Bellistri v. Ocwen Loan Servicing, LLC)

4. There are many other Judicial Proceedings against Defendants: For example Defendant CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 is the principal Defendant in a securities fraud lawsuit recently filed by investors in Los Angeles County District Court. The other defendants include precisely the Defendants in the instant proceeding. The case awaits resolution, but the very fact that the Investors in the Trust, which allegedly contains Plaintiff's "loan", allege fraud and misrepresentation on the part of Defendants, adds significant weight to Plaintiff's position.

5. Plaintiff's fraud allegations invoke Ariz. Rev. Stat. Ann. § 13-2310(A) *inter alia*. (emphasis added). State Court actions will follow these proceedings as appropriate.

6. Defendants assert that injunctive relief is unnecessary because the automatic stay remains in place. At the same time, they are asking this Court to lift the stay. Should the stay be lifted, an injunction will be essential if irreparable injury is to be avoided.

7. Plaintiff's request for a temporary retraining order (TRO) must fulfill four requirements:
    (i) Plaintiff must demonstrate a reasonable chance of success. Once the Court allows due process and discovery, the facts will show that Plaintiff is justified in his allegations as set forth in this complaint.

(ii) Plaintiff must demonstrate the certainty of irreparable harm. If the Court allows Defendant to proceed with the non-judicial foreclosure, Plaintiff and his partner will suffer irreparable harm. They will lose their home to foreclosure. They will be homeless.

(iii) Plaintiff must demonstrate that there will be no detriment to Defendant. Defendants have not invested one dollar in Plaintiff's property. They therefore have nothing to lose. Further, the TRO will help deter Defendant from the commission of a crime, to wit the fraudulent and unlawful taking of title to Plaintiff's home.

(iv) Plaintiff must demonstrate that the TRO would be in the public interest. As in (iii) above, the TRO will help to prevent the commission of a crime. Defendants' attorneys are assisting Defendant in committing fraud, fraud upon the Court, and upon the State of Arizona, and the body politic of Arizona. The TRO will help to prevent that.

8. Plaintiff has repeatedly requested that this Court allow discovery and an evidentiary hearing in this matter. Notably, Defendants' attorney has agreed on the record that "an evidentiary hearing may be necessary."

9. By law and precedent and in accordance with the Supreme Court of the United States *pro per* pleadings MAY NOT be held to the same standard as a lawyer's or attorney's. *Pro per* pleadings and papers may ONLY be judged by their function and never their form. *See:* Haines v. Kerner; Platsky v. CIA; Anastasoff v. United States; Pro Se litigants are to be held to less stringent pleading standards. *Pro per* pleadings are not to be dismissed for purely procedural reasons.

**Relief Sought**

Plaintiff's Third Amended Complaint is competently pled and raises serious questions and genuine issues of material fact. Therefore the Complaint should not be dismissed, and the Defendants should not be dismissed from the action. Defendants' Motion to Dismiss should be denied with prejudice.

**WHEREFORE** Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint, with prejudice.

Respectfully submitted this 28th day of June, 2010.

_____
**Andrew C. Bailey,** *Plaintiff*

**Certificate of Notice**

Copy of the foregoing was
mailed on 28th June, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406