39

FILED

AUG 2 0 2010

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

1  **ANDREW C. BAILEY**
2  2500 N. Page Springs Rd
   Cornville, AZ 86325
3  928 634-4335
   email: andrew@cameronbaxter.net
4
5  *Self-Represented Litigant*

6
   **IN THE UNITED STATES BANKRUPTCY COURT**
7
   **FOR THE DISTRICT OF ARIZONA**
8

9
   **ANDREW C. BAILEY**                    **Chapter 11**
10                    **Plaintiff.**         **BK Case #: 2:09-bk-06979-PHX-RTBP**
                                             **AP Case #: 2:09_ap_01728_SSC**
11
   V.
12
   THE BANK OF NEW YORK MELLON, as
13 trustee of the CWALT, INC.
   ALTERNATIVE LOAN TRUST 2007-HY4        **FOURTH AMENDED COMPLAINT**
14 MORTGAGE PASS-THROUGH                   **TO DETERMINE THE VALIDITY,**
   CERTIFICATES, SERIES 2007-HY4; BAC     **PRIORITY OR EXTENT OF A LIEN OR**
15 HOME LOANS SERVICING, LP F/K/A          **OTHER INTEREST IN REAL**
                                           **PROPERTY**
16 COUNTRYWIDE HOME LOANS                  **AND PETITION FOR**
   SERVICING, LP; COUNTRYWIDE BANK,        **INJUNCTIVE RELIEF.**
17 FSB; MORTGAGE ELECTRONIC
18 REGISTRATIONS SYSTEMS INC; AND
   JOHN DOES 1-10 inclusive,
19                    **Defendant/s.**      **Re: Real Property located at:**
                                            **2560 N. Page Springs Rd,**
20                                          **Cornville, AZ 86325**

21  COMES NOW the Debtor/Plaintiff, Andrew C. Bailey, and hereby submits his Fourth

22  Amended Complaint as set forth below. Additionally Plaintiff moves for a temporary

23  restraining order and a preliminary injunction enjoining Defendants from conducting a

24  Trustee's Sale unless and until such time that Defendants can establish to this Court that

25  they are qualified to act and exercise the powers and remedies of the Trustee and

– 1 –

Beneficiary pursuant to A.R.S. § 33-801 et seq.

Plaintiff alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a); 11 U.S.C. § 1123(b)(5); and Rule 7001, et seq. Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND MATERIAL FACTS**

3. Plaintiff is a resident of the State of Arizona living in and otherwise using and occupying his home located at 2560 N. Page Springs Rd, Cornville, AZ 86325 (the "Property").

4. Defendant BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, is and was, at all times material hereto, a corporation organized in the State of Texas and doing business in the State of Arizona.

5. Defendant COUNTRYWIDE BANK FSB, a defunct entity, is and was, at all times material hereto, the "originator" of the "subject loan". COUNTRYWIDE BANK FSB ceased to exist on or about July 2, 2008.

6. Defendant COUNTRYWIDE HOME LOANS, INC A/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, a defunct entity, is and was, at all times material hereto, the

"servicer" of the "subject loan". COUNTRYWIDE HOME LOANS, INC A/K/A COUNTRYWIDE HOME LOANS SERVICING, LP ceased to exist on or about July 2, 2008.

7. Defendant THE BANK OF NEW YORK MELLON (BONY MELLON) is and was, at all times material hereto, a corporation organized in the State of New York and doing business in the State of Arizona.

8. Defendant MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. (MERS) is and was, at all times material hereto, a corporation organized in the State of Delaware and doing business in the State of Arizona.

9. Defendant CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 is and was, at all times material hereto, a corporation organized in the State of California and doing business in the State of Arizona.

10. Defendants JOHN DOE 1-10 are undisclosed, unnamed and unknown investors, participants, corporate or other entities, conduits, trustees, servicers, custodians and others in a securitization scheme that involved the Defendants and other known and unknown parties.

11. The term "Defendant" shall hearinafter refer to each and all of the above-named defendants collectively and individually.

12. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH

08/23/2010

CERTIFICATES, SERIES 2007-HY4 is a mortgage-backed securities trust that allegedly includes Plaintiff's "loan". The trust is governed by a Pooling and Servicing Agreement dated May 1, 2007.

13. On April 8th, 2009 three of Plaintiff's unsecured creditors filed an involuntary petition against the Plaintiff for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

14. On May 28th, 2009 (the "Petition Date") this Court entered an order granting Plaintiff's motion to convert to Chapter11 thereby commencing the above-captioned lead case.

15. On December 23, 2009, Plaintiff filed the instant adversary proceeding.

16. Plaintiff is the owner of certain real property located at 2560 North Page Springs Rd, Cornville, Arizona (the "Property").

17. The Property is the Plaintiff's principal place of residence; additionally the Property is used as part of a bed and breakfast / retreat center business along with the contiguous property at 2500 N. Page Springs Rd.

18. On or about March 29, 2007 Plaintiff executed a Promissory Note in favor of Countrywide Bank, F.S.B. ("Countrywide") secured by a Deed of Trust on Plaintiff's residence. The Promissory Note and the Deed of Trust name Countrywide Bank, F.S.B. as the "Lender".

08/23/2010

19. The Deed of Trust names MERS as "the beneficiary under this security instrument." The Doc ID# is 00016499918403007. The MERS ID# (MIN#) is 1001337-0002066505-8.

20. The Trustee under the Deed of Trust is Fidelity National Title Insurance Co, an Arizona corporation.

21. It is not known at this time what consideration if any was paid by any of Defendants to obtain the alleged ownership of the Note and Deed of Trust.

22. On or about September 2, 2009 BAC Home Loans Servicing, LP (BAC) filed a proof of claim (POC) (Claims Register document 6-1), claiming to be owed $486,401.44 under the Note secured by the Deed of Trust. Although the POC was filed by BAC, attached to the proof of claim is a Promissory Note payable to Countrywide Bank, F.S.B. secured by a Deed of Trust executed by the Plaintiff in favor of Countrywide Bank, F.S.B. The Promissory Note carries no assignment of the Note to BAC or to Countrywide Home Loans, Inc, BAC's alleged predecessor in interest.

23. On or about November 12, 2009 THE BANK OF NEW YORK MELLON as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 filed a Motion for Relief from Stay pertaining to the subject property (Lead Case Doc # 82) which had attached thereto a copy of the purported Deed of Trust and a copy of the underlying Promissory Note. There are irregularities with certain of these and subsequent Exhibits as set forth below.

24. The Motion was accompanied by a Federal Fair Debt Collections Practices Act

08/23/2010

"Special Notice", to which Plaintiff timely responded. No reply was ever received, in violation of the relevant statute. (See Exhibit "A" Response to FDCPA Special Notice)

25. On February 2, 2010 this Court denied BONY Mellon's Motion for Relief from Stay without prejudice. The Court stated: *Movant failed to provide adequate information for the Court to determine that it is the real party in interest. The Court notes that the named lender on the Note and Deed of Trust is Countrywide Bank, FSB. However the Movant is BONY Mellon. The Movant has failed to demonstrate how BONY Mellon obtained its interest in the Note and Deed of Trust.*

26. On May 14, 2010 Defendant, after substituting counsel, renewed its Motion for Relief from Stay (Doc # 178). The renewed Motion now names three entities as Movants, not merely BONY MELLON but also BAC Home Loans Servicing, LP, and MERS. They did not include the FDCPA Special Notice.

27. The Renewed Motion claimed that BONY Mellon is the "holder in due course." Plaintiff questions that claim and alleges that there are breaks in the chain of title.

28. The Renewed Motion was supported by a number of Declarations to which the Plaintiff objected as incompetent hearsay by persons with no personal knowledge.

29. The Renewed Motion was supported by a <u>materially altered</u> version of the Note.

30. Plaintiff hereby Objects to the materially altered version of the Note, for reasons set forth below.

08/23/2010

**IRREGULARITIES WITH DEFENDANT'S EXHIBITS**

31. The purported Deed of Trust offered by Bank of New York Mellon by and through counsel Gerard R. O'Meara, Esq., on November 12, 2009 (Doc # 82 Exhibit "B"), carries no "MIN" number (MERS ID #) or Doc ID#. Both numbers appear to have been erased or "whited out" using correction fluid. The copy of the Deed of Trust previously filed with this Court and at the Yavapai County Recorder's Office carries both the MIN# and the Doc ID #. (Compare Exhibits "B" and "C". Exhibit "B" is front page of Doc #82, Ex.B. Exhibit "C" is front page of the Yavapai County original.)

32. The copy of the Note offered by Bank of New York Mellon by and through counsel Gerard R. O'Meara, Esq. on November 12, 2009 (Lead Case at Doc # 82 Ex. A), carries no endorsement or allonge or other evidence of any assignment. Neither does the copy of the Note provided by BAC on September 3, 2009 in support of its POC. (Exhibit "D" Unaltered Note back page)

33. However, the copy of the <u>identical</u> Note offered as Exhibit "A" by Declarant Jacqui E. Whitney in support of her May 14, 2010 Declaration, now carries, on the signature page, both a purported  Assignment and a purported Endorsement in Blank. (See Exhibit "E" Altered Note back page)

33. It is indisputable that the purported Assignment from Countrywide Bank, FSB to Countrywide Home Loans, Inc and the Endorsement in Blank from Countrywide Home Loans, Inc were stamped onto the Note between the dates of November 12, 2009 and May

08/23/2010

14, 2010.

34. Neither the purported assignment nor the purported assignment in blank are dated and neither Countrywide Bank, FSB nor Countrywide Home Loans, Inc were in business at the time the purported assignment was executed. The stamped assignments appear to have been fraudulently affixed in an attempt to prove up the chain of title.

35. Stamped on the signature (last) page of the altered Note offered as Whitney's Exhibit "A" is what purports to be an assignment, which states:

PAY TO THE ORDER OF

COUNTRYWIDE HOME LOANS, INC

WITHOUT RECOURSE

COUNTRYWIDE BANK, FSB

BY _____

LAURIE MEDER

SENIOR VICE PRESIDENT

The signatory, Laurie Meder, provides no employment information. She does not state what company she serves as "Senior Vice President". Presumably, her employer would have been Countrywide Bank, FSB. The "assignment" is undated.

Additionally the Note now carries a purported Assignment or Endorsement in Blank, which states:

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE

COUNTRYWIDE HOME LOANS, INC

BY _____

08/23/2010

MICHELE SJOLANDER

EXECUTIVE VICE PRESIDENT

Once again, the signatory, Michele Sjolander, provides no employment information. She does not state what company she serves as "Executive Vice President". Presumably, her employer would have been Countrywide Home Loans, Inc. Again, the "assignment in blank" is undated. (See Exhibit "E")

36. Neither the purported Assignment nor the Assignment in Blank has anything on it to identify that it relates to the Note in question. (See Exhibit "E")

37. Furthermore, both signatures appear to be photocopied. They are obviously not "wet" signatures. Ms. Meder and Ms. Sjolander may or may not know that their photocopied signatures were used in this manner. (See Exhibit "E")

38. The addition of a purported Assignment plus a purported Assignment in Blank is a material difference from copies of the Note previously on file in these proceedings as avowed "true and correct copies". (Compare Exhibits "D" and "E")

39. Neither Countrywide Bank FSB nor Countrywide Home Loans, Inc were in existence at the time the alterations to the Note were made, allegedly by officers of those companies. Countrywide Bank FSB and Countrywide Home Loans, Inc ceased to exist as of July 2, 2008, the date both companies were purchased by the Bank of America. The material alterations to the Note were made between the dates of November 12, 2009 and May 14, 2010 in a belated, improper and fraudulent attempt to prove up the chain of title.

08/23/2010

by Defendants is legitimate or effective.

41. The alterations to the Note appear to be an attempt to commit fraud upon this Court.

42. On information and belief, this Court's reliance upon the purported Assignment was pivotal to this Court's decision to lift the Automatic Stay.

43. On information and belief, this Court's reliance upon the purported Assignment was pivotal to this Court's decision to dismiss Plaintiff's previous amended complaints.

## PROOFS OF CLAIM

44. On or about September 2, 2009, BAC Home Loans Serving, LP, by and through Dean Prober, Esq., of the California law firm Polk, Prober and Rafael as counsel for BAC Home Loans Servicing, LP filed a Proof of Claim stating: " At the time this case filed, the TOTAL SECURED CLAIM (Payoff Amount) was $486,401.44."

45. Attached to the Proof of Claim were the Note, Deed of Trust, and Fixed/Adjustable Rate Rider to the Note. (see Exhibit "D" - Note)

46. Significantly, as of September 2, 2009 the Note does not carry any assignment or other stamp on the signature page or anywhere else. Such assignment is an absolute prerequisite for BAC Home Loans Serving, LP to enforce its claim. Absent such assignment BAC has no standing in the Plaintiff's bankruptcy proceedings. (see Exhibit "D" - Note)

## THE PROMISSORY NOTE

08/23/2010

47. On or about March 29, 2007 Plaintiff executed a Promissory Note in favor of Countrywide Bank, FSB, secured by a Deed of Trust on Plaintiff's residence.

48. In these proceedings, the original Promissory Note has not been produced by Defendant. At least two materially different copies of the Note have been produced, however, as set forth below:

49. The Note as filed with the Court on or about November 12, 2009, by Gerard O'Meara Esq. (BONY Mellon's counsel) in support of BONY Mellon's Motion for Relief from the Automatic Stay (Lead Case Doc # 82 Ex. A) has no assignment attached. (See Exhibit "D")

50. On or about February 23, 2010 counsel was substituted with respect to both BAC Home Loans Servicing, LP and BONY Mellon. The new counsel for all Defendant parties is Bryan Cave, LLP, which is authorized to accept service for all Defendant parties.

51. The Promissory Note was re-filed with the Court by the new counsel on or about May 14, 2010, (Lead Case Doc # 180 Ex. A). This version of the Note carried material alterations, to wit a purported Assignment and a purported Assignment in Blank. (See Exhibit "E")

52. Under penalty of perjury, Jaqui E. Whitney, Assistant Vice President/Paralegal in the Legal Department – Litigation Division of Bank of America Corporation, filed the altered Note (at Lead Case Doc # 180 Ex. A.) in support of the Defendant's Renewed Motion for Relief from the Automatic Stay (Lead Case at Doc # 178).

08/23/2010

53. The altered Note has an undated assignment, purporting to assign the Note from Countrywide Bank FSB to Countrywide Home Loans, Inc. Neither Countrywide Bank FSB nor Countrywide Home Loans, Inc. was in existence as of November 12, 2009, the earliest date the alteration could have been made.

54. The undated "assignment" stamped on the signature (last) page of the note is purported to have been executed by Laurie Meder, in her capacity as Senior Vice President of an unnamed and unidentified company. The assignment contains no identifiers (i.e., loan number, date or who it is payable to) that indicate that it is in any way related to the Note that it has become mysteriously attached to. Additionally, the signature appears to be a photocopy rather than being an actual or "wet" signature.

55. The Note has been filed with the Court on several previous occasions and avowed to be a true and correct copy each time.

56. It is incontrovertible that two <u>materially different</u> copies of the Note have been submitted to this Court.

**THE DEED OF TRUST**

57. The copy of the Deed of Trust filed with the Court as Exhibit "B", on or about November 12, 2009, by Gerard O'Meara, Esq. of law firm Gust Rosenfeld, P.L.C., (BONY Mellon's counsel) in support of BONY Mellon's Motion for Relief from the Automatic Stay (Doc #82) has no MIN # or Doc ID #. The numbers appear to have been erased or

"whited out" using correction fluid. (See Doc #82 Ex "B") (Exhibit "B")

58. It is not known by Plaintiff what might have motivated anyone to erase the MIN and Doc ID numbers from the Deed of Trust and to submit such an altered document to this Court. The act certainly smells of malfeasance. In any event the Motion was denied and counsel was substituted immediately thereafter.

**THE SUBSTITUTION OF TRUSTEE**

59. According to the Deed of Trust, the Trustee is Fidelity National Title Insurance Co, an Arizona corporation.

60. On or about September 26, 2008 Plaintiff received a notice alleging default on the "loan". The notice came from a Texas entity called "Recontrust Company". (Exhibit "F" Notice of Default)

61. On or about September 23, 2008 Recontrust Company, a Texas entity, was substituted by MERS, as recorded at Yavapai County Recorder's Office on that date. (Exhibit "G" Substitution of Trustee)

62. The Substitution of Trustee by MERS as Grantor to Recontrust is ineffective. MERS cannot substitute a trustee. MERS has no power or authority to do anything other than record the mortgage. See for example MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. v. SAUNDERS Supreme Judicial Court of Maine. August 12, 2010:

> [T]he only rights conveyed to MERS in either the Saunderses' mortgage or the corresponding promissory note are bare legal title to the property for the sole purpose of recording the mortgage and the corresponding right to record the

– 13 –

mortgage with the Registry of Deeds. The remaining, beneficial rights in the mortgage and note are vested solely in the lender and its successors and assigns. As discussed above, MERS's only right is the right to record the mortgage. Its designation as the "mortgagee of record" in the document does not change or expand that right; and having only that right, MERS does not qualify as a mortgagee pursuant to our foreclosure statute.

63. The Notice of Default and Notice of Trustee's Sale filed and recorded by Recontrust are ineffective because Recontrust is not a proper Trustee as set forth above. (See Exhibits "F" and "H")

**THE SECURITIES TRUST**

64. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4, the trust referenced in this case, had a closing date or cut-off date, the final date when properties could have been added to the trust under the terms of the Pooling and Servicing Agreement that governed the trust. The Agreement was dated May 1, 2007. Because there has never been any Assignment (recorded or unrecorded) of the Note or Deed of Trust to the trust, Plaintiff's loan was never in the trust.

65. No evidence has been offered that Plaintiff's loan was ever in the trust, other than an unsupported statement by Declarant Michael Cerchio that "it is my understanding that the Note is presently in the possession of BNY Mellon Trust Co as the designated agent of BNY Mellon, trustee of the Trust". (See Lead Case Doc # 182) The Declarant did not personally confirm that the Note was in the trust, or when it allegedly entered the trust, nor was it made clear whether the Note allegedly in the possession of BNY Mellon Trust Co was the original or the improperly altered version.

66. Therefore BONY Mellon, as alleged trustee for a trust which has not been shown to

08/23/2010

contain Plaintiff's loan, has no proven interest, ownership or authority in the Property.

67. There is no holder in due course, as a consequence of the securitization of the alleged promissory note. BONY Mellon is not the holder in due course.

68. Upon information and belief, the Note and Deed of Trust have become separated as a consequence of the securitization of the alleged promissory note. Severance of the ownership and possession of the original note and mortgage has occurred. Therefore the Note is unsecured and should be treated as an unsecured debt.

## THE "ASSIGNMENT" STAMPED ON THE BACK PAGE OF THE NOTE

69. The purported assignment was improperly stamped at some time between the dates of November 12, 2009 and May 14, 2010 on the signature page of the copy of the Note submitted by Jaqui E. Whitney. It is invalid because it was fraudulently created, is undated, and is improperly signed, *inter alia*.

70. Furthermore, the purported assignment is invalid because neither of the parties to the purported assignment was in business as of the date of the purported assignment. While the purported assignment is undated, the alteration to the Note occurred some time between November 12, 2009 and May 14, 2010. The "assignment" cannot be back-dated to a date prior to November 12, 2009, at which time neither of the parties to the purported assignment was in existence.

71. Even if the Court finds the assignment was properly stamped on the back page of the Note, it was fraudulently created in an attempt to give the appearance of propriety.

08/23/2010

72 . If the assignment is found to be fraudulent, none of the Defendants can be found to be a party in interest or a "real" party in interest, or to have either constitutional or prudential standing.

## AUTHORITY OF SERVICER OR TRUSTEE TO BE REAL PARTY IN INTEREST FOR INVESTORS

73. Defendant BAC cannot base their standing solely upon their alleged role as loan servicer.

74. Defendant BONY Mellon cannot base their standing solely upon the alleged existence of a trust for which they are the Trustee. As set forth above, Plaintiff's loan was never shown to be in the trust.

## APPLICATION OF FUNDS TOWARDS INDEBTEDNESS

75. The May 1, 2007 Pooling and Servicing Agreement provides for payment to the trust of substantial consideration which was never credited towards the indebtedness.

76 . It is believed that other insurance, governmental proceeds and/or credit default swaps have been disbursed as credit towards the underlying obligation.

77. Discovery must be conducted to determine the application of monies to the account.

08/23/2010

## CONCLUSION

78. Based upon the facts and circumstances set forth above, it is alleged that Defendants have no legal standing to assert a claim on the Promissory Note and Deed of Trust that is the subject matter of this litigation. There would appear to be secret and dishonest activity and alteration with regard to some of the documents submitted to this Court by Defendants. Defendant BONY Mellon claims to be the true holder of the note but has not proved that such is the case. There are significant breaks in the chain of title. A temporary restraining order should be granted until such time as these matters have been examined and resolved.

79. Plaintiff's Fourth Amended Complaint is timely served in accordance with this Court's instructions.

**WHEREFORE**, Plaintiff prays that this Court find as follows:

A. The assignment by Countrywide Bank, FSB to Countrywide Home Loans, Inc, purported to have been executed by Laurie Meder be declared to be invalid; and

B. The assignment in blank by Countrywide Home Loans, Inc, purported to have been executed by Michele Sjolander be declared to be invalid; and

C. The substitution of trustee to Recontrust, purported to have been executed by MERS be declared to be invalid; and

D. That any and all documents executed by Recontrust in this matter be declared to be

08/23/2010

invalid; and

E. That all funds paid by, or on behalf of, the Plaintiff be properly accounted for and applied; or the funds be returned to the Plaintiff; and

F. That the Defendants be declared to have no claim or standing whatsoever in the Plaintiff's bankruptcy due their failure to demonstrate any interest in the Note and Deed of Trust submitted in this matter; and

G. If the Court declines to eliminate Defendant's claim altogether; that the Note be determined to be unsecured as listed in Plaintiff's Amended Schedules, and be treated as an unsecured claim; and

G. That any recorded liens purported to be impressed on the Property as a result of the Note and Deed of Trust be released at the conclusion of the Plaintiff's Chapter 11 Plan; and

H. For an order requiring Defendant to show cause why they should not be enjoined as set forth in this complaint; and

I. For a temporary retraining order as set forth below.

RESPECTFULLY SUBMITTED this 18th day of August, 2010.

By _____

Andrew C. Bailey, Plaintiff

## PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

80. Plaintiff incorporates and re-alleges paragraphs 1-79.

Plaintiff hereby moves for a temporary restraining order and a preliminary injunction enjoining Defendant from conducting a Trustee's Sale unless and until such time that the Defendant can establish to this Court that they are qualified to act and exercise the powers and remedies of the Trustee and Beneficiary pursuant to A.R.S. § 33-801 et seq.

This motion is supported by the following Memorandum of Points and Authorities, paragraphs 1-80 above, and Exhibits A thru H which are incorporated herein by this reference.

### I. Introduction.

81. On or about July 29, 2010 the Defendant was awarded relief from the automatic stay by this Court.

82. The Court may have been left without a choice on the question of whether the stay should be lifted due to the limited issues presented, but new evidence and a closer look shows that Defendants presented fraudulent and altered documents.

83. As set forth above, the Note presented to the Court by Jacqui E. Whitney was materially different than the original presented to the Court on two previous occasions. The purported Assignment of the Note by Countrywide Bank, FSB to Countrywide Home Loans, LP. was added to the Note after the Countrywide entities were no longer in existence.

08/23/2010

84. Based on the fraudulent and misleading evidence presented to the Court, a temporary restraining order and preliminary injunction is required to prevent the impending Trustee's Sale.

## II. Statement of Facts.

85. Plaintiff is the owner of real property within the jurisdiction of this Court located at 2560 N. Page Springs Rd, Cornville, AZ 86325.

86. On or about March 29, 2007 Plaintiff executed a Promissory Note in favor of Countrywide Bank, F.S.B. ("Countrywide") secured by a Deed of Trust on Plaintiff's residence.

87. The Deed of Trust named Countrywide Bank, FSB as the "lender", MERS as the beneficiary, and Fidelity National Title Insurance Co, an Arizona corporation, as the Trustee.

88. During Plaintiff's Chapter 11 bankruptcy proceedings, BAC Home Loans Servicing, LP filed a Proof of Claim and BONY Mellon filed a Motion for Relief from the Automatic Stay.

89. The copy of the Note attached to BONY Mellon's Motion was identical to the copy of the Note attached to BAC's Proof of Claim. The attachments were avowed to be true and correct copies of the original Note. The copies of the Note attached to the Proof of Claim and Motion for Relief from the Automatic Stay carry no evidence of any assignment, assignment in blank, endorsement or allonge. A copy is attached hereto as Exhibit "D".

08/23/2010

90. However, the Note presented to the Court by Jacqui E. Whitney is materially different from the Note originally presented to the Court. A purported Assignment of the Note by Countrywide Bank, FSB to Countrywide Home Loans, LP. was added to the Note after the Countrywide entities were no longer in existence. See Exhibit "E" attached.

91. Laurie Meder and Michele Sjolander allegedly executed the Assignment and Endorsement in Blank respectively on the copy of the Note entered into evidence by Jaqui E. Whitney. See Exhibit "E" attached.

92. Plaintiff requests the opportunity to examine Laurie Meder and Michele Sjolander to determine whether they in fact executed the Assignment and Endorsement in Blank belatedly stamped upon the Note, and if so, why and upon what authority, given the fact that both Countrywide entities had been out of business for at least sixteen months at the time.

93. Additionally, the copy of the Deed of Trust filed with the Court on or about November 12, 2009, by Gerard O'Meara, Esq. of law firm Gust Rosenfeld, P.L.C., (BONY Mellon's counsel) in support of BONY Mellon's Motion for Relief from the Automatic Stay (Doc #82 Ex. A) has been materially altered. It has no MIN # or Doc ID #. The numbers appear to have been erased or "whited out" using correction fluid. (Lead Case at Doc #82 Ex. B) See Exhibit "B" attached.

94. Without an order from this Court, the Plaintiff's home will be sold at Trustee's Sale at Defendant's earliest opportunity.

**III. Legal Argument.**

08/23/2010

95. A Trustee's Sale is a statutory remedy provided to beneficiaries pursuant to a Deed of Trust. A.R.S. § 33-801 et seq., a "beneficiary" of a Deed of Trust is defined by A.R.S. § 33-801(1): "Beneficiary" means the person named or otherwise designated in a Trust Deed as the person for whose benefit a Trust Deed is given, or the person's successor in interest.

96. There is no Assignment of Deed of Trust recorded in Yavapai County identifying BONY Mellon as the current owner or beneficiary of the Plaintiff's mortgage. As set forth above there are significant breaks in the chain of title.

97. The Plaintiff is simultaneously filing his Fourth Amended Complaint to determine the extent, validity or priority of the Defendant's purported lien and this Petition for Temporary Restraining Order and Preliminary Injunction to preclude the Defendants from conducting a Trustee's Sale, until such time as the authenticity of the documents in these proceedings can be determined and the issues of who is the real party in interest, and who has prudential and constitutional standing can be examined.

98. Preliminary injunctions are appropriate where there is (1) a strong likelihood of success on the merits; (2) a possibility of irreparable injury not remediable by damages; (3) a balance of hardships in the Movant's favor; and (4) a public policy in favor of granting the relief. *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 280, 860 P.2d 1328, 1333 (Ct App. 1993).

**A. A Strong Likelihood of Success on the Merits.**

99. Defendants have been granted favorable verdicts by this Court on the basis of fraudulent or altered documents. The Automatic Stay has been lifted. Despite Defendant's avowals, the several <u>materially different</u> copies of the Note presented to this Court in the Proof of Claim and Motion for Relief from the Automatic Stay cannot all be true and correct copies

08/23/2010

of the original Note.

100. The purported "true and correct copy" of the Note most recently entered into evidence by BONY Mellon's sworn Declarant Jacquie E. Whitney on May 14, 2010 contains material alterations as set forth below and elsewhere in this pleading. (See Exhibit "E".)

101. An undated stamp carrying a purported Assignment of the Note form Countrywide Bank FSB to Countrywide Home Loans, Inc was added to the signature page of the Note at some time between the dates of November 12, 2009 and May 14, 2010.

102. Countrywide Bank FSB and Countrywide Home Loans, Inc did not exist between the dates of November 12, 2009 and May 14, 2010. Both entities were purchased by Bank Of America on or about July 2, 2008, approximately sixteen months prior to November 12, 2009.

103. There is no Assignment of the Deed of Trust to BONY Mellon on record.

104. There is no Assignment of the Note to BAC on record.

105. The Substitution of Trustee to Recontrust Company by MERS was improper.

106. The copy of the Deed Of Trust entered into evidence by BONY Mellon contains material alterations. The MERS ID # and Doc ID # were erased from the document. (Lead Case at Doc #82 Ex. B) (See Exhibit "B" attached.)

107. Clearly this Court cannot and will not condone the Defendant's willful misrepresentations to this Court. Therefore, there is a strong likelihood of success on the merits.

## B. Irreparable Injury Not Remediable by Monetary Damages.

108. The Plaintiff seeks to retain his family residence which is additionally used as an essential part of his business. When dealing with real property, a "...Court may assume the inadequacy of damages as a remedy without the necessity of a showing to that effect." *Sabin v. Rauch*, 75 Ariz. 275, 280 (Ariz. 1953).

## C. A Balance of Hardships in the Movant's Favor.

109. The hardship to the Plaintiff is extreme and the hardship to the Defendant is slight at best. The Plaintiff will sustain a loss of approximately $325,000 in equity if the house is sold at Trustee's Sale values, and will sustain untold permanent damage to his business.

110. The Defendant allegedly holds this property as one of many assets. They collectively hold many thousands of similar Deeds of Trust.

111. Granting the Temporary Restraining Order will only slightly delay a process that has already been a long process. If anything, the delay may help the Defendant. Property values appear to be rising slightly. Plaintiff will continue to care for and maintain the property as he has done for approximately five years.

## D. Public Policy.

112. The legislature created a very specific Deed of Trust statute. It represents a compromise between the rights of a creditor and the rights of a homeowner.

113. The creditor was given an expedited remedy in exchange for strict procedural safeguards. The Defendant must be held to these procedures. The very least of these

08/23/2010

procedures is to put true and correct documents into the record. According to the documents filed with this Court, the Defendant has not done so, and has in fact filed contradictory, altered and fraudulent documents.

114. Property rights are crucial to our social system. A full exploration of possible infringements should be conducted before a homeowner is stripped of their home and equity.

115. Public Policy also favors equitable behavior. In the instant case, the Defendants have acted in a highly inequitable manner:

• They presented a Note to this Court that is not a true and correct copy of the original Note.

• They presented a Deed of Trust to this Court that is not a true and correct copy of the original Deed of Trust.

• Laurie Meder, as Senior Vice President of an unspecified entity, is alleged to have signed the Assignment on the Note. The authenticity of this document remains in question.

• Michele Sjolander, as Executive Vice President of an unspecified entity, is alleged to have signed the Assignment in Blank on the Note. The authenticity of this document remains in question.

• The purported Assignment of the Note was executed at some unspecified date at which Countrywide Bank FSB and Countrywide Home Loans, Inc no longer existed.

• Lastly, MERS substituted Recontrust Company as Trustee but had no right or

08/23/2010

authority to do so.

**IV. Conclusion.**

The Defendant has engaged in inequitable conduct. They have obtained favorable decisions from this Court based on evidence that is, at best, a misrepresentation and, at worst, outright fraud. A Temporary Restraining Order is critical to maintaining the status quo and preventing a Trustee's Sale until discovery and an evidentiary hearing can be performed to evaluate the nature and extent of the infractions committed by the Defendant.

**WHEREFORE**, it is respectfully requested that:

A. The Defendants be enjoined from foreclosing or taking any other adverse actions against the Property without further Order of the Court; and

B. Such other relief be granted as this Court deems just and proper.

DATED this 18th day of August, 2010.

By_____
Andrew C. Bailey, Plaintiff

08/23/2010

**Verification of Complaint**

Plaintiff Andrew C. Bailey states under penalty of perjury that the facts and allegations set forth in his fourth amended complaint are true and correct to the best of his knowledge and understanding.

DATED this 18th day of August, 2010.

By_____
   **Andrew C. Bailey, Plaintiff**

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Gerard R. O'Meara Esq
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, AZ 85701-1620

December 10, 2009.

## Re: Attached Federal Fair Debt Collections Act
## "SPECIAL NOTICE" dated 11/12/2009

Dear Mr. O'Meara,

I hereby acknowledge receipt of the attached Federal Fair Debt Collections Act SPECIAL NOTICE and CONSUMER DISCLOSURE filed concurrently with your motion of 11/12/09. I am responding within the stated 30-day period.

1. With regard to the underlined section of the first paragraph of the notice, "Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents...." Nowhere in the attached documents is any response time specified. Neither does Local Rule 4001 appear to be specific as to response time. The Court was unable to clarify the issue when I telephoned with a query on the subject.

2. I hereby notify you, as attorneys of record for THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, that all or part of the alleged obligation or judgment to THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest is DISPUTED.

I await the prompt mailing of "a written verification of the obligations or judgment and the amounts owed to THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest."

Exhibit A

I note that no response time (on the bank's part) is specified in this matter, but ask you and your client to diligently expedite the matter. Assumedly this information is readily available, given your recent foreclosure-related action in the bankruptcy court.

3. In addition, I hereby request the name and address of the original "creditor", if different from the current "creditor" per the final sentence of the attached Special notice. Am I to understand the word "creditor" to be synonymous with the word "lender"? I specifically request the name, address and contact person of the actual lender, not the entity who acted as mortgage broker or loan originator. That entity was Countrywide Home Loans. The lender by definition is the person or entity who actually provided the money to fund the loan, and who would therefore be damaged by a default on the subject loan.

This information will greatly assist me, and the court, in determining who my lender is and how much I owe them. This is of course the primary purpose of the Qualified Written Request and Debt Validation Letter, which I have mailed to you today.

I look forward to your cooperation in clarifying these confusing matters,

Sincerely,

Andrew C Bailey

# SPECIAL NOTICE

## THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify The Bank of New York Mellon, f/k/a The Bank of New York, As Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4's attorneys in writing within 30 days that all or a part of your obligation or judgment to The Bank of New York Mellon, f/k/a The Bank of New York, As Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4 is disputed, then The Bank of New York Mellon, f/k/a The Bank of New York, As Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4's attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to The Bank of New York Mellon, f/k/a The Bank of New York, As Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4. In addition and upon your written request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

6

08/23/2010

Ana Wayman-Trujillo, Recorder
OFFICIAL RECORDS OF YAVAPAI COUNTY
TRANSNATION TITLE INS CO     DOT
B-4504 P-231
05/04/2007 04:06P
28.00  4134299

B-4504 P-231
Page: 1 of 18
DOT     4134299

After Recording Return To:



CA 91410-0423

Prepared By:
DENNIS GUTIERREZ

———————————— [Space Above This Line For Recording Data] ————————————

1358707
[Escrow/Closing #]                    [Doc ID #]

# DEED OF TRUST
### MIN

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   MARCH 29, 2007  , together with all Riders to this document.

(B) "Borrower" is
Andrew C. Bailey, an unmarried man and Constance Baxter Marlow, an unmarried woman

Borrower is the trustor under this Security Instrument. Borrower's mailing address is
2560 N PAGE SPRINGS RD
CORNVILLE, AZ 86325-6122
(C) "Lender" is
Countrywide Bank, FSB.

Lender is a
FED SVGS BANK

organized and existing under the laws of THE UNITED STATES

ARIZONA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
Page 1 of 11

VMP ‑6A(AZ) (0208)      CHL (08/05)(d)    VMP Mortgage Solutions, Inc. (800)521-7291         Form 3003  1/01 (rev. 6/02)
CONV/VA


* 23991 *



*Exhibit B*

EXHIBIT B DOC 82

08/23/2010



After Recording Return To:



Chicago Title  1358707
ServiceLink Division
4000 Industrial Blvd
Aliquippa, PA 15001
~~Van Nuys~~
~~CA 91410-0423~~

Prepared By:
DENNIS GUTIERREZ

*1595125*   9/7

———————————— [Space Above This Line For Recording Data] ————————————

1358707                          0001649991840 3007
[Escrow/Closing #]                     [Doc ID #]

**DEED OF TRUST**

MIN 1001337-0002066505-8

---

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MARCH 29, 2007 ,
together with all Riders to this document.

(B) "Borrower" is
Andrew C. Bailey, an unmarried man and Constance Baxter
Marlow, an unmarried woman

Borrower is the trustor under this Security Instrument. Borrower's mailing address is
2560 N PAGE SPRINGS RD
CORNVILLE, AZ 86325-6122
(C) "Lender" is
Countrywide Bank, FSB.

Lender is a
FED SVGS BANK

organized and existing under the laws of THE UNITED STATES

**ARIZONA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 11

-6A(AZ) (0208)    CHL (08/06)(d)    VMP Mortgage Solutions, Inc. (800)521-7291        Form 3003 1/01 (rev. 6/02)
CONV/VA

* 2 3 8 9 1 *

* 1 6 4 9 9 9 1 8 4 0 0 0 0 0 2 0 0 6 A *



Exhibit C

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ANDREW C. BAILEY                            -Borrower

_____ (Seal)
                                            -Borrower

_____ (Seal)
                                            -Borrower

_____ (Seal)
                                            -Borrower

*[Sign Original Only]*

Exhibit D -1
OMeara Doc 82 Exhibit A

08/23/2010

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
ANDREW C. BAILEY                          -Borrower

_____(Seal)
                                          -Borrower

_____(Seal)
                                          -Borrower

_____(Seal)
                                          -Borrower

*[Sign Original Only]*

Exhibit D-2
Claim 6-1

08/23/2010

Lender may require immediate payment in full of all sums secured by this Security Instrument. Lender shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ANDREW C. BAILEY                                    -Borrower

_____ (Seal)
                                                                        -Borrower

_____ (Seal)
                                                                        -Borrower

_____ (Seal)
                                                                        -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS, INC
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB
BY *Laurie Meder*
LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC
BY *Michele Sjolander*
MICHELE S. JOLANDER
EXECUTIVE VICE PRESIDENT

Exhibit E
Whitney Declaration Doc 130 Exhibit A
08/23/2010



01 080100290

TS No. 08-0100290
Property Address:
2560 N PAGE SPRINGS RD
CORNVILLE, AZ 86325-6122

September 19, 2008

## Important Legal Notice

**RECONTRUST COMPANY, acting in its capacity as trustee or substituted trustee, is required by law to advise you of the following:**

**RECONTRUST COMPANY is attempting to collect a debt and any information it obtains will be used for that purpose.**

**The name of the Creditor to whom the debt is owed:**
**THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS, CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4**

**Debt Validation Notice:**

If you believe that you may be entitled to the benefit of the Service Members Civil Relief Act of 2003, it is recommended that you consult with your attorney.

(a.) As of the date of this letter, you owe $436,941.00. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (800) 281-8219.

(b.) Unless you, within (30) days after the receipt of this letter, dispute the validity of the debt or any portion of the debt, RECONTRUST COMPANY will assume the amount to be valid.

(c.) If you notify RECONTRUST COMPANY in writing, to the address provided below within the thirty (30) day period, that you dispute the debt, or any portion of the debt, RECONTRUST COMPANY will obtain verification of the debt and mail it to you. If you so request in writing to the address provided below within the thirty (30) day period, RECONTRUST COMPANY will provide you with the name and address of the original creditor if it is different from the current creditor.

**RECONTRUST COMPANY**
2380 Performance Dr, RGV-D7-450
Richardson, TX 75082

Exhibit F

Sincerely,
**RECONTRUST COMPANY**

First American Title

RECORDING REQUESTED BY:
RECONTRUST COMPANY
2380 Performance Dr, RGV-D7-450
Richardson, TX 75082

WHEN RECORDED MAIL TO:
 COUNTRYWIDE HOME LOANS, INC
 400 COUNTRYWIDE WAY SV-35
 SIMI VALLEY, CA 93065
 Attn: FORECLOSURE DEPT
TS No. 08-0100290
Title Order No. 3871995
APN No. 407-27-016C

Ana Wayman-Trujillo, Recorder
OFFICIAL RECORDS OF YAVAPAI COUNTY
FIRST AMERICAN TITLE INS    SUTR
B-4623 P-252
09/23/2008 03:58P
14.00   4266293

B-4623 P-252
Page: 1 of 2
SUTR    4266293

FEE
$5
$8
$5
$1
$14

## SUBSTITUTION OF TRUSTEE ARIZONA

The undersigned beneficiary hereby appoints RECONTRUST COMPANY 2380 Performance Dr, RGV-D7-450 Richardson, TX 75082, SUCCESSOR TRUSTEE under the deed of trust executed by ANDREW C. BAILEY, AN UNMARRIED MAN AND CONSTANCE BAXTER MARLOW, AN UNMARRIED WOMAN, as trustor(s), in which MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., is named beneficiary, and FIDELITY NATIONAL TITLE INSURANCE CO. AN ARIZONA CORPORATION, as original trustee, and Recorded on 05/04/2007, in Yavapai County; Arizona, as Instrument Number 4134299, Book 4504, Page 231, and legally describing the trust property as

SEE ATTACHED EXHIBIT A - LEGAL DESCRIPTION

RECONTRUST COMPANY HAS BEEN APPOINTED AS SUCCESSOR TRUSTEE. RECONTRUST COMPANY QUALIFIES AS A TRUSTEE OF THE TRUST DEED UNDER ARIZONA REVISED STATUTES SECTION 33-803, SUBSECTION A. 5., BECAUSE IT IS A CORPORATION REGULATED BY THE OFFICE OF THRIFT SUPERVISION (OTS), SUCCESSOR TO THE FEDERAL HOME LOAN BANK BOARD.

DATED: 09/19/2008         MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

State of: _____Texas_____ )

County of: _____Dallas_____ )          _____Ladrado Guilford_____, Assistant Secretary

On 9/19/08 before me _____Rachel K. Wagema_____, personally appeared _____Ladrado Guilford_____, know to me (or proved to me on the oath of _____ or through _____) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Witness my hand and official seal.

_____Rachel K. Wagema_____
Notary Public's Signature

(Seal: RACHEL K. WAGEMA, NOTARY PUBLIC, STATE OF TEXAS, 02-09-2010)

*Form azsub (08/06)*

Exhibit G



Ana Wayman-Trujillo, Recorder    B-4623 P-253
OFFICIAL RECORDS OF YAVAPAI COUNTY    09/23/2008 03:58P
FIRST AMERICAN TITLE INS    NTS    14.00    4265284

B-4623 P-253
Page: 1 of 3
NTS    4265284

**First American Title**
RECORDING REQUESTED BY:
RECONTRUST COMPANY
2380 Performance Dr, RGV-D7-450
Richardson, TX 75082
WHEN RECORDED MAIL TO:
COUNTRYWIDE HOME LOANS, INC
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065
Attn: FORECLOSURE DEPT
TS No. 08-0100290
Title Order No. 3871995
APN No. 407-27-016C

FEE
$ 5

$8

$5

$1

$14

## NOTICE OF TRUSTEE'S SALE ARIZONA

The following legally described trust property will be sold, pursuant to the power of sale under that certain Deed of Trust Recorded on 05/04/2007, as Instrument Number 4134299, Book 4504, Page 231, in the records of Yavapai County, Arizona, at public auction to the highest bidder: On the front steps of the Old Yavapai County Courthouse, facing Gurley Street, Prescott, AZ. on 12/29/2008 at 11:00 AM of said day.

SEE ATTACHED EXHIBIT A - LEGAL DESCRIPTION. APN No. 407-27-016C

The Deed of Trust and/or Beneficiary provide the following purported property location:
2560 N PAGE SPRINGS RD, CORNVILLE, Yavapai County, AZ 86325-6122

Said sale will be made for cash (payable at time of sale), but without covenant or warranty, express or implied, regarding title, possession or encumbrances , to pay the remaining principal sum of the note secured by said Deed of Trust, which includes interest thereon as provided in said note, advances, if any under the terms of said Deed of Trust, interest on advances, if any, fees, charges and expenses of the Trustee and of the trust created by said Deed of Trust. The original sum of the note is $425,000.00. Trustee will accept only cash or cashier's check for reinstatement or price bid payment. Reinstatement payment must be paid before five o'clock P.M on the last day other than a Saturday or legal holiday before the date of the sale. The Purchaser at the sale, other than the beneficiary to the extent of his credit bid, shall pay the price no later than five o'clock P.M. of the following day, other than a Saturday or legal holiday.

Name and Address of Original Trustor: ANDREW C BAILEY, and CONSTANCE BAXTER MARLOW, 2560 N PAGE SPRINGS RD, CORNVILLE, AZ 86325-6122
Name and Address of Current Trustee: RECONTRUST COMPANY, 2380 Performance Dr, RGV-D7-450 Richardson, TX 75082 FOR INFORMATION/SALE INFORMATION CALL: (800) 281-8219
Name and Address of Current Beneficiary: MORTGAGE ELECTRONIC REGISTRATION, 400 COUNTRYWIDE WAY SV-35, , SIMI VALLEY, CA 93065 PHONE: (800) 669-6650

RECONTRUST COMPANY IS THE CURRENT TRUSTEE. RECONTRUST COMPANY QUALIFIES AS A TRUSTEE OF THE TRUST DEED UNDER ARIZONA REVISED STATUTES SECTION 33-803, SUBSECTION A. 5., BECAUSE IT IS A CORPORATION REGULATED BY THE OFFICE OF THRIFT SUPERVISION (OTS), SUCCESSOR TO THE FEDERAL HOME LOAN BANK BOARD.

Exhibit H

*Form aznos (05/08)*

08/23/2010

DATED: September 19, 2008

RECONTRUST COMPANY
As Trustee

State of: _____Texas_____ )  BY: _____
County of: _____Dallas_____ )     Mia Bowers, Team Member

On _9/19/08_ before me _____Rachel K. Wagema_____, personally appeared
_____MIA Bowers_____, know to me (or proved to me on the oath of
_____ or through _____) to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that he/she executed the same for the purposes and
consideration therein expressed.

Witness my hand and official seal.

_Rachel K. Wagema_
Notary Public's Signature

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.  THE DEBT SET FORTH ON THIS NOTICE WILL BE
ASSUMED TO BE VALID UNLESS YOU DISPUTE THE DEBT BY PROVIDING THIS OFFICE
WITH A WRITTEN NOTICE OF YOUR DISPUTE WITHIN 30 DAYS OF YOUR RECEIPT OF
THIS NOTICE, SETTING FORTH THE BASIS OF YOUR DISPUTE.  IF YOU DISPUTE THE
DEBT IN WRITING WITHIN 30 DAYS, WE WILL OBTAIN AND MAIL VERIFICATION OF THE
DEBT TO YOU.  IF THE CREDITOR IDENTIFIED IN THIS NOTICE IS DIFFERENT THAN
YOUR ORIGINAL CREDITOR, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS
OF THE ORIGINAL CREDITOR IF YOU REQUEST THIS INFORMATION IN WRITING WITHIN
30 DAYS.

08/23/2010