Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet:  rjmiller@bryancave.com
         kyle.hirsch@bryancave.com

Counsel for Defendants

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>Debtor | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| ANDREW C. BAILEY,<br>            Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS, SERVICING, LP; COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; JOHN DOES 1-10 inclusive,<br>            Defendants. | Adv. Proceeding No. 2:09-ap- 01728-RTBP<br><br>**DEFENDANTS' MOTION TO DISMISS, WITH PREJUDICE, PLAINTIFF'S FOURTH AMENDED COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN REAL PROPERTY AND PETITION FOR INJUNCTIVE RELIEF**<br><br>**Hearing Date: Not yet set.**<br>**Hearing Time: Not yet set.** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, defendants The Bank of New York

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

Mellon ("BNY"), in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4; BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BAC"); **Countrywide Bank, FSB** ("CB") and Mortgage Electronic Registration Systems Inc. ("MERS") (collectively, "Defendants") hereby move to dismiss, with prejudice, the Fourth Amended Complaint ("Fourth Complaint") filed by the plaintiff, Chapter 11 debtor Andrew C. Bailey ("Plaintiff"), for failure to state a claim upon which relief can be granted. This Motion is supported by the accompanying Memorandum of Points and Authorities and the Court's entire record in this adversary proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiff continues to drain this Court's and Defendants' valuable time and resources. On July 30, 2010, this Court entered its Memorandum Decision ("Memorandum Decision") dismissing the Plaintiff's Third Amended Complaint without prejudice. The Memorandum Decision meticulously establishes Defendants' rights to enforce the underlying loan obligations and to foreclose on the real property securing same, but allowed the Plaintiff with one final opportunity to amend his complaint to properly plead allegations relating specifically to the narrow issue of federal borrower protection laws.

The Fourth Complaint, however, like the prior complaints filed in this adversary proceeding, fails to state a cognizable claim for relief. Plaintiff has been urged by the Court to retain legal counsel, but has brazenly continued to represent himself in pro per. Accordingly, and like the several complaints filed by the Plaintiff in this adversary proceeding, the Fourth Complaint cannot survive dismissal as a matter of law. The Fourth Complaint contains meandering allegations and seeks nine (9) separate requests for relief (including injunctive relief) without asserting a single cause of action. The relief sought in the Fourth Complaint (including injunctive relief) relates specifically to issues that this Court has already decided, namely the Defendants' entitlement to enforce Plaintiff's loan obligations and default remedies, which

therefore cannot be attacked anew. Most strikingly, the Fourth Complaint does not seek **any** relief relating to federal borrower protection laws.

The Plaintiff has been given ample opportunities to properly plead his case. The Court provided Plaintiff one final chance, which Plaintiff has squandered. The Fourth Complaint fails to satisfy the minimal pleading standards, and dismissal with prejudice is imperative.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

Because a motion to dismiss is directed solely to the facts asserted in the Fourth Complaint, Defendants recite only facts alleged by the Plaintiff in the Fourth Complaint[1] and matters of record in this adversary proceeding.

1. The Plaintiff is the debtor in bankruptcy under proceedings that commenced on or about April 8, 2009 as involuntary Chapter 7 proceedings converted by order dated May 28, 2009 to Chapter 11 proceedings. [Complaint, ¶¶ 13-14]

2. Plaintiff executed a Promissory Note on or about March 29, 2007 ("Note"), secured by a Deed of Trust ("Deed of Trust") on the real property located at 2560 N. Page Springs Road, Cornville, Arizona ("Property"). [Complaint, ¶¶ 16-18]

3. The Court entered the Memorandum Decision on July 30, 2010 at Docket Entry #48, which included findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. [Memorandum Decision, at 2 lines 18-19]

4. The Court acknowledges the validity of Defendants' collective rights in and to the Note and the Deed of Trust, including enforcement of the remedies set forth therein. [Memorandum Decision, at 2-5]

5. The Court afforded "the Plaintiff with a final opportunity to file an amended complaint" to determine whether there has been a violation of the Plaintiff's rights under the Fair Debt Collection Practices Act, 15 U.S.C/§1692; the Federal Truth-in-Lending Act, 15 U.S.C.

---

[1] The Defendants dispute facts asserted in the Fourth Complaint, but for purposes of this Motion only, Defendants assume the truth of any properly pleaded factual allegations (but not conclusory allegations, conclusions of law disguised as allegations, or allegations of fact contradicted by facts of which the Court may take judicial notice).

3

§§1601-1665; and/or the Real Estate Settlement Procedures Act, 12 U.S.C. §2605. [Memorandum Decision, at 7-8]

6. On August 20, 2010, Plaintiff filed the Fourth Complaint, seeking nine (9) counts of relief including an injunction preventing Defendants from exercising their rights to non-judicial foreclosure of the Property "unless and until such time that the Defendant can establish to this Court that they are qualified to act and exercise the powers and remedies of the Trustee and Beneficiary pursuant to A.R.S. §33-801 et seq." [Complaint, at 17-19]

7. The Fourth Complaint asserts no causes of action[2] and seeks no relief premised on violations of federal borrower protection laws.

## III.  THE APPLICABLE LEGAL STANDARD.

A complaint should be dismissed under Rule 12(b)(6) if it fails to state a "plausible claim for relief." *See Aschcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quotations and citation omitted). This plausibility standard tests the sufficiency of the "short and plain statement of the claim showing that the pleader is entitled to relief" required under Federal Rule of Civil Procedure 8 ("Rule 8"). *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.

Two principles underlie the minimal pleading requirements. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and need not be accepted as true. *Id.* at 1949-50. After the Court eliminates the conclusory allegations, the remaining allegations of the complaint must state a facially plausible claim for relief. *Id.* at 1950.

The Court is not "required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Rather, the Court may also consider matters subject to judicial notice in connection with deciding a motion to dismiss. *Pesci v. IRS*, 67 F.Supp.2d 1189, 1191-92. A

---
[2] To the extent Plaintiff's request for injunctive relief constitutes a "cause of action," no other cause of action is asserted in the Fourth Complaint.

4
675831.1 [0307032]

court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is mandatory "if requested by a party and [the Court is] supplied with the necessary information." Fed. R. Evid. 201(c). Matters of public record are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (district court may properly take judicial notice of undisputed matters of public record). Court records, whether from the presiding court or from other courts, are also appropriate documents for judicial notice. *United States v. Author Servs., Inc.,* 804 F.2d 1520, 1523 (9th Cir. 1986) ("It is well established that a court may take judicial notice of its own records."), as amended, 811 F.2d 1264 (9th Cir. 1987).

## IV. **ARGUMENT**.

The Fourth Complaint fails to meet the threshold pleading requirements sufficient to defeat dismissal, and under the circumstances, dismissal with prejudice is justified.

### A. **Failure To Assert Any Causes Of Action**.

The Plaintiff has pled no causes of action in the Fourth Complaint, so there is no basis in law for the relief requested. Accordingly, the Complaint fails to state any claim for which relief can be granted and dismissal is appropriate.

### B. **Injunctive Relief Is Unjustified Based On Law Of The Case**.

To the extent the Plaintiff's "Petition For Temporary Restraining Order And Preliminary Injunction" constitutes a cause of action, Plaintiff cannot establish a right to the relief requested. Plaintiff seeks injunctive relief "unless and until such time that the Defendant can establish to this Court that they are qualified to act and exercise the powers and remedies of the Trustee and Beneficiary pursuant to A.R.S. §33-801 et seq." [Complaint, at 19] No claim for relief is plausible.

In the Memorandum Decision, the Court made specific findings regarding the Defendants' rights in and to the loan obligation. The Court's findings are law of the case, a judicial invention designed to aid in the efficient operation of court affairs. *Herrington v. County*

5

*of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993). "Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Id.* Plaintiff has not challenged the findings set forth in the Memorandum Decision, and the time for doing so through a motion for a new trial or to alter or amend a judgment under Federal Rule of Bankruptcy Procedure 9023 or by appeal under Federal Rule of Bankruptcy Procedure 8001 and 8002 has expired. *See* Fed. R. Bankr. P. 9023 (incorporating Federal Rule of Civil Procedure 59, which provides for a fourteen-day period for filing such motion); Fed. R. Bankr. P. 8001, 8002 (setting forth the process for appealing a final judgment or order, including a fourteen-day period within which to file the notice of appeal).

Plaintiff cannot use the Fourth Complaint to challenge the specific findings of this Court. Law of the case establishes that Defendants are entitled to enforce the loan obligation, including the right to foreclose as set forth in the Deed of Trust. Plaintiff has failed to set forth a plausible claim for injunctive relief, and denial of the Plaintiff's request for injunctive relief is justified.

**C.  Dismissal With Prejudice Is Justified.**

The Plaintiff has been afforded with the chance to amend his complaint several times to satisfy the lenient standards for withstanding a motion to dismiss, and has even been guided by the Memorandum Decision as to what properly pled claims may survive to be decided on the merits. Yet once again, the Plaintiff has failed to properly plead.

Plaintiff has demonstrated, time and time again, his inability to articulate any cognizable cause of action against Defendants, and Plaintiff has either refused, neglected, or been unable to retain legal counsel. Everyone involved is suffering – Plaintiff cannot proceed, the Court and its staff is burdened with dismissal proceedings, and Defendants remain embroiled in defending against severely flawed and generally incomprehensible complaints. Plaintiff should not, and cannot, be allowed another bite at what is now an apple core.

675831.1 [0307032]

Each time Plaintiff has filed an amended complaint, Defendants have successfully obtained dismissal, while incurring significant expense. This "final opportunity" is no different, as Plaintiff has failed, again, to properly plead and Defendants, again, incur significant expense seeking dismissal of the Fourth Complaint.

The circumstances here provide ample justification for dismissing with prejudice. The Plaintiff's Chapter 11 case does not appear destined for any realistic reorganization or payout to creditors, and even if creditors were paid, Defendants are hamstrung by the state's antideficiency laws and are not likely to recover any of the legal fees incurred in connection with this adversary proceeding. Additionally, Plaintiff was given a final chance to plead specific causes of action based in federal borrower protection law violations, but instead used the opportunity to file another incoherent and legally deficient complaint lacking any specific grounds for relief. Unless dismissal is with prejudice, Plaintiff will continue to amend without the proper legal guidance, which will cause Defendants to incur additional legal expenses which cannot be recovered under any circumstances. Accordingly, allowing Plaintiff even one more opportunity to amend in this Court or the ability to seek relief anew in another forum is unfairly harmful to Defendants.

Under the circumstances, dismissal of the Fourth Complaint and of this adversary proceeding with prejudice is justified to prevent Plaintiff from seeking any relief relating to the Deed Of Trust, the Note, or any matter relating thereto including but not limited to alleged violations of federal borrower protection laws.

**V.     RELIEF REQUESTED.**

WHEREFORE, Defendants request that the Court enter an order:

a. dismissing this adversary proceeding in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), **with prejudice**; and

675831.1 [0307032]

b. granting such further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 13th day of September, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH, 024155
    Robert J. Miller
    Kyle S. Hirsch
    Two North Central Avenue, Suite 2200
    Phoenix, Arizona 85004
    Attorneys for Defendants

COPY of the foregoing served via **email** this 13th day of September, 2010, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
Email: andrew@cameronbaxter.net
Debtor in Pro Per

/s/ Donna McGinnis

675831.1 [0307032]