ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
email: andrew@cameronbaxter.net

*Self-Represented Litigant*

**FILED**

SEP 2 7 2010

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| ANDREW C. BAILEY<br>**Plaintiff.**<br><br>Vs<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP; COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS INC; AND JOHN DOES 1-10 inclusive,<br>**Defendant/s.** | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP<br>AP Case #: 2:09-ap-01728-SSC<br><br>**PLAINTIFF'S OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>Re: Real Property located at:<br>2560 N. Page Springs Rd,<br>Cornville, AZ 86325 |
|---|---|

COMES NOW the Debtor/Plaintiff, Andrew C. Bailey, and hereby Opposes and Responds to the Defendants' Motion to Dismiss the Plaintiff's Fourth Amended Complaint as set forth below. Plaintiff re-alleges each paragraph in his 4th amended complaint.

## INTRODUCTION

Once again the Defendants set out to distract the Court from the genuine issues of material fact alleged in the 4th Amended Complaint, which the Defendants steadfastly avoid and

never address or answer. There are material issues of fact concerning who owns the mortgage, i.e. the identity of the real party in interest. The Defendants refuse to comply with discovery: the QWR, Request to Produce Documents, and Interrogatories. The disputed matters could have been clarified many months ago. Instead the Defendants seek and obtain dismissal and other relief without ever answering the complaint or complying with the statutes.

The Defendants hope that the Court will fail to notice the merit in the Plaintiff's allegations and the impropriety in the Defendants' filings. The Defendants have obtained favorable decisions from this Court on the basis of improper and deceptive filings and falsified documents. Should the Court grant the instant Motion to Dismiss, the Defendants will have succeeded in deceiving and defrauding the Plaintiff and the Court without ever being required to produce documents for analysis or answer the charges against them.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. The Defendants have made at least four improper and deceptive filings with this Court during the course of Plaintiff's Ch 11 bankruptcy proceedings, as summarized below and as alleged in detail in the 4th Amended Complaint. They have obtained favorable decisions from this Court based on evidence that is at best, misrepresentation, and at worst, outright fraud. These improper filings appear to constitute fraud and constructive fraud upon the Plaintiff and fraud upon the Court.

2. It is fundamental to the operation of law that genuine, valid, un-doctored documents be filed in support of pleadings, and that attorneys verify and be held responsible for the documents filed with those pleadings. The Defendants and their attorneys have repeatedly

failed to do so in the instant proceedings. There is a pattern of behavior here. These improper actions, if proven, are cause to impose sanctions on the Defendants and their attorneys pursuant to Fed. R. Bankr. P. 9011, 3001, Local Bankruptcy Rules 4001(e) and 9011-1 and 11 U.S.C. § 105. See for example In Re: *Julia V. Vasquez*. August 6, 2010. Order to Show Cause why Sanctions Should not be Imposed, Arizona Bankruptcy Judge Eileen W. Hollowell.

3. The Defendants have made the following four improper and deceptive filings:

i. Sept 2, 2009: Improper filing of Proof of Claim ("POC") by Defendant BAC Home Loans Servicing, LP. The POC was filed by attorney Dean Prober of the California law firm Polk, Prober and Rafael. The copy of the Note attached to the POC carried no assignment or endorsement to BAC Home Loans Servicing, LP or to anyone else. The copy of the note carried no assignment, endorsement or allonge whatsoever.

ii. Nov 12, 2009: Improper filing of Motion for Relief from Stay ("MRS") by Defendant BONY Mellon on. The MRS was filed by attorney Gerard O'Meara of the law firm Gust Rosenfeld, P.L.C. Movant filed the identical copy of the note as in (i) above. The copy of the Note filed as Exhibit "A" carried no assignment or endorsement to Defendant BONY Mellon or to anyone else. The copy of the note carried no assignment, endorsement or allonge whatsoever. No evidence was offered as to how BONY Mellon claimed to be a party in interest. The Court denied the MRS on February 2, 2010.

iii. Nov 12, 2009: The copy of the Deed of Trust filed with the MRS as Exhibit "B" by

attorney Gerard O'Meara in support of the MRS had been <u>materially altered</u>. The MIN # and Doc ID # had been erased or whited out. The Court denied the MRS on February 2, 2010.

iv. May 14, 2010: Improper filing of Renewed Motion for Relief from Stay (and accompanying Whitney Declaration) filed by attorney Kyle Hirsch of law firm Bryan Cave LLP. The Motion and Declaration were supported by a <u>materially altered version</u> of the Note, which the Court accepted at face value and upon which it specifically relied in reaching its decision to grant the lift of stay. The Court granted the MRS on July 29, 2010.

4. The Court's July 30, 2010 Memorandum Decision states: "Defendant BONY Mellon provided a series of endorsements on the Note, reflecting that Countrywide Bank, FSB, as the initial payee, transferred its interest to Countrywide home Loans, Inc, which transferred its interest, by blank endorsement, to any holder in due course." (Page 3, lines 1-3) and "The (Whitney) Declaration has a series of endorsements set forth on the last page of the Note, which is Exhibit A to the Declaration." (Page 3, lines 19-20).

5. The newly-produced, altered Note has an undated endorsement and assignment, purporting to assign the Note from Countrywide Bank FSB to Countrywide Home Loans, Inc. However, neither Countrywide Bank FSB nor Countrywide Home Loans, Inc. was in existence as of November 12, 2009, the earliest date the alteration could possibly have been made. The newly-produced Note has clearly been doctored in an attempt to give the appearance of propriety.

6. The unaltered Note has been filed with the Court on several previous occasions and avowed to be a true and correct copy each time. It is incontrovertible that two <u>materially different</u> copies of the Note have been submitted to this Court.

7. It is clear that this Court's specific reliance upon the fraudulent endorsements and assignment on the altered Note was pivotal to this Court's decision to lift the Automatic Stay.

8. Additionally, this Court's specific reliance upon the fraudulent endorsement and assignment on the altered Note was pivotal to this Court's decision to dismiss the Plaintiff's Third Amended Complaint.

9. This Court has not yet reached a final judgment in these matters. Plaintiff opposes Defendants' statement that it is too late to consider or re-consider the issues before the Court, including the validity of documents filed. New evidence allows for reconsideration. Neither the Court nor the Plaintiff previously questioned the discrepancies noted above.

10. The Court's July 30, 2010 Order states "the Plaintiff shall have 21 days from the date of this Order to file a Fourth Amended Complaint which shall set forth cognizable claims that this Court may consider." No mention is made of "one final opportunity to amend his complaint to properly plead allegations relating specifically to the narrow issue of federal borrower protection laws". Defendant is putting words into the Court's mouth. Plaintiff has adequately stated a number of cognizable claims, including the allegation that Defendants failed to provide disclosures pursuant to the federal FDCPA.

11. This Court's July 30, 2010 Order states at Page 7, lines 14-15 "[t]he Defendants should produce a copy of the disclosures given to the Plaintiff so that the Court may ensure that any such issue has been resolved on the merits." The Defendants never provided the mandatory FDCPA disclosures to the Plaintiff, and have yet to provide copies of any such disclosures, if they exist, to the Court.

12. The Plaintiff objects to the fact that this case involves three or four Defendants, each of them different legal entities, each claiming rights as parties in interest. One of them and one only should be compelled to prove its legal status and standing as "the real party in interest". Defendant BONY Mellon has improperly attempted to take that role by filing fraudulently altered documents to establish its standing.

13. The simple fact is, the chain of title is broken. No amount of post-dated, after-the-fact doctoring can lawfully fix it.

14. Additionally, the Notice of Default and Notice of Trustee's Sale filed and recorded by Recontrust are ineffective because Recontrust is not a properly substituted Trustee as set forth in the 4th Amended Complaint.

**CONCLUSION**

The Defendant has engaged in inequitable conduct. They have obtained favorable decisions from this Court based on evidence that is, at best, misrepresentation, and at worst, outright fraud. A Temporary Restraining Order is critical to maintaining the status quo and preventing a Trustee's Sale until discovery and an evidentiary hearing can be conducted. The 4th Amended Complaint should not be dismissed.

**WHEREFORE**, the Plaintiff respectfully reiterates his prayers to this Court as set forth in his 4th Amended Complaint.

RESPECTFULLY SUBMITTED this 24th day of September, 2010.

By _____
Andrew C. Bailey, Plaintiff in Pro Per

Served via email this 24th day of September, 2010 upon:

Kyle S. Hirsch, Esq.
Robert J. Miller, Esq.
Bryan Cave LLP,
Two North Central Avenue, Suite 2200,
Phoenix, AZ 85004.

Attorneys for Defendants