Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Counsel for Defendants

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>Debtor | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| ANDREW C. BAILEY,<br>    Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS, SERVICING, LP; COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; JOHN DOES 1-10 inclusive,<br>    Defendants. | Adv. Proceeding No. 2:09-ap- 01728-RTBP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS, WITH PREJUDICE, PLAINTIFF'S FOURTH AMENDED COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN REAL PROPERTY AND PETITION FOR INJUNCTIVE RELIEF**<br><br>**Hearing Date: November 9, 2010**<br>**Hearing Time: 10:00 a.m.** |

    Defendants The Bank of New York Mellon ("BNY"), in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series

2007-HY4; BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BAC"); Bank of America, N.A., as successor-in-interest by merger to Countrywide Bank, FSB ("CB")[1] and Mortgage Electronic Registration Systems Inc. ("MERS") (collectively, "Defendants") submit this reply in support of their motion ("Motion") to dismiss, with prejudice, the Fourth Amended Complaint ("Fourth Complaint") filed by the plaintiff, Chapter 11 debtor Andrew C. Bailey ("Plaintiff"), for failure to state a claim upon which relief can be granted.

With the exception of a single conclusory sentence, <u>Plaintiff's Opposition And Response To Defendants' Motion To Dismiss Plaintiff's Fourth Amended Complaint</u> ("Opposition") completely fails to address the standard for a motion to dismiss[2]. The Fourth Complaint, like the several prior versions of the Plaintiff's complaint that the Court has consistently dismissed for failing to state a claim upon which relief could be granted, is replete with allegations but fails to state a plausible claim for relief. The Plaintiff cannot articulate a valid cause of action against Defendants, warranting dismissal with prejudice.

## I. NO CAUSES OF ACTION HAVE BEEN ASSERTED.

Dismissal is justified when the complaint fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. In short, the plaintiff must state a "plausible claim for relief." *See Aschcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quotations and citation omitted). Plaintiff has failed to articulate any cause of action[3] in the Fourth Complaint, such that Defendants cannot

---

[1] CB was mistakenly referred to in the Motion solely as "Countrywide Bank, FSB."

[2] "Plaintiff has adequately stated a number of cognizable claims, including the allegation that Defendants failed to provide disclosures pursuant to the federal FDCPA." Opposition, at 5 lines 22-24. Even this conclusory sentence confuses the concept of a claim and that of an allegation, and reflects the Plaintiff's inability to articulate a plausible claim for relief.

[3] To the extent Plaintiff's request for injunctive relief constitutes a "cause of action," that is the only cause of action asserted in the Fourth Complaint. Defendants hereby reincorporate the arguments asserted in the Motion in support of dismissal and/or denial of Plaintiff's request for injunctive relief.

677608.1 [0307032]

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

reasonably ascertain the basis for the relief sought by Plaintiff. Accordingly, the Fourth Complaint fails to satisfy the minimal pleading requirements established by law.

## II. DEFENDANTS ARE NOT OBLIGATED TO RESPOND TO ALLEGATIONS.

Plaintiff's Opposition is primarily devoted to arguing that dismissal should be denied because Defendants have failed to respond to the allegations in the Fourth Complaint. A motion to dismiss is a valid responsive pleading, and suspends any obligation to respond to the factual allegations in a complaint. *See* Fed. R. Bankr. P. 7012 (providing that a responsive pleading shall be served within 14 days after notice of a court's denial of a motion to dismiss).[4]

## III. DISMISSAL WITH PREJUDICE IS WARRANTED.

As set forth in the Motion, dismissal with prejudice is warranted. Plaintiff continues to burden the Court with legally insufficient pleadings, and Defendants continue to needlessly incur expenses seeking dismissal thereof. While a pro per plaintiff may be afforded some leniency, the Court has given Plaintiff ample opportunities to satisfy the minimal threshold for surviving a motion to dismiss.

Contrary to Plaintiff's accusation that Defendants put "words into the Court's mouth," *see* Opposition, at 5 para. 10, the Court authorized the filing of the Fourth Amended Complaint as the Plaintiff's final opportunity to submit a legally sufficient complaint to assert claims under the federal borrower protection laws. In the Discussion section of the Memorandum Decision, the Court first acknowledges appreciation for "the frustration of Defendants, since the Plaintiff has been given three opportunities to amend his complaint and present a cognizable claim to this Court." Memorandum Decision, at 7. The Court admits that "[i]t is still unclear what type of action the Plaintiff is asserting of the Defendants." Id. The Court notes that "Plaintiff is entitled to certain information" pursuant to certain federal borrower protection laws, but that Defendants may have defenses to such assertions. Id. at 7-8. The Discussion section of the Memorandum

---

[4] Though not required to do so, Defendants deny any wrongdoing, including but not limited to the allegations in the Fourth Complaint regarding presentation of false or fraudulent loan and security documents to the Court.

3

677608.1 [0307032]

Decision concludes: "However, rather than dismiss this action with prejudice, the Court will provide the Plaintiff **with a final opportunity to file an amended complaint**." Id., at 8, lines 2-4 (emphasis added).

Plaintiff has squandered his "final opportunity" by submitting a fatally flawed complaint that fails to assert any cognizable claims, much less any claims under the federal borrower protection laws. Plaintiff has further squandered his "final opportunity" by failing to retain counsel, a strategy the Court strongly discouraged and which has consistently resulted in the inability to assert legally cognizable claims against Defendants. Defendants' legal fees continue to mount with no reasonable prospect of recovering such fees. This Court cannot allow the legal system to reward Plaintiff's irresponsible pursuit of incomprehensible claims, and must dismiss the Fourth Complaint with prejudice.

## IV. **RELIEF REQUESTED.**

WHEREFORE, Defendants request that the Court enter an order granting the relief requested in the Motion.

RESPECTFULLY SUBMITTED this 8th day of October, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH, 024155
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Attorneys for Defendants

677608.1 [0307032]

COPY of the foregoing served via **email** this 8th day of October, 2010, upon:

Andrew C. Bailey
2560 N. Page Springs Rd.
Cornville, AZ 86325
Email: andrew@cameronbaxter.net
Debtor in Pro Per


 /s/ Donna McGinnis