

ANDREW C. BAILEY
2560 N. Page Springs Rd
Cornville, AZ 86325
928 634-4336
email: andrew@cameronbaxter.net

*Self-Represented Litigant*





IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| ANDREW C. BAILEY<br>**Plaintiff.**<br><br>V.<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP; COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS INC; AND JOHN DOES 1-10 inclusive,<br>**Defendant/s.** | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP<br>AP Case #: 2:09-ap-01728-SSC<br><br>**PLAINTIFF'S DECLARATION IN SUPPORT OF FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF.**<br><br>Re: Real Property located at:<br>2560 N. Page Springs Rd,<br>Cornville, AZ 86325 |
|---|---|

COMES NOW the Debtor/Plaintiff, Andrew C. Bailey, and hereby submits Plaintiff's Declaration in Support of his Fourth Amended Complaint for Declaratory and Injunctive Relief as set forth below:

1. As this Court is well aware, the systemic mortgage and foreclosure fraud committed by these very Defendants is all over the news. The victims of these crimes are millions of American homeowners, including the Plaintiff, and millions of investors worldwide, in mortgage backed securities.

2. To cite just one example, the CEO of Defendant COUNTRYWIDE, Angelo Mozilo, recently agreed to pay an amount in excess of $67,000,000 to avoid trial in open court and to conceal the immensity of the fraud committed by his company under his leadership. Defendant BANK of AMERICA has agreed to pay some $45,000,000 of Mr. Mozilo's fine. Criminal suits are pending against both companies. Defendant MERS has been discredited nationwide and is subject to multiple class action suits for, *inter alia*, defrauding county recorders nationwide of billions in filing fees. Defendant US BANK as "trustee" for numerous mortgage-backed security trusts is subject to numerous lawsuits challenging, *inter alia*, its standing and its right to bring foreclosure actions in the name of the certificateholders in the "trusts" it purports to represent.

3. The fraud committed by the Defendants extends well beyond the mere "robo-signing" of foreclosure documents, to include, *inter alia*, the fabrication and filing of false documents and affidavits, as close scrutiny of the documents submitted by Defendants in the instant matter will reveal. This Court has accepted such false affidavits on the presumption of honesty and due diligence on the part of the Defendants and their employees. It has become clear that such presumption is not warranted in numerous cases, including this one. These issues of material fact are set forth in the 4th Amended Complaint.

4. Plaintiff has objected to the materially altered version of the Note submitted by

Defendants as evidence of their alleged standing. The altered Note was material to this court's granting of relief from the Automatic Stay.

5. The breaks in the chain of title illustrated in Plaintiff's 4th Amended Complaint mean that none of the Defendants has any right of foreclosure, sale, seizure or possession of Plaintiff's property.

6. Plaintiff continues to act in *propria persona*, as is his right, despite the ridicule liberally laid on by Defendants' counsel, and despite diligent efforts on the part of Plaintiff. It has proven impossible for Plaintiff to obtain representation in the absence of an estimated $50,000 - $120,000 in legal fees. There is no such thing as equal representation under the law for self-represented litigants without substantial money.

7. Plaintiff refers this Court to Neil F. Garfield's Expert Witness Declaration in support of his position. (2:09-ap-01728-SSC at Doc # 9 Ex.C.) Plaintiff has been told by the Honorable Redfield T. Baum that Dr. Garfield's analysis is "flat wrong", i.e. 100% incorrect. Respectfully, however, it is increasingly clear from countless lawsuits, Congressional hearings and news reports that Dr. Garfield's position has significant merit. It is quite possibly 100% correct. Even if only partially correct, the Expert Declaration has significant bearing on the instant case.

8. Plaintiff has raised genuine issues of material fact. He has been asking for nothing more than constitutionally guaranteed due process rights to discovery and an evidentiary hearing. These rights have been denied to date. The causes of action upon which relief can be granted and the relief sought are summarized below.

9. Three of Plaintiff's four properties have been foreclosed and sold to date. If the subject property is taken by these Defendants, Plaintiff and his partner will become homeless and indigent senior citizens. The events in this proceeding have already resulted in the utter destruction of their businesses and the total loss of the investment of their life's savings.

10. Plaintiff believes the Defendants are collectively a corrupt organization that intentionally colluded in defrauding millions of homeowners and millions of investors in Mortgage Backed Securities. Plaintiff is one small victim of a huge crime. The parameters of this vast crime become clearer by the day. Each new lawsuit and news report supports Plaintiff's position, a position which has been ridiculed by Defendants' counsel and essentially ignored by the Bankruptcy Court.

11. Should this Court grant the Defendants' motion to dismiss his 4th amended complaint, a serious miscarriage of justice will have occurred.

12. Wherefore, Plaintiff re-alleges and re-asserts each and every claim and cause of action in his 4th Amended Complaint as well as those alleged throughout the pendency of this adversary proceeding, including all of his previous complaints which have been subject to dismissal.

13. Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted. To the contrary, Plaintiff has stated and properly pled the following nine claims and allegations in his petition to this Court for Declaratory and Injunctive Relief, and has prayed to this Court as set forth below:

## Summary of Plaintiff's 4th Amended Complaint and Relief Sought

### First Allegation

The assignment by Countrywide Bank, FSB to Countrywide Home Loans, Inc, purported to have been executed by Laurie Meder, is fraudulent, invalid and defective.

### Prayer for Relief

That the assignment by Countrywide Bank, FSB to Countrywide Home Loans, Inc, purported to have been executed by Laurie Meder be declared to be invalid.

### Second Allegation

The assignment in blank by Countrywide Home Loans, Inc, purported to have been executed by Michele Sjolander is fraudulent, invalid and defective.

### Prayer for Relief

That the assignment in blank by Countrywide Home Loans, Inc, purported to have been executed by Michele Sjolander be declared to be invalid.

### Third Allegation

The substitution of trustee to Recontrust, purported to have been executed by MERS is fraudulent, invalid and defective.

### Prayer for Relief

That the substitution of trustee to Recontrust, purported to have been executed by MERS be declared to be invalid.

### Fourth Allegation

That any and all documents executed by Recontrust in this matter are fraudulent, invalid and defective.

### Prayer for Relief

That any and all documents executed by Recontrust in this matter be declared to be invalid.

### Fifth Allegation

That all funds paid by, or on behalf of, the Plaintiff were not properly accounted for and applied.

### Prayer for Relief

That all funds paid by, or on behalf of, the Plaintiff be properly accounted for and applied; or the funds be returned to the Plaintiff.

### Sixth Allegation

That the Defendants have no claim or standing whatsoever in the Plaintiff's bankruptcy due their failure to demonstrate any interest in the Note and Deed of Trust submitted in this matter.

### Prayer for Relief

That the Defendants be declared to have no claim or standing whatsoever in the Plaintiff's bankruptcy due their failure to demonstrate any interest in the Note and Deed of Trust submitted in this matter.

### Seventh Allegation

The Note is unsecured as listed in Plaintiff's Amended Schedules, and should be treated as an unsecured claim.

### Prayer for Relief

In the alternative, if the Court declines to eliminate Defendant's claim altogether, that the Note be determined to be unsecured as listed in Plaintiff's Amended Schedules, and be treated as an unsecured claim.

### Eighth Allegation

The Defendants should be enjoined as set forth in this complaint.

### Prayer for Relief

For an order requiring Defendants to show cause why they should not be enjoined as set forth in this complaint.

### Ninth Allegation

The Plaintiff has the right to a temporary retraining order as set forth in Plaintiff's petition for injunctive relief.

### Prayer for Relief

For a temporary retraining order as set forth in Plaintiff's petition for injunctive relief.

Plaintiff respectfully and specifically requests that this Court allow discovery and an evidentiary hearing in this matter.

RESPECTFULLY SUBMITTED this 4th day of October, 2010.

By _____
Andrew C. Bailey, self-represented Plaintiff

- 7 -
Case 2:09-ap-01728-SSC    Doc 59    Filed 11/08/10    Entered 11/09/10 13:56:45    Desc
Main Document    Page 7 of 8

11/09/2010

```
 1
 2
 3   COPY of the foregoing served **via email**
     this 4th day of November, 2010, upon:
 4
 5
     Robert J. Miller (#013334)
 6   Kyle S. Hirsch (#024155)
     BRYAN CAVE LLP
 7   Two N. Central Avenue, 22nd Floor
     Phoenix, Arizona 85004-4406
 8   Telephone: (602) 364-7000
     Telecopier: (602) 364-7070
 9   Internet:
10   rjmiller@bryancave.com
     kyle.hirsch@bryancave.com
11
     Counsel for Defendants
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```