Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet:  rjmiller@bryancave.com
         kyle.hirsch@bryancave.com

Counsel for Defendants

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>　　　　　Debtor | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| ANDREW C. BAILEY,<br>　　　　　Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS, SERVICING, LP; COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; JOHN DOES 1-10 inclusive,<br>　　　　　Defendants. | Adv. Proceeding No. 2:09-ap- 01728-RTBP<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DECLARATION IN SUPPORT OF FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**Hearing Date: November 9, 2010**<br>**Hearing Time: 10:00 a.m.** |

Defendants The Bank of New York Mellon ("BNY"), in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series

2007-HY4; BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BAC"); Bank of America, N.A., as successor-in-interest by merger to Countrywide Bank, FSB ("CB") and Mortgage Electronic Registration Systems Inc. ("MERS") (collectively, "Defendants") submit this motion ("Motion") to strike the *Plaintiff's Declaration In Support Of Fourth Amended Complaint For Declaration And Injunctive Relief* ("Declaration"), filed on November 9, 2010 at Docket Entry #59. The Declaration is not timely filed, is not relevant to the Defendants' pending motion to dismiss, and is rife with inadmissible hearsay. Accordingly the Court should strike the Declaration in its entirety and not consider the contents therein for any purposes. This Motion is accompanied by the following Memorandum of Points and Authorities and the entire record before the Court in this adversary proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTUAL BACKGROUND.

1. The Plaintiff is the debtor in bankruptcy under proceedings that commenced on or about April 8, 2009 as involuntary Chapter 7 proceedings converted by order dated May 28, 2009 to Chapter 11 proceedings.

2. The Plaintiff commenced the above-captioned adversary proceeding on December 23, 2009, by filing a complaint against Defendants, challenging the Defendants' respective rights in and to a loan made to the Plaintiff in March 2007 ("Loan") and the validity of the foreclosure and stay relief proceedings initiated against the real property securing the Plaintiff's obligations under the Loan.

3. The Court has dismissed several amended versions of the complaint filed by Plaintiff, most recently evidenced by the Memorandum Decision on July 30, 2010, dismissing the Plaintiff's Third Amended Complaint. The Memorandum Decision contains findings of fact and conclusions of law regarding the validity of Defendants' respective rights in and to the Loan, and certain of the Defendants' standing regarding stay relief.

4. Notwithstanding the Court's findings and conclusions set forth in the Memorandum Decision, the Plaintiff filed a Fourth Amended Complaint challenging the validity

of the loan and foreclosure documents, Defendants' rights in and to the Loan, and Defendants' standing to enforce the deed of trust securing repayment of the Loan.

5. Defendants filed a motion to dismiss the Fourth Amended Complaint with prejudice on September 13, 2010 at Docket Entry #55 ("Dismissal Motion"), which Dismissal Motion is set for hearing on Tuesday, November 9, 2010 at 10:00 a.m. ("Dismissal Hearing"). A notice of the Dismissal Hearing was filed at Docket Entry #56 and served on the Plaintiff on September 15, 2010.

6. Plaintiff filed his opposition to the Dismissal Motion on September 24, 2010, and Defendants filed a reply in support of the Dismissal Motion on October 8, 2010. Accordingly, this matter has been fully briefed for nearly a month.

## II. **ARGUMENT**.

The Declaration consists of inadmissible evidence presented on an untimely basis in an attempt to ambush Defendants and smear their reputation. Such Declaration must be stricken and not considered by the Court for several reasons.

The Declaration is not based on Plaintiff's first hand knowledge, but rather relies, in part, on unidentified news stories and sources. Such inadmissible hearsay evidence is entirely irrelevant to the Dismissal Motion. The Declaration otherwise presents no new information that was not known or available to Plaintiff at the time Plaintiff filed his response to the Dismissal Motion. Furthermore, the Declaration was submitted to the Defendants' counsel and filed with the Court just prior to the upcoming hearing (which hearing has been scheduled for several weeks), clearly constituting an attempt to ambush the Defendants. Plaintiff should not be rewarded with the practice of such unsavory tactics, and the Declaration filed under such circumstances should be completely disregarded for all purposes by the Court.

### A. **Declaration Is Not Based On Personal Knowledge.**

The Plaintiff's Declaration does not attest that the testimony therein is based on Plaintiff's personal knowledge. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

3

Fed. R. Evid. 602. Accordingly, and on that basis alone, the Declaration must be stricken in its entirety because insufficient foundation has been laid.

**B.** **Declaration Consists Of Statements And Arguments Known To Plaintiff When Responding To The Motion To Dismiss.**

The applicable rules of procedure provide for a response to a motion and a reply in support of the motion, each within certain time limits. *See* Local Rule of Bankruptcy Procedure 9013-1. The Dismissal Motion was fully briefed by October 8. The Declaration is a blatant attempt by Plaintiff to impermissibly have the last word on the matter, contrary to the order of arguments established by local rule.

Moreover, and more importantly, to the extent the Declaration contains evidence or arguments that Plaintiff relies upon in opposing the Dismissal Motion, such evidence and arguments could have been, and should have been, asserted in connection with the Plaintiff's response in opposition to the Dismissal Motion, thereby affording Defendants an opportunity to properly respond thereto (to the extent a response is necessary or advisable). Plaintiff instead chose to ambush Defendants, filing the Declaration just prior to the Dismissal Hearing that has been scheduled for nearly two months. No rule of procedure authorizes the untimely-filed Declaration, and the Court should not be rely on any new arguments or evidence presented at this late stage. The Declaration should therefore be stricken in its entirety.

**C.** **Declaration Contents Do Not Relate To The Loan, But Rather Purport To Smear Defendants' Reputation With The Court.**

"Relevant" evidence has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than without the evidence. *See* Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. *Id.* Additionally, evidence of a party's character is not admissible for the purpose of proving conduct in conformity therewith. *See* Fed. R. Evid. 404(a).

The Declaration was filed in support of the Fourth Amended Complaint, the sufficiency of which is challenged by the Defendants by and through the Dismissal Motion. The Declaration, however, focuses not on the sufficiency of the Fourth Amended Complaint, but on

4

679667.1 [0307032]
Case 2:09-ap-01728-SSC    Doc 60    Filed 11/09/10    Entered 11/09/10 14:12:33    Desc
Main Document    Page 4 of 6

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

the standard for summary judgment (*see* Paragraph 8, discussing "genuine issues of material fact.") Even the Plaintiff's recitation of allegations and prayers for relief fail to assert valid causes of action. Because the Declaration bears no relevance to whether the Fourth Amended Complaint should be dismissed as sought by and through the Dismissal Motion, the entirety of the Declaration is inadmissible as not relevant.

Paragraphs 1-3 and 10 of the Declaration consist of statements in which the Plaintiff interprets unidentified news stories to malign Defendants' character. The Plaintiff's commentary regarding legal proceedings in other states, learned through "the news," has nothing to do with the sufficiency of the Fourth Amended Complaint; rather, they are inflammatory statements against Defendants. Paragraph 2 of the Declaration refers to Angelo Mozilo, who is not a party to these proceedings. Paragraph 2 and Paragraph 3 allege conduct by Bank of America, MERS and Bank of New York Mellon having nothing to do with the Loan or Plaintiff. Paragraph 10 relies on lawsuits and news reports. All of these paragraphs are intended to convince the Court that Defendants have acted improperly in the past[1], so they must have acted improperly with respect to the Loan. All such statements consist of inadmissible character evidence.

Accordingly, Paragraphs 1-3 and 10 of the Declaration should be stricken by the Court as not relevant and consisting of improper character evidence.

### D. **Declaration Is Based On Inadmissible Hearsay.**

Hearsay is an out of court statement offered for the truth of the matter asserted, and is inadmissible unless a hearsay exception applies. Fed. R. Evid. 801, 802. Paragraphs 1 through 3 and 10 relate to unidentified news reports and lawsuits, which are classic examples of hearsay to which no hearsay exception applies. The Court should therefore strike and completely ignore such Paragraphs.

### III. **RELIEF REQUESTED.**

WHEREFORE, Defendants request that the Court enter an order:

---

[1] Defendants vigorously oppose such characterization.

5

679667.1 [0307032]

a. Striking the Declaration in its entirety, or in the alternative, striking those portions of the Declaration as the Court deems appropriate;

b. Disregarding those portions of the Declaration that are stricken by the Court; and

c. For such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 9th day of November, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH, 024155
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Attorneys for Defendants

COPY of the foregoing served via **email** this 9th day of November, 2010, upon:

Andrew C. Bailey
2560 N. Page Springs Rd.
Cornville, AZ 86325
Email: andrew@cameronbaxter.net
Debtor in Pro Per

/s/ Donna McGinnis

6